IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JOSHUA FIELDS<br><br>    Plaintiff,<br><br>v.<br><br>(1) GREAT LAKES INSURANCE SE,<br><br>(2) MJ KELLY COMPANY, and<br><br>(3) CAPSTONE ISG,<br><br>    Defendants. | Case No. CIV-21-986-JD<br><br>*Removed from the District Court of Kay County, State of Oklahoma, Case No. CJ-2021-00037* |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Rule 38(b) of the Federal Rules of Civil Procedure and LCvR 81.2 of the United States District Court for the Western District of Oklahoma, Defendants Great Lakes Insurance SE ("Great Lakes") and Capstone ISG ("Capstone") (collectively, "Defendants") hereby remove the above-captioned action pending in the District Court of Kay County, State of Oklahoma, Case No. CJ-2021-00037, to the United States District Court for the Western District of Oklahoma. The grounds for removal to this Court are as follows:

    1.    Plaintiff Joshua Fields ("Plaintiff") commenced this action, styled as *Fields v. Great Lakes Insurance SE, MJ Kelly Company, and Capstone ISG,* Case No. CJ-2021-00037 (the "Action") by filing a Petition with the District Court of Kay County, State of Oklahoma (the "Petition") on March 22, 2021. *See generally* OSCN Docket Sheet, *Fields v. Great Lakes Insurance SE, et al.* (CJ-2021-00037), attached as Ex. 1 hereto; *see also*

Petition, Ex. 2. Plaintiff's claims against Defendants relate to a property loss claim made by Plaintiff on a property and casualty policy issued by Great Lakes. *See* Petition, Ex. 2, at ¶¶ 7-18.

2. Plaintiff served the Petition on Defendant Capstone and Defendant Great Lakes[1] on or about September 16, 2021. Docket Sheet, Ex.1; Capstone Summons, Ex. 3.

3. According to available online records, Plaintiff later served Defendant MJ Kelly on or about September 20, 2021. *See* Docket Sheet, Ex. 1; MJ Kelly Summons, Ex. 4.

4. In accordance with 28 U.S.C. § 1446(a) and LCvR 81.2, a true and accurate copy of the Docket Sheet from the State Court Action as well as a true and accurate copy of all available[2] documents filed or served in the State Court Action are attached hereto as follows:

    a. Exhibit 1: State Court OSCN Docket Sheet CJ-2021-00037

    b. Exhibit 2: Petition

    c. Exhibit 3: Summons/Service for Capstone ISG

    d. Exhibit 4: Summons/Service for MJ Kelly Company

---

[1] A copy of the summons and service made upon Great Lakes will be supplemented after this filing.
[2] The OSCN Docket Sheet lists several entries indicating returns of service have been filed; however, copies of the actual filings are not yet available on OSCN. *See* Docket Sheet, Ex. 1. In addition to the Summons to Great Lakes (see fn. 1, *supra*), these filings will also be provided in a supplement once available for download from OSCN.

There are no motions pending before the Kay County District Court in this Action, nor are any hearings currently set.

5. The Petition purports to state claims against all Defendants based on breach of contract and bad faith insurance practices. *See generally* Pet., Ex. 2, ¶¶ 19-22. Plaintiff seeks damages against all Defendants for an amount "in excess of the amount required for diversity jurisdiction pursuant to [28 U.S.C.] § 1332 . . . ." *Id.* at 4.

6. As set forth more fully below, this case is properly removed to this Court under 28 U.S.C. §§ 1332, 1441, and 1446 because Defendants have satisfied the procedural requirements for removal and this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

**I.     Defendants have satisfied the procedural requirements for removal.**

7. The Petition and Summons were served on Capstone and Great Lakes on September 16, 2021. *See* Exs. 1-3.

8. Because this Notice of Removal is being filed within thirty days of service of the Petition and Summons on Defendants Capstone and Great Lakes, it is timely under 28 U.S.C. § 1446(b).

9. Upon information and belief, Defendant MJ Kelly was served after Defendants Capstone and Great Lakes. *See* Ex. 4. However, Defendant MJ Kelly Company also consents to the removal of this Action to the United States District Court for the Western District of Oklahoma. *Cf.* 28 U.S.C. § 1446(b)(2)(C).

10.     Under 28 U.S.C. § 1446(a), the United States District Court for the Western District of Oklahoma is the appropriate court for filing this Notice of Removal from the District Court of Kay County, Oklahoma, where the Action is currently pending. *See* 28 U.S.C. § 116(c).

11.     Venue is proper pursuant to 28 U.S.C. §§ 1441(a) and 1391(b).

II.     **Removal is proper because this Court has subject matter jurisdiction under 28 U.S.C. § 1332.**

12.     The Court has jurisdiction over this action under the diversity of citizenship provision contained in 28 U.S.C. § 1332(a), because this is a civil action (1) where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and (2) is between citizens of different states and/or foreign states. Thus, the Action may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(a).

13.     It is apparent from the face of the Petition that Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of interest and costs. *See* Pet., Ex. 1, at 4 (prayer for relief) ("Plaintiff prays for judgment against Defendants Great Lakes Insurance SE, MJ Kelly Company, and Capstone ISG . . . The amount sought as damages is in excess of the amount required for diversity jurisdiction pursuant to §1332 of Title 28 of the United States Code."). As such, the assertions regarding damages in the Petition are sufficient to demonstrate that the amount in controversy requirement for diversity jurisdiction has been met. *See id.*; *see also* 28 U.S.C. § 1446(c)(2).

