Filed in the DISTRICT COURT
Kay County, Oklahoma

MAR 2 2 2021

MARLEE THORTON Court Clerk
BY _____
DEPUTY

IN THE DISTRICT COURT OF KAY COUNTY
STATE OF OKLAHOMA

JOSHUA FIELDS, )
)
Plaintiff, )
)
vs. ) Case No. CJ-2021-37
)
GREAT LAKES INSURANCE SE, MJ KELLY )
COMPANY, and CAPSTONE ISG, )
)
Defendants. )

## PETITION

COMES NOW the Plaintiff, Joshua Fields, and for his causes of action against the above-named Defendants, alleges and states as follows:

1. Joshua Fields ("Fields") is a resident of Ponca City, Kay County, Oklahoma.

2. Great Lakes Insurance SE ("Great Lakes") is a foreign insurance company doing business in the state of Oklahoma.

3. MJ Kelly Company is a foreign company doing business as an insurance wholesaler/broker selling insurance policies to and/or through Oklahoma independent insurance agents.

4. Capstone ISG ("ISG") is a foreign company doing business in the State of Oklahoma by providing claims adjustment services to insurers.

5. Based on the foregoing allegations, this Court has jurisdiction over the parties and this subject matter.

6. Based on the foregoing allegations, venue is proper in this Court.

**FACTUAL ALLEGATIONS**

7. At all times relevant to the allegations herein, Joshua Fields was insured by a commercial property insurance policy issued by Defendant Great Lakes and/or Defendant MJ Kelly Company, policy number BC003908, that was in full force and effect at the time of the events alleged herein.

8. The Great Lakes policy insured Field's apartment building located at 410 W. Cleveland, Ponca City, Oklahoma.

9. On or about March 23, 2020, the 410 W. Cleveland building was damaged as a result of a fire. The building was considered a total loss as a result of the fire.

10. The damages caused by the fire event were covered under the Great lakes policy.

11. Fields notified his local insurance agent about the fire and requested a claim be submitted with the insurer.

12. Defendant Great Lakes opened claim number 123391 to investigate the loss and pay benefits pursuant to the policy.

13. Defendant Great Lakes hired Defendant ISG to handle the claim investigation and adjustment of the claim.

14. Defendant Great Lakes did not contact Fields to gather information from its insured about the claim.

15. On or about May 14, 2020, Defendant ISG wrote Fields a letter advising that it and Defendant Great Lakes questioned coverage "concerning some or all of the damages" arising from the fire.

16. Ironically, Defendants ISG did not ask Fields for any additional information to assist it resolving the coverage questions outlined in its May 14, 2020 letter.

17. To date, Defendants Great Lakes and ISG have not paid any benefits to Fields for the damages arising from the fire at his property.

18. To date, Defendants Great Lakes and ISG have not explained to Fields whether his claim was approved or denied.

### FIRST CAUSE OF ACTION
### (BREACH OF CONTRACT AND BAD FAITH)

Plaintiff hereby incorporates paragraphs No. 1 through 18 and further alleges:

19. Defendants, collectively, breached the insurance contract with Fields and the implied covenant of good faith and fair dealing in its handling of Plaintiff's claim in one or more of the following respects:

   i) Failing and refusing timely payment and other policy benefits on behalf of Plaintiff at a time when Defendants knew that Plaintiff was entitled to those benefits;

   ii) Failing to properly and reasonably investigate the claim;

   iii) Withholding payment of requested benefits knowing that Plaintiff's claim for those benefits was valid;

   iv) Refusing to pay Plaintiff's claim for reasons contrary to the insurance policy provisions and/or Oklahoma law;

   v) Refusing to recognize Plaintiff's claim in some respects by placing restrictions on the claim not otherwise allowed in the policy;

   vi) Not attempting in good faith to make a prompt, fair and equitable settlement of Plaintiff's claim once it was clear benefits were owed under the policy;

vii) Forcing Plaintiff to file a lawsuit, pursuant to its claims practice, to secure benefits Defendant knew were owed and payable;

viii) Refusing to consider the reasonable expectations of the insured;

20. Defendants' actions, and omissions to act, were all in violation of the implied covenant of good faith and fair dealing, resulting in financial benefit to the Defendants.

21. Defendants' actions, and omissions to act, were willful and malicious or grossly reckless and wanton such that punitive damages are warranted against Defendants.

22. As a direct result of Defendants' conduct, as alleged above, Plaintiff suffered loss of the policy benefits, loss of coverage, embarrassment, anxiety, frustration, mental and emotional distress, and other consequential damages.

**WHEREFORE**, Plaintiff Joshua Fields prays for judgment against Defendants Great Lakes Insurance SE, MJ Kelly Company and Capstone ISG for his damages, both compensatory damages and punitive damages, with interest and costs for this action, for a reasonable attorney fee, and for such other relief this Court deems just and proper. The amount sought as damages is in excess of the amount required for diversity jurisdiction pursuant to §1332 of Title 28 of the United State Code.

**ATTORNEY LIEN CLAIMED**

**JURY TRIAL DEMANDED**

Respectfully submitted,

MARTIN JEAN & JACKSON

By: _____
Scott R. Jackson, OBA # 17502
P.O. Box 2403
Ponca City, Oklahoma 74602
(580) 765-9967 Telephone
(580) 765-5433 Facsimile
sjackson@mjjlawfirm.com