## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) JOSHUA FIELDS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 21-cv-00986-G |
| | ) | |
| (1) GREAT LAKES INSURANCE SE, | ) | *Removed from the District Court of* |
| | ) | *Kay County, State of* |
| (2) MJ KELLY COMPANY, and | ) | *Oklahoma, Case No. CJ-2021-00037* |
| | ) | |
| (3) CAPSTONE ISG, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINITFF JOSHUA FIELDS' RESPONSES TO
### DEFENDANT GREAT LAKES INSURANCE SE'S FIRST SET OF DISCOVERY

**COMES NOW** the Plaintiff, Joshua Fields, in response to Defendant's interrogatories, hereby answers and states as follows:

### GENERAL OBJECTION

This Plaintiff generally objects to Defendant's discovery requests to the extent they call for the identification of information that is not discoverable under applicable law, and identification of information in a manner not required by federal rules for discovery. Plaintiff further objects to Defendant's discovery requests to the extent that they call for the identification of information, which is privileged as the work product of this Plaintiff and its attorneys, and identification of attorney/client privileged communications.  Without waiving such objections, this Plaintiff responds as follows:

### INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each person, exclusive of counsel, who provided, or assisted with formulating, any part of your answers to these Interrogatories, identifying in your answer which specific Interrogatory to which each person contributed.

**ANSWER TO INTERROGATORY NO. 1**: Plaintiff, Joshua Fields.

EXHIBIT 13

**INTERROGATORY NO. 2:** Identify, by full name, last known address, last known telephone number, and last known email address, each and every person known to you or to your attorney(s) to have information relating to the facts or allegations in your Petition or in any way relating to this Lawsuit, and for each person identified, provide a detailed summary of the factual information you believe each person possesses.

**ANSWER TO INTERROGATORY NO. 2:**

| | | |
|---|---|---|
| 1 | Joshua Fields<br>c/o Plaintiff's counsel | Facts and circumstances relevant to the purchase of the insurance policy, payment of premiums and submission of claim for benefits. Facts and circumstances relevant to the insured building, its use, maintenance, and upkeep. Facts and circumstances relevant to the condition and use of the insured building at the time of the fire. Facts and circumstances relevant to his interaction with Defendant regarding his claim for benefits due to the fire loss. |
| 2 | Jessica Fields<br>413 South 3rd Street<br>Ponca City, OK | Plaintiff's wife. Her knowledge of the insurance policy with Defendant, its issuance to Plaintiff and payment of premiums. Her knowledge of the insured building, its use, maintenance, and upkeep. Her knowledge relevant to the use of the insured building and its condition at the time of the fire. Her knowledge and involvement in the Plaintiff's claim for benefits submitted to Defendant and activity relevant to the claim process under Defendant's direction. |
| 3 | Mr. Keith Alston<br>1501 E. Walnut<br>Ponca City, OK<br>580-491-2045 | Facts and circumstances about his living in the building and condition of building at or near the time of the fire. |
| 4 | Mr. Keith Howard<br>Address unknown | Facts and circumstances about his work for Plaintiff and his work on the building at or near the time of the fire. |
| 5 | Mr. Kevin Wilson<br>Capstone ISG, Inc.<br>13506 E. Boundary Road, Suite A<br>Midlothian, VA 23112 | His knowledge and involvement in the opening and handling of Plaintiff's claim for benefits under Defendant's insurance policy. |
| 6 | Investigator David VanBuskirk<br>McCord Fire Department<br>Ponca City, OK | Employee of the McCord Fire Department.<br>May testify to facts and circumstances surrounding the incident at issue in this case. May testify to his |

