

**June 29, 2021**

Joshua Fields
812 W. Oklahoma
Ponca City, OK 74601

Joshua Fields
c/o Scott Jackson, Esq. - sjackson@mjjlawfirm.com
1324 East Grand
Ponca City, OK  74601

**VIA CERTIFIED MAIL/RETURN RECEIPT REQUESTED**

**Re:**  **Claim No.:**       123391
       **Policy No.:**      BC003908
       **Named Insured:**   Joshua Fields
       **Loss Location:**   410 W. Cleveland Ave
                            Ponca City, OK 74601
       **Date of Loss:**    March 25, 2020
       **Cause of Loss:**   Fire

Dear Mr. Fields:

We are the local claims representatives hired to assist your insurance carrier, Great Lakes Insurance SE, hereinafter referred to as "Great Lakes", to investigate your claim referenced above.

After careful investigation of your claim, we have determined that your policy does not afford coverage for the reasons stated more particularly below; accordingly, we must respectfully deny your claim.

We have reviewed the following documents and other relevant information described below:

- Great Lakes' Insurance Policy No. BC003908 issued May 3, 2019, and covering a policy period from May 3, 2019 to May 3, 2020;

- Property Loss Notice dated March 26,2020, stating date of loss on March 25, 2020;

- Limited Multi-Peril Survey dated May 11, 2015 by inspector Jack McNeal of Reliable Reports, Inc.;

- Rimkus Consulting Group, Inc. Report of Findings c/o Philp Noah, IAAI-CFI Fire Division Manager dated September 16, 2020, Rimkus File No. 100031266;

Page 2
June 29, 2021

- Capstone ISG Valuation Report entered April 2, 2020;

- Transcript of Sworn Statement of Joshua Fields taken on behalf of the Insurance Company on March 18, 2021;

- Capstone ISG Reservation of Rights Letter from Kevin Wilson dated April 28, 2020;

- Email from Scott Jackson, counsel for the insured dated April 21, 2021, concerning communications by the insured to his agent regarding remodel of the building and removal of Fire Protection Safeguards;

- Telephonic communication with Dereck Cassady, Ponca City Fire Marshall, regarding fire code adopted at time of insured's loss and provisions applicable to the claim;

- Communications from you or your counsel Scott Jackson.

<u>Based on our investigation, the relevant facts leading to this insurance claim are as follows</u>:

You are the named insured under the Policy.  You owned an eight-unit apartment building at 410 W. Cleveland Ave, Ponca City, OK 74601. You leased the eight dwelling units to tenants until January 2020. You and certain persons who performed work for you removed the smoke detectors and fire extinguishers from the building and began to remodel the building in February 2020. A fire damaged the building on March 24, 2020.

You maintained a Commercial Property Policy with effective dates from May 3, 2019 to May 3, 2020. The applicable Policy forms are the Building and Personal Property Coverage forms-CP0010 (10/12), and the Cause of Loss Broad Form-CP1020 (10/12) and the Protective Safeguards CP0411 (10/12) requiring "Fully-functioning Smoke Detectors and Fire Extinguishers as required by local code", subject to a $1,000.00 deductible.

The fire damaged structure was a two-story multi-family building with eight apartments, with four apartments on each floor. According to the Ponca City Fire Department incident report, the fire department was dispatched on March 24, 2020 at 11:05 p.m. According to the Ponca City Fire Marshall Dereck Cassady, who was interviewed after the fire, the building was unoccupied at the time the fire occurred. Detective Brian Dye of the Ponca City Police Department reported that the building was vacant before the fire, and no one was living in the building at the time the fire occurred. Detective Dye reviewed his photographs from the scene and did not observe any smoke detectors or fire extinguishers throughout the building. He also did not recall seeing any smoke detectors during the scene examination.

You filed a Property Loss Notice on March 26, 2020 to Great Lakes by and through your insurance agent Kevin Randall asserting a claim of loss by fire to the subject building.

Page 3
June 29, 2021

<u>The applicable Policy provisions state the following:</u>

**Causes of Loss – Broad Form** CP1020 (10/12)

A. Covered Causes of Loss

When Broad is show in the Declarations, Covered Causes of Loss means the following:

    1.    Fire.

    2.    Lightning

* * *

**Protective Safeguards Endorsement** CP0411 (10/12)

    **1.**    **Fire Protections:**

Protective Safeguards Schedule:

| Prem. Number | Bldg. Number | Safeguards Symbols |
|---|---|---|
| … | … | … |
| All | All | P-9 |

<u>Describe any "P-9":</u>  Fully functioning Smoke detectors and Fire extinguishers as required by local code [*See local code below*]

…..

A. The following is added to the Commercial Property Conditions:
    <u>Protective Safeguards</u>
    a. As a condition of this insurance, you are required to maintain the protective devices or services listed in the Schedule above.
…

B. The following is added to the Exclusions section of:
*Causes of Loss – Basic Form*
*Causes of Loss – Broad Form*
*Causes of Loss- Special Form*
*Mortgage holders Errors And Omissions Coverage Form*
*Standard Property Policy*
    We will not pay for loss or damage caused by or resulting from fire if, prior to the fire, you:
        1. Knew of any suspension or impairment in any protective safeguard listed in the Schedule above and failed to notify us of the fact or

> 2. Failed to maintain any protective safeguard listed in the Schedule above, and over which you have control, in complete working order.

