UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | | |
|---|---|---|---|
| (1) | JOSHUA FIELDS | ) | |
| | | ) | |
| | Plaintiff, | ) | |
| | | ) | |
| v. | | ) | Case No. CIV-21-986-G |
| | | ) | |
| (1) | GREAT LAKES INSURANCE SE, | ) | Removed from the District Court of |
| (2) | MJ KELLY COMPANY, and | ) | Kay County, State of Oklahoma |
| (3) | CAPSTONE ISG, | ) | Case No. CJ-2021-00037 |
| | | ) | |
| | Defendants. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT GREAT
LAKES INSURANCE SE'S MOTION TO EXCLUDE EXPERT
TESTIMONY OF DERECK CASSADY AND BRIEF IN SUPPORT**

In response to Defendant Great Lakes Insurance SE's ("Great Lakes") Motion to Exclude Expert Testimony of Dereck Cassady and Russ Didlake, Plaintiff objects to the motion as it relates to witness Dereck Cassady and respectfully asks this Court to overrule it.[1] Plaintiff correctly identified Mr. Cassady on his Final List of Witnesses [Doc. #32] because Mr. Cassady has not been retained as an expert witness and is not anticipated to give testimony in this case based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.

**INTRODUCTION**

At issue in this litigation is Great Lakes decision to deny coverage for a fire loss claim Plaintiff Joshua Fields ("Fields") submitted under Great Lakes' commercial property insurance policy ("Policy"). The Policy insured Fields' eight-unit apartment building located in Ponca City, Oklahoma. A fire broke out at the Property on March 24, 2020.

Great Lakes denied coverage under the Policy because it determined Fields had failed to comply with a condition for coverage listed in a protective safeguard endorsement ("PSE"). The

---

[1] Plaintiff's response is limited to witness Dereck Cassady. Plaintiff no longer anticipates calling Russ Didlake as an expert witness at trial.

condition required Fields to maintain protective devices listed in a schedule on the endorsement. The schedule identified the protective devices as fully-functioning smoke detectors and fire extinguishers ***as required by local code***. (Emphasis Added). (See Great Lakes' Protective Safeguard Endorsement, attached as Exhibit No. 1).

The qualifying language "***as required by local code***" made relevant Ponca City's existing code requirements at the time of the fire loss. In March of 2020, Ponca City had adopted the 2015 International Fire Code ("IFC"). The IFC contained provisions for the maintenance of certain protective devices based on the type of building or property. The IFC provisions also expressed its intent that nothing within the provisions of the written code "shall derogate from the authority of the *fire code official* to determine compliance with code or standards for those activities or installations within the *fire code official's* jurisdiction or responsibility".[2] (See IFC, Ch. 1, Sec. 102.8, attached as Exhibit No. 2).

Pursuant to the language of the IFC, as adopted by the City of Ponca City in 2020, Great Lakes needed to confirm with Ponca City fire code officials what local code required of Fields regarding the maintenance of smoke detectors and fire extinguishers in the Property at the time of the reported loss. Great Lakes contacted Ponca City Fire Marshall Dereck Cassady for this information. Mr. Cassady advised Great Lakes that the local code would not require Fields to maintain fully-functioning smoke detectors or fire extinguishers at the time of the fire because the Property was undergoing remodeling. (See Great Lakes Denial Letter, pg. 5, attached Exhibit No. 3).

Despite the notice given by the Ponca City Fire Marshall, Great Lakes ultimately ignored that information and denied coverage to Fields. It determined he was required to maintain smoke

---

[2] The term *fire code official* is defined within the IFC as the fire chief or other designated authority charged with the administration and enforcement of the code, or a duly authorized representative.

detectors and fire extinguishers in the Property regardless of local code interpretation and enforcement of the IFC provisions.

Based on Great Lakes decision to deny coverage under the Policy, Fields instituted this action alleging Great Lakes breached its contractual obligations to pay his fire loss claim and further breached its duty of good faith and fair dealing in the handling of his claim. In the course of this litigation, Fields timely identified Mr. Dereck Cassady, Ponca City Fire Marshall, as a witness and plans to call him as a witness to give testimony about his communications with Great Lakes regarding the local code requirements for maintaining protective devices in Fields' apartment building at the time of the fire.

