UNITED STATED DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JOSHUA FIELDS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-21-986-G |
| ) | |
| (1) GREAT LAKES INSURANCE SE, ) | *Removed from the District Court of* |
| (2) MJ KELLY COMPANY, and ) | *Kay County, State of Oklahoma* |
| (3) CAPSTONE ISG, ) | *Case no. CJ-2021-00037* |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION SUMMARY JUDGMENT**

Defendant Great Lakes Insurance SE ("Great Lakes") submits the following Reply in Support of its Motion for Summary Judgment (Dkt. # 40) and to respond to Plaintiff's Response in Opposition (Dkt. # 46).

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS**

1. Plaintiff's statement merely paraphrases the Undisputed Material Facts in Defendant's Motion (Dkt. # 40) that have already been admitted by Plaintiff. *Compare* Resp., Dkt. # 46, at ¶ 1, *with* Dkt. # 40, at UMF Nos. 10-13; *see also* Resp., Dkt. #46, at p. 4 (admitting the same). There is no dispute that the PSE required "P-9" protective safeguards as a condition of coverage, which were "Fully-functioning Smoke Detectors and Fire Extinguishers as required by local code." Dkt. # 40, at UMF Nos. 10-18, 20-21; *compare id.*, *with* Resp., Dkt. # 46, at pp. 4-5 (admitting the same). Plaintiff's first statement therefore does not create any genuine dispute as to any material fact.

2. Denied in part as misleading and incomplete. The specific provision cited by

Plaintiff, IFC § 102.8 (2015 Ed.), relates to "Subjects *not* regulated by this code", (emphasis added), and while it is undisputed that the IFC, IRC, and IBC are the applicable codes adopted by the Ponca City Municipal Code, this particular provision is immaterial to the facts at issue here. *See id.*; *see also* IFC §§ 102.9 – 102.10(further addressing "Matters not provided for" and "Conflicting provisions"). There is also no dispute that IFC is only validly enforceable if it is adopted by a local state or municipal agency. Dkt. # 40, at UMF No. 14 (citing Ponca City Muni. Code § 10-1-1, and Exs. 6-7 thereto); *accord*, Dkt. # 46, at p. 4 (admitting the same). Indeed, the Oklahoma statutes require that in "apartment houses", smoke detectors be installed "in accordance with the nationally recognized codes, standards, or practices adopted by the State Fire Marshal Commission to safeguard life and property from the hazards of smoke and fire." 74 O.S. § 324.11a (A). Further, the statutes contemplate that "[m]unicipalities may enact ordinances in order to enforce the rules of the State Fire Marshal Commission as provided by [74 O.S. § 324.11a]," 74 O.S. § 324.11a (H), which serve as "minimum standards and requirements . . . ." 59 O.S. § 1000.23 (C).

      3.     Plaintiff's third "fact" statement is a non-sequitur and attempts to create confusion where none exists, as Plaintiff has already admitted Defendant's UMF No. 33, establishing that Great Lakes did *not* seek out the Marshal's "determination on code compliance" but rather, that during interviews as part of Great Lakes' claims investigation, the Fire Marshal confirmed that IBC and IFC applied to the Property and that the codes required working smoke detectors and fire extinguishers. Notably, Plaintiff also admitted that those protective safeguards were required conditions for coverage under the PSE. Dkt.

# 40, at UMF No. 33; *see also id.* at UMF Nos. 20-21; *accord*, Dkt. # 46, at p. 5 (admitting the same)). There is also nothing in Great Lakes' letter to Plaintiff (nor any other evidence) indicating that by interviewing the Fire Marshal, Great Lakes somehow "recognized the importance of determining how local code officials in Ponca City would have interpreted and enforced the IFC code relevant to the Property . . . ." Dkt. # 46, at ¶ 3; *contrast id.*, *with* Pltf's Ex. 6; *see also* Dkt. # 40, at UMF No. 36 (citing Def's Ex. 20). As Plaintiff also admits, the compliance review was actually performed by Rimkus Consulting Group, who reviewed the applicable codes upon observing there were no smoke alarms "present in the building when the fire occurred." Dkt. # 40, at UMF No. 27; *see also id.* at UMF Nos. 26, 28, 36; *accord*, Dkt. # 46, at pp. 5-6 (admitting the same). Plaintiff's suppositions in this third statement are directly contradicted by the actual evidence in this case, as well as Plaintiff's own testimony and admissions. *See* Dkt. # 40, at UMF Nos. 20-21, 26-28, 33, 36; Dkt. # 46, at pp. 5-7 (admitting the same).

