UNITED STATED DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JOSHUA FIELDS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-21-986-G |
| ) | |
| (1) GREAT LAKES INSURANCE SE, ) | *Removed from the District Court of* |
| (2) MJ KELLY COMPANY, and ) | *Kay County, State of Oklahoma* |
| (3) CAPSTONE ISG, ) | *Case no. CJ-2021-00037* |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO EXCLUDE EXPERT TESTIMONY OF DIDLAKE AND CASSADY

Defendant Great Lakes Insurance SE ("Great Lakes") submits the following Reply in Support of its Motion to Exclude the Expert Testimony of Russ Didlake and Dereck Cassady (Dkt. # 39) and to respond to Plaintiff's Response in Opposition (Dkt. # 45).

As a preliminary matter, the Court should note that Plaintiff does *not* challenge Defendant's Motion as it pertains to Russ Didlake, Plaintiff's proposed "property valuation" expert. *See generally* Dkt. # 45; *cf.* Dkt. # 39, at 2-3, 6-10. "Since Plaintiff forwarded no arguments directed at" Defendant's motion to exclude Didlake's testimony, the Court should therefore "conclude[] that Plaintiff has conceded that portion of Defendant's motion", and Didlake should be excluded as witness in this case. *Ruleford v. Tulsa World Publ'g Co.*, 2005 WL 8175897, at *2 (N.D. Okla. Oct. 28, 2005), *aff'd sub nom. Ruleford v. Tulsa World Pub. Co.*, 266 F. App'x 778 (10th Cir. 2008) (unpublished); *cf. Rodgers v. Beechcraft Corp.*, 2017 WL 465474, at *11 (N.D. Okla. Feb. 3, 2017) (motion to exclude granted "due to plaintiff's lack of objection."). With respect to

Plaintiff's response objecting to the exclusion of Cassady's expert testimony and opinions, Defendant further addresses those matters below.

**I. CASSADY'S TESTIMONY INCLUDES OPINIONS WHICH SHOULD HAVE BEEN DISCLOSED PURSUANT TO RULE 26 (A)(2) AND DEFENDANT IS PREJUDICED AS A RESULT OF PLAINTIFF'S FAILURE TO DISCLOSE.**

In his Response, Plaintiff attempts to excuse his failure to disclose Cassady as an expert while simultaneously arguing that Cassady is not an expert and his opinions do not require disclosure. Plaintiff states that he "timely identified . . . Cassady, Ponca City Fire Marshall (sic), as a witness to give testimony about his communications with Great Lakes regarding the local code requirements for maintaining protective devices in [the Property]," Dkt. # 45, at 3, but then shrewdly avoids mentioning that the scope of Cassady's proposed testimony is far broader than just his "communications with Great Lakes" about "local code requirements", or even his factual involvement in the fire investigation. Plaintiff further contends that "Mr. Cassady will not testify as an expert witness" at trial, *id.* (emphasis added), but then contradictorily states that "[i]t is true that Mr. Cassady is anticipated to give testimony *about his knowledge and opinions on . . . Ponca City's code requirements relevant to Plaintiff's building at the time of the fire.*" *Id.* at 4 (emphasis added). As identified by Plaintiff, the proposed scope of Cassady's proffered opinion testimony lies squarely within the ambit of Fed. R. Evid. 702 and his opinions should have been disclosed by the expert deadline imposed by the Court's Scheduling Order and in accordance with Fed. R. Civ. P. 26 (A)(2).

