# UNITED STATED DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) JOSHUA FIELDS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-21-986-G |
| | ) | |
| (1) GREAT LAKES INSURANCE SE, | ) | *Removed from the District Court of* |
| (2) MJ KELLY COMPANY, and | ) | *Kay County, State of Oklahoma* |
| (3) CAPSTONE ISG, | ) | *Case no. CJ—2021—00037* |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT'S COMBINED MOTION IN LIMINE NO. 1

Defendant Great Lakes Insurance SE ("Defendant," or "Great Lakes") moves this Court in limine for an Order prohibiting Plaintiff, Joshua Fields ("Plaintiff"), his counsel, any of his witnesses, or any other persons from asking questions, making any statement, or introducing any evidence directly or indirectly, in the presence of the jurors, or potential jurors, by way of deposition testimony, live testimony, exhibit or otherwise, regarding the issues presented in this Motion without first seeking approval from the Court outside the presence of the jury.  It is expected Plaintiff may attempt to elicit irrelevant testimony or otherwise unfairly prejudice Great Lakes by apprising the jury of matters unrelated to the issues in the case. If Great Lakes is required to wait and object to this evidence during trial, the jury will have been informed of wholly irrelevant evidence. The resulting prejudice could not be overcome by either a sustained objection or a curative instruction from the Court. Fed. R. Evid. 401-403. The matters sought to be excluded are as follows:

## I. DEFENDANT'S LITIGATION CONDUCT

The Court should prohibit Plaintiff, his counsel, or any of his witnesses, during the trial of this matter (including during *voir dire* or at any other time within the hearing of the jury), from mentioning, discussing, referring to, or relying upon evidence relating to the "litigation conduct" of Great Lakes to support Plaintiff's claim for the breach of the covenant of good faith and fair dealing. It is clear that such evidence lacks probative value and carries a high risk of unfair prejudice. Fed. R. Evid. 401-403. Extant law recognizes that "once litigation has commences, the action taken in [an insurer's] defense are not . . . probative of whether [the insurer] in bad faith denied [coverage on the policy]." *Timberlake Const. Co. v. U.S. Fid. & Guar. Co.*, 71 F.3d 335, 340 (10th Cir. 1995). Indeed, "[r]esort to a judicial forum is not per se bad faith or unfair dealing on the part of the insurer regardless of the outcome of the suit", *id.*, and "[a]llowing litigation conduct to serve as evidence of bad faith would undermine an insurer's right to contest questionable claims and to defend itself against such claims." *Id.* at 341.

## II. TESTIMONY AND OPINIONS OF UNTIMELY DISCLOSED EXPERTS AND PURSUANT TO THE *DAUBERT* STANDARD

The Court should prohibit Plaintiff from calling any expert at trial not previously disclosed to Defendant, including those experts objected to by Defendant in Defendant's Objections to Plaintiff's Witness List (Dkt. # 37) and addressed in Defendant's pending *Daubert* Motion and Reply in Support (Dkt. # 39, 48), which are all incorporated herein. In so doing, the Court should also exclude the "Letter/Report" of Russ Didlake proffered by Plaintiff (Plaintiff's Ex. 16), as objected to by Defendant, Dkt. # 35, and referenced in

Defendant's *Daubert* motion (Dkt. # 39).

### III. SETTLEMENT DISCUSSIONS OR NEGOTIATIONS

The Court should prohibit Plaintiff, his counsel, or any of his witnesses from mentioning, discussing, referring to, or relying upon evidence relating to any settlement discussions or negotiations occurring between Plaintiff and Great Lakes' representatives with respect to this lawsuit. Evidence of such communications and discussions are inadmissible pursuant to Fed. R. Evid. 401- 403, and 408, and should be excluded at trial.

### IV. ANY ATTEMPT TO PERSONAL PLAINTIFF'S CASE OR SIMILAR "GOLDEN RULE" ARGUMENTS

Great Lakes anticipates Plaintiff may attempt to "personalize" Plaintiff's case to the jury, in *voir dire*, argument, their case-in-chief, closing, or in other stages of trial, including asking the jurors to "put themselves in Plaintiff's shoes", or by otherwise referring to the "golden rule" by asking the jurors to imagine how they would feel if the circumstances happened to them. Such arguments, references, or statements are improper, highly prejudicial, and are merely an attempt to persuade the jurors to use emotions, not evidence, as the basis for their judgment, and should be excluded. Fed. R. Evid. 401-403.

### V. EVIDENCE REGARDING DEFENDANT'S ALLEGED LACK OF COMMUNICATION WITH PLAINTIFF DURING THE CLAIMS PROCESS

Plaintiff, his counsel, and Plaintiff's representatives and witnesses should be prohibited from mentioning, discussing, referring to, or relying upon evidence to support Plaintiff's allegations that Defendant's representatives or independent claims adjusters failed to correspond with Plaintiff during the claims process or failed to collect information from Plaintiff regarding the coverage issues. *See, e.g.* Dkt. # 1-2, at ¶ 16 (alleging Great

Lakes "did not ask [Plaintiff] for any additional information to assist [Great Lakes with] resolving coverage questions" during the claims investigation).