14.     Diversity of citizenship also exists between the parties sufficient for removal pursuant to 28 U.S.C. § 1332(a), because:

A. Plaintiff asserts that he is "a resident of Ponca City, Kay County, Oklahoma." Pet., Ex. 1, at ¶ 1. Upon information and belief, Plaintiff is therefore a citizen of Oklahoma for diversity-jurisdiction purposes. *See* 28 U.S.C. § 1332.

B. Defendant Great Lakes Insurance SE, f/k/a Great Lakes Reinsurance (UK) SE ("Great Lakes"), is a foreign insurance company licensed to do business in the State of Oklahoma. *Cf.* Pet., Ex. 1, at ¶ 2. Great Lakes was neither formed under the laws of the state of Oklahoma nor is its principal place of business in Oklahoma, and Great Lakes is therefore not "at home" in Oklahoma. Moreover, Plaintiff's claims in this case involve property and casualty coverage and do not involve liability insurance. *See generally* Pet., Ex. 2, at ¶¶ 7-18; *see also* 28 U.S.C. § 1332(c)(1). As such, Great Lakes is not a citizen of Oklahoma for diversity-jurisdiction purposes.

C. Defendant Capstone ISG, Inc. ("Capstone") is a foreign corporation doing business in Oklahoma with its principal place of business in Virgina Beach, Virginia. Defendant Great Lakes engaged Capstone to perform third-party administration and adjuster services relating to Plaintiff's insurance claim on the Great Lakes policy at issue. For diversity-jurisdiction purposes, Capstone is therefore not a citizen of Oklahoma. 28 U.S.C. § 1332(c)(1); *cf.* Pet., Ex. 2, at ¶ 4; Summons, Ex. 3.

D. Defendant MJ Kelly is a corporation organized under the laws of Georgia, with its principal place of business in Alpharetta, Georgia. According to Plaintiff's Petition, MJ Kelly may have provided insurance brokering services relating to the issuance of the subject Great Lakes policy. *See* Pet., Ex. 2, at ¶¶ 3, 7. For diversity-jurisdiction purposes, MJ Kelly is also not a citizen of the State of Oklahoma. 28 U.S.C.


§ 1332(c)(1); *cf.* Pet., Ex. 2, at ¶ 4; *see also* Summons, Ex. 4.

    E.  At the time the Petition was filed, at the time of this removal, and at all intervening times, the citizenship of the parties involved in this action is as follows: (1) Plaintiff is a citizen of Oklahoma; (2) Defendant Great Lakes is not a citizen of Oklahoma; (3) Defendant Capstone is not a citizen of Oklahoma; and, (4) Defendant MJ Kelly is not a citizen of Oklahoma. *See* Exs. 2-4; 28 U.S.C. § 1332 (a), (c).

15.  Complete diversity exists between parties and the amount in controversy is satisfied to remove this action to this Court. 28 U.S.C. §§ 1332 (b)-(c), 1441 (b), and 1446 (b).

16.  Defendants reserve the right to amend or supplement this Notice of Removal.

17.  Defendants further reserve all defenses, including, without limitation, those set forth in Federal Rule of Civil Procedure 12(b), as well as their time to answer, move against, or otherwise respond to Plaintiff's Petition pursuant to Fed. R. Civ. P. 81(c)(2).

18.  Written notice of the filing of this Notice of Removal will be given to Plaintiff and the Clerk of the District Court of Kay County, Oklahoma, promptly after the filing of the Notice of Removal, pursuant to 28 U.S.C. § 1446(d) and as required by Oklahoma law.

  WHEREFORE, Defendants Great Lakes SE and Capstone ISG hereby remove this Action to this Court under 28 U.S.C. §§ 1332, 1441, and 1446, and invoke this Court's jurisdiction.

        Respectfully submitted,

        */s/* Sara E. Potts
        DOERNER SAUNDERS DANIEL
            & ANDERSON, LLP
        Sara E. Potts, OBA No. 32104
        Emily E. Allan, OBA No. 33456
        210 Park Avenue, Suite 1200
        Oklahoma City, OK 73102
        Telephone: 405-898-8654
        Fax: 405-898-8684
        Email: spotts@dsda.com
                eallan@dsda.com
        -and-
        Michael Linscott, OBA No. 17266
        Two West Second Street, Suite 700
        Tulsa, OK 74103-3117
        Telephone 918.591.5288
        Facsimile 918.925.5288
        Email: mlinscott@dsda.com

        ***Attorneys for Defendants Great Lakes Insurance SE and Capstone ISG***

## CERTIFICATE OF SERVICE

This certifies that on October 6, 2021, a true and correct copy of the foregoing document was served via the Court's electronic notification system, electronic mail, and/or U.S. Mail, postage prepaid:

Scott R. Jackson
Martin Jean & Jackson
P.O. Box 2403
Ponca City, Oklahoma 74602
sjackson@mjjlawfirm.com
***Attorneys for Plaintiff***

MJ Kelly Company
National Registered Agents, Inc.
Service Agent
120 South Central Avenue
Clayton, MO 63105
***Registered Agent for Defendant***
***MJ Kelly Company***

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　/s/  Sara E. Potts