| | | |
|---|---|---|
| | | investigation of the incident and completion of the incident reports pertaining to the Plaintiff's subject incident. |
| 7 | Ptl. Kisen Sharp<br>Detective Sgt. Brian Dye<br>Tucker Hodgson<br>Ptl. Kisen Sharp<br>Officer Kinkaid<br>Ponca City Police Department<br>200 E. Oklahoma<br>Ponca City, OK  74601<br>(580) 767-0370 | Employees of the Ponca City Police Department.<br>May testify to facts and circumstances surrounding the incident at issue in this case. May testify to their investigation of the incident and completion of the incident reports pertaining to the Plaintiff's subject incident. |
| 8 | Derek Cassidy<br>Ponca City Fire Department<br>516 East Grand Ave<br>Ponca City, OK 74601<br>(580) 767-0361 | Employee of the Ponca City Fire Department.<br>May testify to his knowledge and opinions on the city code requirements relevant to Plaintiff's building at the time of the fire. His involvement in providing information to persons handling and investigating the claim for benefits. |
| 9 | Derek Cassidy<br>Ron Cremers<br>Carson Combest<br>Christopher Jones<br>Tanner Toney<br>Benjamin Webb<br>Nicholas Fulton<br>Scott Garrett<br>Gary Whitehead<br>Benjamin Creech<br>Andre Stoll<br>Allan Fogle<br>Lane Lathers<br>Chad Cunningham<br>Cody Regier<br>c/o Ponca City Fire Department<br>516 East Grand Ave<br>Ponca City, OK<br>(580) 767-0361 | Employees of the Ponca City Fire Department.<br>May testify to facts and circumstances surrounding the incident at issue in this case. May testify to their investigation of the incident and completion of the incident reports pertaining to the Plaintiff's subject incident. |
| 10 | Kevin Randall<br>P.O. Box 424<br>Tonkawa, OK 74653 | May testify about his involvement in obtaining the policy at issue for Plaintiff and his involvement with Plaintiff as his insurance agent for the subject policy of insurance. |
| 11 | Cullen Fowler<br>Rimkus Consulting Group | Employee of Rimkus Consulting Group. |

| | | |
|---|---|---|
| | 2201 S. Fretz Ave., Ste. 110<br>Edmond, OK 73013<br>(405) 340-8034 | May testify to his investigation of the incident and completion of the incident reports pertaining to the Plaintiff's subject incident. |
| 12 | Terry Nichols<br>Tera Earp<br>Kevin Wilson<br>Catherine Aufderheide<br>Ashley Eadle<br>c/o Defense Counsel | Employees of Capstone Insurance.<br>May testify about Capstone Insurance policy number HAR000525494, including but not limited to the purchase, issuance, changes and cancellation of the policy, and all other alterations to the policy during the effective dates of the policy. May also testify about payment of premiums on the policy, including the person or persons paying the premiums, how and when premiums were paid. |
| 13 | Russ Didlake<br>KW Realtor<br>411 N. 14th Street<br>Ponca City, OK 74604<br>(580) 763-2760 | May testify to his market analysis/appraisal on building. It is anticipated that this witness will give testimony that he agrees with Defendant's determination that the actual cash value, as defined by Defendant, for the covered property exceeded the limits of insurance on the applicable policy. |
| 14 | Phillip Noah<br>Rimkus Consulting Group<br>2201 S. Fretz Ave., Ste. 110<br>Edmond, OK 73013<br>(405) 340-8034 | Employee of Rimkus Consulting Group.<br>May testify to his investigation of the incident and completion of the incident reports pertaining to the Plaintiff's subject incident. |

**INTERROGATORY NO. 3:** Identify each and every person you expect to provide expert testimony at trial by providing the following information for each expert:

(a) Educational background and work history;

(b) all publications authored in the previous ten (10) years;

(c) the matters in this litigation that each expert on which each expert is expected to opine;

(d) the factual basis underlying each opinion; and,

(e) the amount of compensation paid to each expert.

(f) a list of all cases each expert has testified as an expert at trial or deposition in the last four years.

NOTE: Answering this Interrogatory does <u>not</u> absolve Plaintiff of the duty to provide expert disclosures in accordance with Fed. R. Civ. P. 26(a)(2), or pursuant to the Court's Scheduling Order.

**ANSWER TO INTERROGATORY NO. 3:** Plaintiff has not specifically retained an expert witness for purposes of testifying in this case. Plaintiff will supplement this information, should an expert be retained in this case.