---

The Policy provides that, as a condition of the insurance policy coverage, you were required to maintain Fire Protective Safeguards listed in the Policy Schedule, which is set forth in page 3 hereinabove. The Schedule states that the Policy covers only commercial property that maintains "Fully-functioning Smoke detectors and Fire extinguishers as required by local code."

The Policy further provides that the insurer "will not pay for loss or damage caused by or resulting from fire if, prior to the fire, [the insured]: 1. Knew of any suspension or impairment in any protective safeguard listed in the Schedule [] and failed to notify [the insurer] of that fact; or 2. Failed to maintain any protective safeguard listed in the Schedule [], and over which [insured] had control, in complete working order."

Regarding the local fire code referenced in your Policy, at the time of the fire, the city of Ponca City, Oklahoma had adopted the 2015 Edition of the International Fire Code (the "Code").  Dereck Cassady, Ponca City Fire Marshall at the time of the fire and related loss, confirmed that Ponca City had adopted the International Fire Code, International Residence Code, and the International Building Code. Under the Code, the subject building would be classified as an R-2 occupancy.

Per Section 1103.8.1 of the Code, "[e]xisting R occupancies shall be provided with single-station smoke alarms in accordance with 907.2.10." Section 907.2.10.2, which dictates the smoke alarm requirements for R-2 occupancies, reads: "Single or multiple station smoke alarms shall be installed and maintained in Groups R-2, R-3 , R-4 and I-1 regardless of *occupant load* at all of the following locations…on the ceiling or wall outside of each separate sleeping area in the immediate vicinity of bedrooms; in each room used for sleeping purposes; in each story within a dwelling units, including basements. . . " (emphasis in  original). Accordingly, because the Policy covers only commercial properties that maintain smoke alarms in accordance with local Code, the Policy does not cover R-2 occupancies that fail to maintain smoke alarms, regardless of occupant load.

You testified to having these Fire Protective Safeguards in the building and said that they were generally maintained *when the building was occupied*.  You also represented at the time of application and at the time of a Reliable Reports inspection in 2015 to having such Fire Protective Safeguards in the building.

However, in your Sworn Testimony you stated that you directed a maintenance worker to remove the smoke detectors and fire extinguishers in February of 2020 when you started a remodel of the building. Therefore, you did not maintain the Fire Protective Safeguards required as a condition of Policy coverage beginning on or around February 2020. As the Policy and the Code make clear, despite the subject property being unoccupied, you were required to maintain smoke alarms and fire extinguishers in the building in order for Great Lakes to pay for loss or damages caused by or resulting from

Page 5
June 29, 2021

fire. While the Fire Marshall Dereck Cassady stated that he would not have enforced the Code because he knew the building was under remodel, maintaining smoke detectors in the building according to the Code regardless of building occupancy was unambiguously required as a condition of your insurance coverage for loss due to fire.

The Policy further stated that if you chose to remove or impair Fire Protective Safeguards, you were obligated to report the removal to your insurer in order to maintain your insurance coverage. We understand that you do not remember notifying your insurer, Great Lakes, or any other representative of Great Lakes that you had removed the Fire Protective Safeguards. Your local insurance agent Kevin Randall reported that he was never informed that you removed the Fire Protective Safeguards prior to the fire. Great Lakes likewise has no record of such a report from you or from Mr. Randall that you removed the Fire Protective Safeguards. Therefore, under the unambiguous terms of the Policy coverages and exclusions, this provision is not met, and your claim is not covered by the Policy.

We encourage you to refer to your copy of your insurance policy for complete details.

Please be advised that nothing contained in this letter shall waive, limit, or invalidate any other policy provisions, and Great Lakes reserves the right to assert other policy defenses afforded under the contract of insurance.

By stating the above reasons why your claim is not covered under the policy provisions, Great Lakes does not waive any other rights or defenses which they may have. Great Lakes regrets that they must decline payment for any claim resulting from this occurrence.

Great Lakes is committed to the prompt and fair handling of all claims for coverage. If you believe that their position is incorrect or constitutes a wrongful denial or rejection of this claim, you may have the matter reviewed by the Oklahoma Insurance Department by calling (405) 521-2828, or by writing to the Department at this address:

>Oklahoma Insurance Department
>400 NE 50th Street
>Oklahoma City, OK 73105-1816

Alternatively, you may contact the Oklahoma Insurance Department via their website, https://www.oid.ok.gov/.

Our coverage position is premised upon our investigation, presently known facts and the terms of your policy. If you have any questions or have other information which might be used to reconsider our coverage decision, please feel free to contact me.

**Page 6**
**June 29, 2021**

Sincerely,
**Capstone ISG**

Ashley Eadie, AIC PCLS
Property Adjuster
(804)250-9610 - Direct
(804) 744-9600 - Office
(757) 420-4191- Fax
aeadie@capstoneisg.com


Enclosure:
1. Copy of Policy


CC:   Kevin Randall Insurance
      P.O. Box 424
      Tonkawa, OK 74653