**I. DISCUSSION**

Great Lakes asks to exclude Mr. Cassady as a witness in this litigation because he was not properly labeled as an expert witness. Mr. Cassady will not testify as an expert witness in this case. The fact that Mr. Cassady may offer opinion testimony relevant to the issues in this case does not, alone, make him an expert witness.

Opinion testimony from a witness, if not an expert witness, is governed by F.R.E. 701 which provides:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> **(a)** rationally based on the witness's perception;
>
> **(b)** helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
> **(c)** not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Rule 701 allows the admission of lay opinion testimony if the testimony is rationally based in perception and helpfulness. See *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, 249 F.App'x 63, 86-87

(10th Cir. 2007). "The perception requirement stems from F.R.E. 602 which requires a lay witness to have first-hand knowledge of the events he is testifying about so as to present only the most accurate information to the finder of fact." *United States v. Hoffner*, 777 F.2d 1423, 1425 (10th Cir. 1985).

In Great Lakes' motion, it cites to no specific testimony from Dereck Cassady that qualifies as expert testimony under F.R.E. 702.[3] Instead, it makes a conclusionary statement that Mr. Cassady's testimony will be based on "technical knowledge reserved for expert witnesses". The majority of Great Lakes' motion argues the law surrounding compliance with expert witness disclosures under a court's scheduling order and the gatekeeping function of the court to determine admissibility of expert testimony. Neither is relevant to Mr. Cassady because he hasn't been identified as an expert witness, and Great Lakes has, yet, to specify what actual opinion testimony from Mr. Cassady it believes qualifies as expert testimony.

It is true that Mr. Cassady is anticipated to give testimony about his knowledge and opinions on the City of Ponca City's code requirements relevant to Plaintiff's building at the time of the fire. As Ponca City Fire Marshall, he has first-hand knowledge of these subjects.

In fact, it was Great Lakes that made Mr. Cassady's testimony relevant in this case when it chose to incorporate the application of local code requirements to describe required protective devices in the PSE. If the language "*as required by local code*" were to have any meaning within the Policy language, a witness with knowledge of the interpretation and enforcement of local code is mandatory.

Further, Great Lakes made Mr. Cassady a potential witness in this case when it reached out to him as part of its claims investigation to get his first-hand knowledge of how the local code applied under the circumstances of Plaintiff's fire loss. It is disingenuous for Great Lakes to

---

[3] Defendant did not depose Dereck Cassady.

seek exclusion of Mr. Cassady by labeling as an expert witness when it is more likely Great Lakes seeks to exclude him because his lay opinion testimony is fatal to its denial of Plaintiff's claim.

## CONCLUSION

There is not sufficient information before this Court on the particulars of Mr. Cassady's proposed testimony to determine if any of his testimony would qualify as expert testimony. Plaintiff contends none of Casady' anticipated testimony meets that classification. The only information before this Court is a description of his anticipated testimony provided by Plaintiff in his Final List of Witnesses [Doc. #32]. This description, alone, describes testimony that is rationally based on Mr. Cassady's first-hand knowledge about the local code requirements adopted by the City of Ponca City back in 2020 and how those code requirements would have been interpreted and enforced on the Property at issue in this case. There should be no question that Mr. Cassady's testimony will be helpful to the trier of fact on a key issue in this case because the local code requirements define the type of protective devices Fields was required to maintain as a condition to coverage in the Policy.

For these reasons, Plaintiff Joshua Fields respectfully requests this Court to overrule Defendant Great Lakes Insurance Se's Motion to Exclude Expert Testimony of Dereck Cassady.

Respectfully submitted,

MARTIN JEAN & JACKSON

By:   s/ Scott R. Jackson
Scott R. Jackson, OBA #17502
P.O. Drawer 2403
Ponca City, OK 74602
Phone (580) 765-9967

                                           Fax (580) 765-5433
                                           sjackson@mjjlawfirm.com
                                           Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

       I hereby certify that on the 7th day of October 2022, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants, via email:

Doerner, Saunders, Daniel & Anderson, LLP
Sara E. Potts, OBA #32104
Emily E. Allen, OBA #33456
Michael Linscott, OBA #17266
spotts@dsda.com
eallan@dsda.com
mlinscott@dsda.com
*Attorneys for Defendants*
*Great Lakes Insurance SE*

                                           s/ Scott R. Jackson
                                           Scott R. Jackson