   4. This fourth "fact" statement is also not supported by any evidence presented by either party in this case. There is no evidence whatsoever that in any way demonstrates that Great Lakes "knew from its investigation that Ponca City local code did not require [Plaintiff] to maintain smoke detectors and fire extinguishers on the Property at the time of the fire" – in fact, the undisputed evidence demonstrates the exact opposite, that the applicable code provisions *did* require working and functional smoke alarms and fire extinguishers at the Property at all times. Dkt. # 40, at UMF Nos. 13-18, 20-21, 26-28, 33, 36; *accord*, Resp., Dkt. # 46, at pp. 4-6 (admitting the same); *cf.* 74 O.S. § § 324.11a (A), (H); 59 O.S. § 1000.23 (C). Plaintiff has also admitted that Great Lakes denied Plaintiff's

3

claim on the basis that "maintaining smoke detectors in the building according to the Code regardless of building occupancy was unambiguously required as a condition of your insurance coverage for loss due to fire." Dkt. # 40, at UMF No. 36; Resp., Dkt. # 46, at p. 6 (admitting the same). As with Plaintiff's other "fact" statements in his Response, this statement also fails to create any genuine controversy about the material facts at issue on summary judgment.

## ARGUMENT AND AUTHORITIES

**I.     PLAINTIFF FAILS TO OVERCOME HIS EVIDENTIARY BURDEN TO DEFEAT SUMMARY JUDGMENT, WHICH SHOULD BE GRANTED.**

**A.     PLAINTIFF PRESENTS NO EVIDENCE THAT A GENUINE CONTROVERSY EXISTS REGARDING ANY OF THE MATERIAL FACTS AT ISSUE.**

Importantly, the Court should observe that all of Great Lakes' undisputed facts have been "essentially undisputed by [Plaintiff]." *Hartman v. United States*, 923 F. Supp. 2d 1287, 1290 (W.D. Okla. 2013). Of the 38 undisputed facts put forth by Great Lakes, Plaintiff only denies 6 (Defendant's UMF Nos. 9, 19, 30-31, 34-35). Yet upon close inspection, the Court should also find that Plaintiff has only "superficially attempted to dispute" those factual statements through argument, and *not* by presenting any actual, evidence, as is required to defeat summary judgment. *Id.* at 1294-95; see also *id.* at 1290 (quoting LCvR56.1 (c)). For example, Defendant's UMF No. 9 addressed Plaintiff's own admissions about receiving a copy of the Policy from his local agent and that Plaintiff did not read the Policy when he received it. Dkt. # 40, at UMF No. 9. Plaintiff's EUO testimony cited in support is as follows:

Q:     Okay. All right. And so that – but prior to that, were you aware of that

4

> Q: type of language in the policy, you know, at the time you purchased the policy?
>
> A: *If you're asking me if I read the policy, no.*
>
> \*\*\*\*
>
> Q: Did you – *when you got the policy, did you get that through an agent?*
>
> A: *Yes, sir.*
>
> Q: Ok. Tell me – remind me the name of the agent. Swords?
>
> A: *Originally it was Swords. Yes.*
>
> Q: . . . And then now it is someone – would it have been someone different prior to the fire?
>
> A: *Kevin Randall*, I believe is his name.