By additionally arguing that Great Lakes has not identified any specific opinion of Cassady's which is objectionable under the *Daubert* standard, Dkt. # 45, at 4, Plaintiff also

fails to mention that none of Cassady's opinions have ever been provided to Defendant, despite Defendant's discovery directly seeking this information.[1] Notably, on January 31, 2022, Defendant propounded discovery to Plaintiff and specifically asked Plaintiff to identify "each and every person . . . expect[ed] to provide expert testimony at trial," as well as the opinions of each expert:

> **INTERROGATORY NO. 3:** Identify each and every person you expect to provide expert testimony at trial by providing the following information for each expert:
>
> (a) Educational background and work history;
>
> (b) all publications authored in the previous ten (10) years;
>
> (c) the matters in this litigation that each expert on which each expert is expected to opine;
>
> (d) the factual basis underlying each opinion; and,
>
> (e) the amount of compensation paid to each expert.
>
> (f) a list of all cases each expert has testified as an expert at trial or deposition in the last four years.
>
> NOTE: Answering this Interrogatory does <u>not</u> absolve Plaintiff of the duty to provide expert disclosures in accordance with Fed. R. Civ. P. 26(a)(2), or pursuant to the Court's Scheduling Order.

---

[1] Interestingly, in responding to Defendant's Motion, Plaintiff has also not provided any sworn statements from Mr. Cassady evincing the opinions Plaintiff claims Cassady will provide at trial. *See* Exs. 1-5 to Dkt. # 45; LCvR7.1 (j). Further, there are no exhibits that accurately reflect or support the arguments laid out in Plaintiff's Response, as the claims determination letter (Ex. 5) does *not* establish the basis for Cassady to opine on how the term, "as local code requires", should be interpreted. *Contrast* Dkt. # 45, *with* LCvR7.1 (j); *see also* Reply to Mot. for Summary Judgment, Dkt. # 47, at 2-3 (Resp. to Pltf's Fact ¶ 3), 7-10.

*See* Def's Disc. Reqs. (Excerpt[2] - Interrog. No. 3), Ex. 1 hereto. Plaintiff did not answer the interrogatories propounded to him for *nearly five (5) months*, yet when he did so on June 29, 2022, Plaintiff did not identify Cassady's opinions and expert testimony in response to this Interrogatory:

> **ANSWER TO INTERROGATORY NO. 3:** Plaintiff has not specifically retained an expert witness for purposes of testifying in this case. Plaintiff will supplement this information, should an expert be retained in this case.

Pltf's Resps. to Disc. (Excerpt – Answ. to Interrog. No. 3), Ex. 2. A week later, when Plaintiff's expert disclosures were due on July 7, 2022, Plaintiff also did not disclose Cassady's opinions, nor has Plaintiff ever supplemented his discovery responses to provide the specific opinions of Dereck Cassady.[3] Plaintiff now claims that he did not have to, because Cassady's testimony is only lay witness testimony, but then he states that Cassady somehow has "first hand-knowledge of *how* the local code applied under the circumstances of Plaintiff's fire loss." **Plaintiff cannot have it both ways** – either Cassady will opine on which of Ponca City's "local code requirements" are "relevant to Plaintiff's building at the time of fire" and "relevant" to this case, Dkt. # 45, at 4, or he will *not* provide such opinions and will only testify as a lay witness, providing testimony about his factual knowledge and involvement regarding the subjects underlying this lawsuit, in accordance

---

[2] Exs. 1-2 hereto are submitted pursuant to LCvR7.1 (n).
[3] Had Plaintiff properly disclosed Cassady's opinions in a timely manner, it would have been then apparent that Cassady was not merely a disinterested third-party witness, and Defendant would have then deposed Cassady as an adverse witness to determine the extent of his proposed expert opinions.

4

with Fed. R. Evid. 701. *Contrast* Dkt. # 32, ¶ 8; Dkt. # 45, at 3-6, *with Rimes v. MVT Servs., LLC*, 2020 WL 9073587, at *2 (N.D. Okla. July 24, 2020) (observing that "[n]either party ha[d] listed [the lay witness] as an expert witness," and "[t]hus, Fed. R. Evid. 701 controls what opinions [the lay witness] may or may not provide."); *see also infra*.

## II. CASSADY SEEKS TO OPINE AS TO HOW THE TERM, "AS LOCAL CODE REQUIRES", SHOULD BE INTERPRETED AND APPLIED, THUS INVADING THE PURVIEW OF THIS COURT AND OF THE JURY.