As Plaintiff is well-aware, Great Lakes took Plaintiff's Examination Under Oath (EUO) on March 18, 2021, almost a week before Plaintiff filed his Petition on March 24, 2021, wherein he alleges that Great Lakes "did not contact Fields to gather information . . . about the claim", or "ask [Plaintiff] for additional information" regarding the coverage issues. Dkt. # 1-2, at ¶¶ 14, 16; *contrast id.*, *with* Dkt. # 40-1 (Ex. 1 to Motion for Summary Judgment). Further, at the time of Plaintiff's Petition, Great Lakes had not yet made its determination as to whether coverage existed on Plaintiff's fire loss claim, as that determination was not made until a few months *after* Plaintiff's EUO, in early July 2021. *See* Dkt. # 40-20 (Ex. 20 to Motion for Summary Judgment). Any reference, suggestion, or argument by Plaintiff that Great Lakes did not communicate with him or seek information from him during the claims investigation are not only manifestly untrue, but would be highly prejudicial to Great Lakes at trial, and should therefore be prohibited by the Court. Fed. R. Evid. 401-403.

**VI.   REFERENCES TO OTHER LAWSUITS INITIATED AGAINST GREAT LAKES OR CLAIMS AGAINST GREAT LAKES**

Whether or not any other lawsuits have been initiated against Great Lakes is wholly irrelevant to the issues in this case. The questions in this case are whether coverage exists or not on this particular fire loss claim and any reference, mention, or argument that Great Lakes has been involved in other lawsuits is not probative of the issues here, would be impermissible hearsay, and would only be raised in order to confuse or prejudice the jury.

Fed. R. Evid. 401-403, 801. Such statements or references should be excluded by the Court.

### VII. REFERENCES TO GREAT LAKES AS AN "OUT OF STATE" OR "FOREIGN" COMPANY/INSURER

Any reference to Great Lakes as an "out of state" or a "foreign" company is completely irrelevant and is not probative to the issues in this case. The sole reason for Plaintiff, his counsel, his witnesses, and any of his representatives to acknowledge Great Lakes as foreign company is to position Great Lakes as an "outsider" to the jury and create a bias against Great Lakes. By focusing on Great Lakes as foreign company, Plaintiff will divert attention away from the issue in this case, *i.e.,* whether coverage exists for a particular fire loss claim. Fed. R. Evid. 401-403.

### VIII. ANY COMMENT REGARDING WITNESSES NOT TESTIFYING OR EVIDENCE NOT PRESENTED BY DEFENDANT AT TRIAL

Plaintiff, his counsel, his witnesses, and any other representatives should be prohibited from making any reference, suggestion, or argument regarding any failure of Great Lakes to call witnesses or introduce evidence at trial. Plaintiff bears the burden to provide his case, not Great Lakes. Any reference on this subject by Plaintiff would be an attempt to improperly shift the burden of proof onto Defendant, would only serve to distract from the real issues and evidence presented in this case, and would be unfairly prejudicial to Great Lakes at trial. Fed. R. Evid. 401-403.

### IX. ANY EVIDENCE PRESENTED IN REBUTTAL WHICH SHOULD HAVE BEEN PRESENTED IN PLAINTIFF'S CASE IN CHIEF.

The Court should exclude any evidence proffered by Plaintiff in rebuttal that should have been introduced in Plaintiff's case-in-chief. Oklahoma law recognizes that it is

Plaintiff's duty "to present all of his evidence to make out his case in chief before resting," and Plaintiff may not introduce only "a portion of his evidence in chief and then to wait to see what the evidence on the part of the defendant is before introducing the rest of his evidence." *Aggressive Carriers, Inc. v. Tri-State Motor Transit Co.*, 1997 OK CIV APP 29, ¶¶ 13-14, 941 P.2d 1011, 1013–14; *Caughlin v. Sheets*, 1952 OK 97, 206 Okla. 283, 285, 242 P.2d 724, 726 ("The rule is that all evidence tending to prove the issues set forth in the plaintiff's petition should be introduced in the plaintiff's direct case.").

### X.   ANY WITNESS OR EXHIBIT NOT PREVIOUSLY IDENTIFIED BY PLAINTIFF

The Court should exclude testimony from any witnesses not previously identified by Plaintiff. Additionally, the Court should also prohibit Plaintiff from using any exhibit that Plaintiff has not already identified. The deadline for Plaintiff to file a final witness and exhibit list was August 4, 2022, and discovery was completed on October 3, 2022 [Dkt. #26]. It would be manifestly unjust if Plaintiff was permitted to call witnesses not identified and use exhibits not disclosed at trial.

    Respectfully submitted,

    **DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.**

    */s/ Emily Allan*
    Sara E. Potts, OBA No. 32104
    Emily Allan, OBA No. 33456
    210 Park Avenue, Suite 1200
    Oklahoma City, OK  73102
    Telephone 405.319.3507
    Facsimile 405.319.3537
    spotts@dsda.com
    eallan@dsda.com

                                              -and-
                                              Michael Linscott, OBA No. 17266
                                              Two West Second Street, Suite 700
                                              Tulsa, OK 74103
                                              Telephone 918.582.1211
                                              Facsimile 918.591.5361
                                              mlinscott@dsda.com

## CERTIFICATE OF SERVICE

      This certifies that on November 7, 2022, a true and correct copy of the foregoing document was served via the Court's electronic notification system to the following counsel of record:

      Scott R. Jackson


                                               */s/ Emily Allan*

6196245.1