**INTERROGATORY NO. 4:** Identify, by carrier, policy number, policy limits, and date(s) of coverage, any and all insurance policies that were in effect for the Property on March 25, 2020, regardless of whether such polic(ies) were purchased by you or anyone else and regardless of whether such polic(ies) are still in effect.

**ANSWER TO INTERROGATORY NO. 4:** Plaintiff does not know of any other policies insuring the property at the same time of Defendant's policy.

**INTERROGATORY NO. 5:** Provide the following information as to each type(s) or category of damage you seek to recover in this lawsuit:

    a.   A detailed description of each and every injury, loss, cost, expense, or element of damage you claim to have sustained by reason of the allegations in your claims against Great Lakes.

    b.   The dollar amount for each type of injury, loss, or element of damage you seek to recover. And,

    c.   A complete description of the source or method/calculation you utilized in determining each of these damage amounts.

NOTE: Answering this Interrogatory does not obviate your duty to provide and/or supplement your Initial Disclosures with meaningful calculations of damages, as required under Fed. R. Civ. P. 26.

**ANSWER TO INTERROGATORY NO. 5:**

1. Building loss. Plaintiff seeks damages equal to the applicable limits of insurance on the policy ($325,450.00) because the value of the covered property was determined by Defendant to be in excess of the insurance limits.

2. Debris removal and expenses. Plaintiff claims damages equal to the maximum allowed under the insurance policy for this loss ($25,000.00) because it is anticipated that these expenses will be in excess of $25,000.00. At the time of these responses, Plaintiff has not removed the building from the property. However, the City of Ponca City has recently notified Plaintiff and demanded that he begin the process to obtain permits for demolition of the building. Plaintiff has been advised the building must be tested for asbestos before permits can be issued. Plaintiff will supplement this response with expenses associated with the demolition of the building and further debris removal upon receipt.

3. Plaintiff also seeks damages as a result Defendants alleged bad faith conduct in the handling of Plaintiff's claim. The value of these damages will be determined by the fact trier and were properly pled by Plaintiff in his petition.

**INTERROGATORY NO. 6:** For any of the policies you identified in Interrogatory No. 4, above, state whether you have filed any other claims for loss relating to the 2020 fire (other than your Claim under the Great Lakes' Policy, which is the subject of this litigation), and if so, state the date(s) such claim(s) were made.

**ANSWER TO INTERROGATORY NO. 6:** Plaintiff has not.

**INTERROGATORY NO. 7:** Identify, by full name, full address, and with primary contact information, each and every person and/or entity who has rented any space or portion of the Building (hereinafter as "lessees") since your purchase of the Property.

**ANSWER TO INTERROGATORY NO. 7:** Plaintiff cannot identify each and every person that may have rented an apartment unit from him since he purchased the property. Plaintiff can identify Keith Alston as a renter that left the building when it was being cleared for remodeling work. Mr. Alston's contact information has been provided in response to Interrogatory No. 2.

**INTERROGATORY NO. 8:** Identify and describe, with detail and particularity, each and every inspection performed at the Building, from after the 2020 fire to the present, by any person or entity. Your answer should include, but is not limited to, the name of each person or entity performing the inspection, the date(s) of each inspection, and the purpose of each inspection.

**ANSWER TO INTERROGATORY NO. 8:** The police and fire department for the City of Ponca City inspected the property at the time of the fire. Russ Didlake with Keller Williams Real Estate has inspected the building for purposes reviewing the actual cash value for the building at the time of loss.

**INTERROGATORY NO. 9:** Identify and describe, with particularity and detail, each and every fact which you contend supports your allegations that Great Lakes "breached the insurance contract with Fields and the implied covenant of good faith and fair dealing in its handling of Plaintiff's claim" as stated in Paragraph 19 of the Petition. For the purposes of this Interrogatory, it is not sufficient to merely reference allegations made in your Petition or in other pleadings.