EUO, Ex. 1 to Dkt. # 40., at pp. 32-33 (emphasis added). Despite his own sworn testimony, Plaintiff nevertheless denies UMF No. 9 "as stated", parsing that the EUO testimony "does not indicate [that] Plaintiff actually received a copy of the Policy directly from his agent", but then also admitting that he "'got the policy' from an agent different from Kevin Randall". Dkt. # 46, at p. 4. While Plaintiff also then complains that "Mr. Randall never explained the terms of the Policy to him", *id.*, Plaintiff does *not* dispute his testimony admitting that he did not read the Policy. However, these contradictory statements do not "properly address another party's assertion of fact as required by Rule 56 (c)", *Hartman*, 923 F. Supp. 2d at 1289 (quoting Fed. R. Civ. P. 56 56 (e)(3)) and are merely "attempts to conjure up various factual inconsistencies to create metaphysical doubt as to the material facts." *Davison v. Rios,* 2018 WL 3765414, at * 9 (W.D. Okla. Feb. 1, 2018), *report and recommendation adopted*, 2018 WL 3323760 (W.D. Okla. July 6, 2018). Upon "careful review" of "plaintiff's response[s] concerning" the other "disputed" facts (Def's UMF Nos.

19, 30-31, 34-35), the Court should likewise find that Plaintiff merely presents argument as to those matters "without actually disputing th[ose] particular fact[s]", *Hartman*, 923 F. Supp. 2d at 1295, and thus, those facts should also be "deemed admitted." *Id.* at 1294; *accord*, *Scalia v. Ghosn*, 451 F. Supp. 3d 1215, 1219–20 (W.D. Okla. 2020); LCvR56.1 (d)-(e); *cf.* Dkt. # 46, at pp. 5-6.

Also, Plaintiff has not "specifically controverted" Defendant's Undisputed Facts in his own "'Statement of Material Facts in Dispute' [which] fails on several points to 'refer with particularity to those portions of the record' upon which they rely, in violation of LCvR56.1 (c)." *Hartman*, 923 F. Supp. 2d at 1290, 1294-95; Resp., Dkt. # 46, at pp. 6-7. As addressed *supra*, Plaintiff's first and second "fact" statements are immaterial to the issues presented for summary judgment, and the "[f]actual disputes that are irrelevant or unnecessary [should] not be counted" in the summary judgment analysis. *Trinity Universal Ins. Co. v. Broussard*, 932 F. Supp. 1307, 1309 (N.D. Okla. 1996) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *see also id.* (quoting *Anderson*, 477 U.S. at 247-48) ("The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.") (emphasis in original). Moreover, Plaintiff's "citation to the record does not actually support [his] own factual assertions appearing in [his] 'Statement of Material Facts in Dispute.'" *Hartman*, 923 F. Supp. 2d at 1295; *see also id.* at 1289 (citing *Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 530 (10th Cir.1994)). While wholly unsupported by the evidence cited by Plaintiff in his Response, Plaintiff's third and fourth "facts" are further directly contradicted by the <u>uncontroverted</u> evidence presented by Great Lakes. *See* Resp. to Pltf's

6

Facts, *supra*; *compare* Dkt. # 46, at p. 7 (¶¶ 3-4), *with Scalia*, 451 F. Supp. 3d at 1220 (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998)) (To overcome summary judgment, "[t]he nonmovant does not meet [his] burden by 'simply showing there is some metaphysical doubt as to the material facts," or by theorizing a 'plausible scenario' in support of [his] claims.") (citation marks omitted). Here, "the insufficiency of [Plaintiff's] summary judgment response is particularly apparent" when considering the lack of evidence to support Plaintiff's "Material Facts", and in light of the "overwhelming legal significance of the factual statements submitted by [Great Lakes] that were not specifically disputed", by Plaintiff or were otherwise admitted outright. *Hartman*, 923 F. Supp. 2d at 1295; *compare id.*, *with* Dkt. # 46. At bottom, then, Plaintiff has presented no evidence to establish a "genuine dispute requiring a jury trial", and summary judgment is proper. *Hartman*, 923 F. Supp. 2d at 1295; *see also Davison*, 2018 WL 3765414, at * 9.