Plaintiff further states in his Response that Cassady will explain to the jury how *he* thinks the PSE's terms, "as required by local code" should be interpreted, Dkt. # 45, at 4-6, despite that there is no factual dispute as to this unambiguous language and this is a pure question of law to be decided by the Court. *See* Motion for Summary Judgment and Reply (Dkts. # 40, 47); *contrast* Dkt. # 45, at 4-6, *with Specht v. Jensen*, 853 F.2d 805, 807 (10th Cir. 1988) ("[I]t is axiomatic that the judge is the sole arbiter of the law and its applicability."); *cf. Rimes v. MVT Servs., LLC*, No. 19-CV-00282-JFH-JFJ, 2020 WL 9073587, at *2 (N.D. Okla. July 24, 2020) ("[W]itnesses will not be permitted to testify concerning conclusions of law."). As the As the Tenth Circuit has recognized, "It is the function of the trial judge to determine the law of the case, . . . [and] [i]t is impermissible to delegate that function to a jury through the submission of testimony on controlling legal principles." *Specht*, 853 F.2d at 808 (quoting *United States v. Zipkin*, 729 F.2d 384, 387 (6th Cir.1984). Thus, by proffering opinion on what "as required by local code" means under the terms of the PSE and regarding the coverage dispute at issue here, Cassady's opinion testimony will not only take over the Court's role in defining the applicable law in this case, but his opinions will also "improperly . . . instruct the jury on how it should

5

decide the case." *Id.* Plaintiff expressly states that Cassady will provide such opinions, yet he provides no justification or argument as to why Cassady should be permitted to do so. Yet, under Rules 701-703, which "afford ample assurances against the admission of opinions which would merely tell the jury what result to reach," such opinion testimony, "which articulates and applies the relevant law" is prohibited, as it "circumvents the jury's decision-making function by telling it how to decide the case." *Id.* at 807-08. The Court should therefore exclude Cassady from rendering such opinions at trial, in accordance with the Rules of Evidence and Tenth Circuit jurisprudence on the issue.

## CONCLUSION

Plaintiff does not object to Defendant's Motion as it pertains to Didlake, and he should be wholly excluded from this case as Plaintiff's expert. In challenging the exclusion of Cassady's expert testimony, Plaintiff presents contradictory arguments as to the nature of Cassady's proffered opinions and Cassady's role as a witness in this case. Importantly, however, Plaintiff does <u>not</u> deny that Cassady's opinions are only legal conclusions which attempt to define what law is applicable in this case and how the jury should apply the facts to that law. Regardless of whether Cassady proffers such testimony as an expert or merely a lay witness, such opinions invade the roles of both this Court and the jury, and Cassady should be prohibited from rendering those opinions during the trial of this matter, in accordance with Fed. R. Evid. 701-704.

                                    Respectfully submitted,

                                    /s/ Sara E. Potts, OBA No. 32104
                                    **DOERNER, SAUNDERS, DANIEL**
                                    **& ANDERSON, L.L.P.**

        Sara E. Potts, OBA No. 32104
        Emily Allan, OBA No. 33456
        210 Park Avenue, Suite 1200
        Oklahoma City, OK 73102
        Telephone 405.319.3507
        Facsimile 405.319.3537
        spotts@dsda.com
        eallan@dsda.com
        -and-
        Michael Linscott, OBA No. 17266
        Two West Second Street, Suite 700
        Tulsa, OK 74103
        Telephone 918.582.1211
        Facsimile 918.591.5361
        mlinscott@dsda.com

## CERTIFICATE OF SERVICE

This certifies that on October 14, 2022, a true and correct copy of the foregoing document was served via the Court's electronic notification system to the following counsel of record:

Scott R. Jackson
Martin Jean & Jackson
P.O. Box 2403
Ponca City, Oklahoma 74602
sjackson@mjjlawfirm.com
***Attorney for Plaintiff***

        */s/ Sara E. Potts*

6149538.1