**ANSWER TO INTERROGATORY NO. 9:**

1. Defendant has not paid any benefits to Plaintiff under the policy.

2. Defendant has applied an unreasonable and incorrect interpretation of its policy as it relates to the issue of whether or not, at the time of the loss, Plaintiff was in compliance or violation of local fire code requirements regarding smoke detectors and fire extinguishers inside the building.  Defendant chose to ignore or disregard information given to it from the local fire code inspector relevant to the application of local fire codes requirements on Plaintiff's building at the time of the covered loss.

3. Defendant has chosen to take an unreasonable application of its policy to the facts and circumstances of Plaintiff's loss for the purpose to find a way to deny coverage to Plaintiff and therefore avoid paying benefits that are owed to Plaintiff.

4.  Defendant unreasonably performed its investigation of Plaintiff's claim. Plaintiff's claim was first reported to Defendant on March 26, 2020. This was the day after the covered loss. Defendant spent over one year and three months before determining coverage and notifying Plaintiff.

As discovery continues, Plaintiff reserves the right to supplement this response as new information is discovered regarding Defendant's investigation and motivation for the same.

**INTERROGATORY NO. 10:** Identify and describe, with detail and particularity, each and every fact you contend supports your allegation that Great Lakes' alleged actions "result[ed] in financial benefit to [Great Lakes]" as stated in Paragraph 20 of the Petition. For the purposes of this Interrogatory, it is not sufficient to merely reference allegations made in your Petition or in other pleadings.

**ANSWER TO INTERROGATORY NO. 10:**  Plaintiff responds by highlighting the obvious in that Defendant has financially benefited in not paying Plaintiff $350,450.00 in benefits which are due Plaintiff absent Defendant's position on coverage.

**INTERROGATORY NO. 11:**        Identify and describe, with particularity and detail, any and all treatment (whether mental, physical or otherwise) you have received from any physician, doctor, therapist, counselor, and/or medical professional for the "embarrassment, anxiety, frustration, mental and emotional distress" you allege you have suffered, as described in Paragraph 22 of your Petition. Your answer should include, but is not limited to, identifying each medical provider by full name, business/practice address, business/practice telephone number, and email address, the date(s) you received treatment(s) from each medical provider, the nature of the treatment(s) you received on each date, the diagnos(es) you received from each medical provider, and your prognos(es) on recovery for each medical condition.

**ANSWER TO INTERROGATORY NO. 11:** Plaintiff did not receive medical treatment for these alleged damages.

**INTERROGATORY NO. 12:** Identify and describe, with detail and particularity, each and every fact you content supports your allegation that Great Lakes "[refused] to recognize Plaintiff's claim in some respects by placing restrictions on the claim not otherwise allowed in the policy" as stated in Paragraph No. 19 (v) of your Petition, including a detailed description of each of "restrictions on the claim" referenced in this Paragraph. For the purposes of this Interrogatory, it is not sufficient to merely reference allegations made in your Petition or in other pleadings.

**ANSWER TO INTERROGATORY NO. 12:**   Please refer to Plaintiff's response to Interrogatory No. 9 relevant to Defendant's interpretation of its Protective Safeguards endorsement.

**INTERROGATORY NO. 13:** Identify and describe, with detail and particularity, each and every fact you content supports your allegation that Great Lakes "[did not attempt] to make a prompt, fair and equitable settlement of Plaintiff's claim once it was clear benefits were owed

under the policy" as stated in Paragraph No. 19 (vi) of your Petition. For the purposes of this Interrogatory, it is not sufficient to merely reference allegations made in your Petition or in other pleadings.

**ANSWER TO INTERROGATORY NO. 13:**   Please refer to Plaintiff's response to Interrogatory No. 9.

**INTERROGATORY NO. 14:** Identify and describe, with detail and particularity, each and every fact you content supports your allegation that Great Lakes "[refused] to consider the reasonable expectations of the insured" as stated in Paragraph No. 19 (viii) of your Petition. For the purposes of this Interrogatory, it is not sufficient to merely reference allegations made in your Petition or in other pleadings.