**B.   THERE IS NO GENUINE DISPUTE THAT THE TERM, "AS REQUIRED BY LOCAL CODE," IS UNAMBIGUOUS.**

In his Response to Defendant's Undisputed Facts, Plaintiff admits that the "local code" applicable to the PSE requirements are the 2015 Editions of the IFC, IRC, and IBC. Dkt. # 46, at 4 (admitting Def's UMF Nos. 14-16). Plaintiff also admits that "*regardless of occupant load*", the IFC requires "[s]ingle or multiple station smoke alarms" be installed throughout Group R-2 buildings, like the Property involved here, *id.* (admitting Def's UMF No. 17), and that the IBC similarly requires portable fire extinguishers be installed in Group R-2 dwellings. *Id.* (admitting Def's UMF No. 18). There is also no dispute that Plaintiff

7

had *previously* installed such devices through the Property, as required, until February 2020, "as required by local code" and as required as a condition for fire coverage under the Policy. *Id.* at 4-5 (admitting Def's UMF Nos. 1-8, 10-13, 28-29).

Ignoring these explicit admissions, however, Plaintiff then argues that the term stated in the PSE, "as required by local code," is somehow ambiguous.[1] *See* Dkt. # 46, at 8-11. While his argument is vague, at best, Plaintiff ostensibly argues that term, "as required by local code" could possibly be interpreted to mean only those codes that would have been *enforced* by the Fire Marshal at the time of the fire, *see generally* Dkt. # 46, at 8-11, yet Plaintiff "never explain[s] how" the PSE language could be read "to reach that meaning." *Edens v. The Netherlands Ins. Co.*, 834 F.3d 1116, 1124–25 (10th Cir. 2016); *compare id.*, *with* Dkt. # 46, at 8-11. Notably, Plaintiff presents no facts or evidence in support of that argument, *id.* at 6-7, nor is there any evidence that suggests Plaintiff himself found the term ambiguous in any way. *Id.* at 4 (admitting Def's UMF Nos. 1-8, 10-18, 20-21, 28-29). Irrespectively, "ambiguity does not exist simply because the parties urge different interpretations," *New Hamilton Liquor Store, Inc. v. AmGuard Ins. Co.*, 474 F. Supp. 3d 922, 925–26 (E.D. Mich. 2020), *reconsideration denied,* 2020 WL 6585541 (E.D. Mich. Nov. 10, 2020), *and aff'd*, 2021 WL 5974158 (6th Cir. Dec. 16, 2021) (quoting *Hugo Boss Fashions, Inc. v. Federal Ins. Co.*, 252 F.3d 608, 616 (2d Cir. 2001)) (citation mark

---

[1] In doing so, Plaintiff erroneously argues that Great Lakes has ignored the import of the term, "as required by local code." Dkt. # 46, at 8-11. This feint plainly ignores that the crux of Defendant's Motion for Summary Judgment is that all of the PSE's terms, including this one, are unambiguous and exclude coverage for Plaintiff's fire loss claim. *See generally* Dkt. # 40.

omitted), and "a split in authority over whether a certain term is ambiguous will not, in itself, establish an ambiguity nor will the fact that the parties disagree." *Goodwill Indus. of Cent. Oklahoma, Inc. v. Philadelphia Indem. Ins. Co.*, 21 F.4th 704, 709 (10th Cir. 2021), *cert. denied*, 142 S. Ct. 2779 (2022) (quoting *BP Am., Inc. v. State Auto Prop. & Cas. Ins.*, 2005 OK 65, ¶ 6, 148 P.3d 832, 836).

Plaintiff claims that the PSE's conditions requiring "[f]ully-functioning Smoke Detectors and Fire Extinguishers as required by local code" means that "no local code required such maintenance", Dkt. # 46, at 11, but this interpretive position ignores the plain meanings of the words and creates an absurd result, especially when viewing the complete terms of the Policy under Oklahoma's standards of contract interpretation. *Contrast id.*, *with Dodson v. St. Paul Ins. Co.*, 1991 OK 24, 812 P.2d 372, 376–77; *cf. Wynn v. Avemco Ins. Co.*, 1998 OK 75, ¶ 17, 963 P.2d 572, 575 (citing *Dodson*, 812 P.2d at 376) (courts should not "create an ambiguity by using a forced or strained construction, by taking a provision out of context, or by narrowly focusing on a provision."). The undisputed facts show that at the time of contracting, the parties clearly intended that fire loss coverage should be conditioned on the protective safeguards listed in the PSE "as required by local code," and there is no dispute that local code *requires* "[f]ully-functioning Smoke Detectors and Fire Extinguishers". Dkt. # 40, at UMF Nos. 1-8, 10-18, 20-22, 28-29; Dkt. # 46, at 4-5 (admitting the same). Plaintiff's novel interpretation as to these 4 words within the PSE is therefore *not* "a natural and reasonable one, fairly constructed to effectuate [the policy's] purpose," and does *not* evince "the intention of the parties as it existed at the time the contract was negotiated." *Dodson*, 812 P.2d at 376. Ultimately, to adopt the position