**ANSWER TO INTERROGATORY NO. 14:**   Please refer to Plaintiff's response to Interrogatory No. 9.

**INTERROGATORY NO. 15:** Identify, by full company name, business address, business telephone number, and business email address, each and every company (including sole proprietorships) contacted by you (or anyone on your behalf) to inspect the Property, estimate, and/or provide repair, restorative, remodeling, or any other construction services for the Property from January 1, 2020, to the present, and include with your answer a detailed summary on the services provided (or proposed) by each company.

**ANSWER TO INTERROGATORY NO. 15:**   Plaintiff has not contacted companies for these services for the stated time period. Plaintiff did have an individual, Keith Crawford, who performed maintenance work at the building during this period. However, Mr. Crawford is deceased.

**INTERROGATORY NO. 16:** Identify and describe, with detail and particularity, all communications and/or written correspondence between you (or anyone on your behalf) and any other person and/or company (including any company representatives, employees, or agents) in any way regarding the Property, relating to your claims under the Policy, and/or relating to the subject(s) of this Lawsuit, from January 1, 2020, to the present. Your answer should include, but is not limited to, the date of each communication, the person(s) involved in each communication, and a description of the substance of each communication.

**ANSWER TO INTERROGATORY NO. 16:** Plaintiff is unable to recall or identify all details and particularities requested in this Interrogatory due to the expansive definition of "*all communications and/or written correspondence between you (or anyone on your behalf) and any company (including any company representatives, employees, or agents) in any way regarding the Property, relating to your claims under the Policy, and/or relating to the subject(s) of this Lawsuit, from January 1, 2020, to the present*". By this definition, Plaintiff is being asked to recall oral conversations he likely had with several fire and police personnel right after the loss. Plaintiff assumes he had conversations with personnel for the City of Ponca City relating to cleaning up the property after the fire but does not recall specific dates or content of those communications.

In an effort to respond to this Interrogatory, Plaintiff can identify the following persons or companies who were or may have been involved with communications since January 1, 2020 regarding the Property, the Policy of this Lawsuit:

      1)      Kevin Randall: Plaintiff has not specific recollection of communications with his insurance agent other than his initial notice to Mr. Randall regarding the fire loss;

      2)      Ponca City Fire Department personnel: Plaintiff spoke with the department in regard to the fire;

3)     Ponca City Police Department personnel: Plaintiff likely spoke to the police department immediately following the fire and at other times dealing with maintaining the building and securing the premise during the pendency of his claim and this litigation;

4)     City of Ponca City personnel: Plaintiff has spoken with personnel since the fire relevant to the city's requests for the building to be demolished. Currently, Plaintiff is communicating with the city on getting permits issued for the scheduled demolition of the building.

Plaintiff can identify the following written communications responsive to this request and the same will be produced as part of his response to Defendant's Requests for Production:

1)     Utility billing statements showing costs for roll-off dumpsters used at the building location during debris cleaning activity;

2)     Email with Ponca City confirming roll-off delivery date; and

3)     Ponca City Notices of Hearing for Condemnation case.

**INTERROGATORY NO. 17:** Explain, in detail and with specificity, the repairs and remediation work you believe is necessary to restore the Property to its prior condition following the date of loss, including the reason(s) why such repairs/remediation are necessary, the person(s) who advised you such repairs/remediation are necessary, and the date(s) you were advised that such repairs/remediation are necessary.

**ANSWER TO INTERROGATORY NO. 17:** The building was considered a total loss. Repairs or remediation work was never an option due to the extent of damage.

**INTERROGATORY NO. 18:** Identify and describe, with detail and particularity, each and every bid and/or proposal you received from any contractor, company, or person to perform work on the Property following the date of loss, and your answer should include, but is not limited

to, the person(s)/entit(ies) providing the bid or proposal, the amount of each bid/proposal, the date each bid/proposal was submitted to you, and the scope of work for each bid/proposal.

**ANSWER TO INTERROGATORY NO. 18:**   Plaintiff is currently in process of obtaining estimates and costs for the demolition and removal the damaged structure. Plaintiff has produced utility statements from Ponca City for early roll-off costs that were incurred when the property was first being cleaned up and secured.