advanced by Plaintiff as to the meaning of the PSE's terms, "this Court would be required to engage in a strained and unnatural construction of the exclusion, something that Oklahoma law does not permit." *Nat'l Am. Ins. Co. v. Gerlicher Co., LLC*, 2011 OK CIV APP 94, ¶ 14, 260 P.3d 1279, 1285.

## II. THE UNDISPUTED MATERIAL FACTS INVALIDATE THE MERITS OF PLAINTIFF'S BAD FAITH CLAIM.

Plaintiff's final attempt to shield his "unreasonable delay" bad faith claim must fail, in light of the undisputed material facts of this case. Oklahoma law recognizes that an insurer's "duty to investigate is not unlimited, and is judged according to the circumstances." *Emmanuel Baptist Church v. State Farm Fire & Cas. Co.*, 2012 WL 3595093, at * 8–9 (W.D. Okla. Aug. 21, 2012). As discussed in depth in Defendant's Motion, issues existed at the outset of this claim regarding "coverage concerning some or all of the damages", and Great Lakes' concerns about coverage were a legitimate basis for the delays in determining coverage. Dkt. # 40, at 28-29; Ex. 16 thereto; *see also id.*, at UMF Nos. 23-38; *accord*, *Roberts v. State Farm Mut. Auto. Ins. Co.*, 61 F. App'x 587, 592 (10th Cir. 2003) (unpublished) (citing *Buzzard v. Farmers Ins. Co.*, 1991 OK 127, 824 P.2d 1105, 1109) ("Under Oklahoma law, . . . an insurer's investigation need only be reasonable, not perfect."). Thus, the lack of coverage due to Plaintiff's failure to satisfy the conditions of the PSE undisputedly demonstrates that "Defendant's conduct could not 'reasonably be perceived as tortious,' the requirement necessary to overcome summary judgment." *Emmanuel*, 2012 WL 3595093 at * 9 (quoting *Oulds v. Principal Mut. Life. Ins. Co.*, 6 F.3d 1431, 1436-37). Accordingly, both of Plaintiff's claims for breach of contract and breach

of the duty of good faith fail as a matter of law.

## CONCLUSION

For the reasons stated herein and in Defendant's Motion for Summary Judgment (Dkt. # 40), the Court should grant summary judgment in Great Lakes' favor on all of Plaintiff's claims, in accordance with Fed. R. Civ. P. 56, and LCvR56.1.

> Respectfully submitted,
>
> /s/ Sara E. Potts, OBA No. 32104
>
> **DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.**
> Sara E. Potts, OBA No. 32104
> Emily Allan, OBA No. 33456
> 210 Park Avenue, Suite 1200
> Oklahoma City, OK  73102
> Telephone 405.319.3507
> Facsimile 405.319.3537
> spotts@dsda.com
> eallan@dsda.com
> -and-
> Michael Linscott, OBA No. 17266
> Two West Second Street, Suite 700
> Tulsa, OK 74103
> Telephone 918.582.1211
> Facsimile 918.591.5361
> mlinscott@dsda.com
> *Attorneys for Great Lakes Insurance SE*

6150864

## CERTIFICATE OF SERVICE

This certifies that on October 14, 2022, a true and correct copy of the foregoing document was served via the Court's electronic notification system to the following counsel of record:

Scott R. Jackson
Martin Jean & Jackson
P.O. Box 2403
Ponca City, Oklahoma 74602
sjackson@mjjlawfirm.com
***Attorney for Plaintiff***

                              */s/ Sara E. Potts*