**INTERROGATORY NO. 19:** Identify and describe, with particularity and detail, any and all construction, repair, remodel, and/or remediation work performed on the Property by any person or company from January 1, 2016, to the present. Your answer should include, but is not limited to, the date(s) such work was performed, the scope of work performed, the person(s) and/or compan(ies) who performed such work, and the amount(s) paid for such work (whether paid by you or otherwise).

**ANSWER TO INTERROGATORY NO. 19:** None that Plaintiff can recall.

**INTERROGATORY NO. 20**: Identify, by full name, full address, and with primary contact information, each and every person you contracted with or intended to contract with to lease any portion of the Property to after the planned renovations were completed.

**ANSWER TO INTERROGATORY NO. 20:**   Plaintiff did not have specific persons identified for new leases or contracts once the remodel work was completed.

**INTERROGATORY NO. 21**: Describe, in detail and with particularity, the renovations and remodeling work planned and/or ongoing at the Building at the time of the 2020 fire. Your answer should include, but is not limited to, a detailed description of the work planned (or completed) for each phase of the renovations and remodeling, the person(s) who completed (or

were expected to complete) each phase of work, and the date(s) such work was completed (or was expected to be completed).

**ANSWER TO INTERROGATORY NO. 21:**  Plaintiff refers Defendant to his March 18, 2021 examination under oath .

**INTERROGATORY NO. 22**: For any Request for Admission that you did not give an unqualified admission, state in detail each and every reason you did not or could not give an unqualified admission.

**ANSWER TO INTERROGATORY NO. 22:**

Admission No. 1: Explanation provided in response.

Admission No. 2: Plaintiff denies this request because he finds the language contained in the Protective Safeguards endorsement ambiguous.

Admission No. 5: Explanation provided in response.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Produce any and all documents and/or tangible items upon which you relied in your Answers to Interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**  See attached documents.

**REQUEST FOR PRODUCTION NO. 2**: Produce any and all documents that you contend support the amount you claimed to have paid to purchase the Building, including, but not limited to, any and all loan documents, notes, and/or mortgage documents for the Building.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**  Plaintiff is not in possession of responsive documents.

**REQUEST FOR PRODUCTION NO. 3:** Produce any and all plans, sketches, blueprints, or any other design documents relating to any construction work being performed (or planning to

14

be performed) on the Building at the time of the 2020 fire, including immediately before and after the 2020 fire, and regardless of whether such design documents were restorative, renovative, or otherwise.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:** No such documents existed to Plaintiff's knowledge.

**REQUEST FOR PRODUCTION NO. 4:** Produce all written communications, text messages, correspondence, documents, and/or writings exchanged between you (or anyone on your behalf) and any person(s) or entit(ies) relating in any way to your claim under the Policy or the subject(s) of this Lawsuit, including, but not limited to, all written communications, correspondence, documents and/or writings relating to any communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:** Plaintiff is not aware of any such documents other than those documents created or issued by Defendant and delivered to Plaintiff or his counsel. For these documents, it is understood Defendant is already in possession of the same.

**REQUEST FOR PRODUCTION NO. 5:** Produce all written communications, text messages, correspondence, documents, photos, and/or writings exchanged between you (or anyone on your behalf) and Kenneth Randall (including any representatives, employees, or agents) regarding your Claim, the Policy, and/or this Lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:** None to Plaintiff's recollection.

**REQUEST FOR PRODUCTION NO. 6:** Produce each and every bid, estimate, scope of work, and/or proposal you received regarding any proposed construction work for the Building at

the time of the 2020 fire, including immediately before and after the 2020 fire, and regardless of whether you actually accepted the bid, estimate, scope of work, or proposal.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:** None in Plaintiff's possession.

**REQUEST FOR PRODUCTION NO. 7:** Produce any and all documents, correspondence, photos, and/or tangible items referencing or in any way related to any repairs, remediation, remodeling, and/or construction performed (or to be performed) on the Property from January 1, 2018, to the present, including, but not limited to, any and all documents or correspondence that support the work identified in your answers to the Interrogatories above, and all documentation evidencing any payment(s) made (by you or anyone else) for performance of said work, including cancelled checks, paid invoices, or other payment records.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:** None in Plaintiff's possession other than the utility billing statements identifying costs for roll-offs used at the property after the fire loss. Statements are produced.

**REQUEST FOR PRODUCTION NO. 8:** Produce legible copies of each and every payment you made to any contractor, vendor, laborer, and/or supplier for work performed on the Building before the 2020 fire.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:** Plaintiff is not in possession of documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 9:** Produce all visual documentation in your possession related to the Building, the 2020 fire, your Claim, or any other subjects of this Lawsuit, including, but not limited to, photographs, videos, charts, diagrams, sketches, computer screen

shots, graphs, animations, and/or maps, and regardless of whether such documentation was taken or created by you or by someone else.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:** See attached utility billing statements from Ponca City, notices of hearing by the City of Ponca City and email communication between Plaintiff and personnel with City of Ponca City regarding drop-off date for roll-offs.

**REQUEST FOR PRODUCTION NO. 10:** Produce any and all documentation that refers to, reflects, or in any way references the tenancy(ies) of any lessees who rented any portion or spaces of the Building, from the date of your purchase to the present, and including, but not limited to, rent roll lists, tenant/lease agreements, and legible copies of each and every cancelled check, deposit slip, and/or other form of documentation reflecting any payments received as rent for any spaces rented or leased in the Building.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:** None in Plaintiff's possession.

**REQUEST FOR PRODUCTION NO. 11:** Produce any and all documentation relating to the policies and/or additional claims you have made on any other policies (including those identified by you in your Answers to the Interrogatories above) for damages resulting from the 2020 fire.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:** None in Plaintiff's possession.

**REQUEST FOR PRODUCTION NO. 12:** Produce each and every appraisal, property assessment, and/or valuation performed on the Building from the time of your purchase to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:** None in Plaintiff's possession.

**REQUEST FOR PRODUCTION NO. 13:** Provide documentation of any and all business and/or personal property which you replaced as a result of the 2020 fire.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:** Not applicable because Plaintiff is not making a claim for loss of business or personal property under the Policy.

**REQUEST FOR PRODUCTION NO. 14:** Produce all documentation you contend supports your allegation that Great Lakes "[failed and refused] timely payment and other policy benefits on behalf of Plaintiff at a time when Defendants knew that Plaintiff was entitled to those benefits" as stated in Paragraph No. 19 (i) of your Petition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:** See Defendant's claims file.

**REQUEST FOR PRODUCTION NO. 15:** Produce all documentation you contend supports your allegation that Great Lakes "[failed] to properly and reasonably investigate the claim" as stated in Paragraph No. 19 (ii) of your Petition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:** See Defendant's claims file.

**REQUEST FOR PRODUCTION NO. 16:** Produce all documentation you contend supports your allegation that Great Lakes "[withheld] payment of requested benefits knowing that Plaintiff's claim for those benefits was valid" as stated in Paragraph No. 19 (iii) of your Petition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:** See Defendant's claims file.

**REQUEST FOR PRODUCTION NO. 17:** Produce all documentation you contend supports your allegation that Great Lakes "[refused] to pay Plaintiff's claim for reasons contrary

to the insurance policy provisions and/or Oklahoma Law" as stated in Paragraph No. 19 (iv) of your Petition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:** See Defendant's claims file.

**REQUEST FOR PRODUCTION NO. 18:** Produce all documentation you contend supports your allegation that Great Lakes "[refused] to recognize Plaintiff's claim in some respects by placing restrictions on the claim not otherwise allowed in the policy" as stated in Paragraph No. 19 (v) of your Petition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:** See Defendant's claims file.

**REQUEST FOR PRODUCTION NO. 19:** Produce all documentation you contend supports your allegation that Great Lakes "[did not attempt] to make a prompt, fair and equitable settlement of Plaintiff's claim once it was clear benefits were owed under the policy" as stated in Paragraph No. 19 (vi) of your Petition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:** See Defendant's claims file.

**REQUEST FOR PRODUCTION NO. 20:** Produce all documentation you contend supports your allegation that Great Lakes "[did not attempt] to make a prompt, fair and equitable settlement of Plaintiff's claim once it was clear benefits were owed under the policy" as stated in Paragraph No. 19 (vi) of your Petition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:** See Defendant's claims file.

**REQUEST FOR PRODUCTION NO. 21:** Produce all documentation you contend supports your allegation that Great Lakes "[refused] to consider the reasonable expectations of the insured" as stated in Paragraph No. 19 (viii) of your Petition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:** See Defendant's claims file.

**REQUEST FOR PRODUCTION NO. 22:** Produce any and all documents, written communications, correspondence, and/or tangible items that in any way support your explanation of the repairs and remediation work you believe is necessary to restore the Property to its prior condition following the date of loss and the reason(s) why such repairs/remediation are necessary.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:** Not applicable.

**REQUEST FOR PRODUCTION NO. 23:** Produce any and all documentation that supports your claim that you have suffered "embarrassment, anxiety, frustration, mental and emotional distress" as alleged in Paragraph 22 of your Petition, including copies of any and all medical records that demonstrate any treatment you received for such injuries.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:** See Defendant's Policy which outlines the coverages Plaintiff anticipated having for his Property and also see Defendant's claims file which outlines the investigation of Plaintiff's claim.

**REQUEST FOR PRODUCTION NO. 24:** Execute and return the Medical Records Request enclosed herein.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:** Objection. Not applicable because Plaintiff does not have any medical information that is relevant to the issues in this case.

**REQUEST FOR PRODUCTION NO. 25:** Produce your state and federal tax returns for the years 2018 to present, including any tax returns prepared but not yet filed for the year 2021, as well as all supporting documentation submitted with said tax returns.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**  Objection. This request seeks discovery of Plaintiff personal and private financial information that is irrelevant to the issues in this case.

**REQUEST FOR PRODUCTION NO. 26:** Produce all documents listed on Plaintiff's initial disclosures, including any and all documents that you relied upon in making said disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**  Produced are the incident reports from fire and police departments with the City of Ponca City. All other documents listed are in Defendant's possession.

**REQUEST FOR PRODUCTION NO. 27:** Produce any and all documents which you contend supports your calculations of damages in this Lawsuit, including, but not limited to, documents which support your Answer to Interrogatory No. 5, above, and Plaintiff's Initial Disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**  See utility billing statements relevant to costs for roll-offs used at the Property following the fire. No other documents are currently in Plaintiff's possession.

**REQUEST FOR PRODUCTION NO. 28**: Produce all documents and written communications (including text messages or any other form of written correspondence) that reflects, references, or in any way relates to inspections performed on the Property by the City of Ponca City, the Ponca City Police Department, the Ponca City Fire Department, the Ponca City

Fire Marshall, or any other municipal or state agency, since your purchase of the Property, to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:** See incident reports as produced.

<div style="margin-left:40%">

Respectfully submitted,

MARTIN, JEAN & JACKSON

By: _____
Scott R. Jackson, OBA#17502
P.O. Drawer 2403
Ponca City, OK  74602
(580) 765-9967
(580) 765-5433  Fax
sjackson@mjjlawfirm.com
*Attorney for Plaintiff*

</div>

<div style="text-align:center">

**CERTIFICATE OF MAILING**

</div>

I hereby certify that on this *29th* day of June 2022, a true and correct copy of the above and foregoing instrument was placed in the U S Mail with proper postage affixed thereto to the following:

DOERNER SAUNDERS DANIEL
& ANDERSON, LLP
Sara E. Potts, OBA No. 32104
Emily E. Allan, OBA No. 33456
210 Park Avenue, Suite 1200
Oklahoma City, OK 73102
T: (405) 898-8654 | F: (405) 898-8684
Email: spotts@dsda.com
      eallan@dsda.com
*Attorneys for Defendant*
*Great Lakes Insurance SE*

Scott R. Jackson