# UNITED STATED DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) JOSHUA FIELDS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-21-986-G |
| | ) | |
| (1) GREAT LAKES INSURANCE SE, | ) | *Removed from the District Court of* |
| (2) MJ KELLY COMPANY, and | ) | *Kay County, State of Oklahoma* |
| (3) CAPSTONE ISG, | ) | *Case no. CJ—2021—00037* |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE REGARDING ACTUAL DAMAGES

Defendant Great Lakes Insurance SE ("Defendant," or "Great Lakes") moves this Court in limine for an Order prohibiting Plaintiff, Joshua Fields ("Plaintiff"), his counsel, or any of his witnesses, during the trial of this matter (including during *voir dire* or at any other time within the hearing of the jury), from mentioning, discussing, referring to, or relying upon evidence to support any claims for actual damages other than the costs associated with demolition of the building at issue, including exclusion of any evidence regarding market value, diminution in value, reconstruction costs associated with the Building, or loss of rental income or business.

Regarding his claim for actual damages, Plaintiff has only produced documents relating to the costs associated with demolishing the building and has not adduced any evidence of other damages and should not be allowed to argue or attempt to prove other damages before a jury. He has also not presented (or alleged) any claim for lost income

related to rents at the apartment building which was subject to the fire loss. The Oklahoma Supreme Court has held that the exclusion of evidence is proper based upon the failure to raise issues in the pleadings prior to trial, *see, e.g.*, *Baker v. Knott*, 1972 OK 6, 494 P.2d 302, and federal courts have likewise recognized that a trial court "does not abuse its discretion by excluding evidence that is not relevant to the claims alleged in the complaint." *Slavin v. Garrison Prop. & Cas. Ins. Co.*, 805 F. App'x 561, 564 (10th Cir. 2020) (unreported). Where, as in this case, "the operative complaint does not give a defendant fair notice of a claim that the plaintiff attempts to assert later in litigation, a court may exercise its discretion to exclude evidence of that claim." *Id.* Such is the issue with any attempt by Plaintiff to raise claims for damages other than demolition costs associated with the building, and the Court should decline to allow such evidence at trial.

Respectfully submitted,

**DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.**

*/s/ Emily Allan*
Sara E. Potts, OBA No. 32104
Emily Allan, OBA No. 33456
210 Park Avenue, Suite 1200
Oklahoma City, OK  73102
Telephone 405.319.3507
Facsimile 405.319.3537
spotts@dsda.com
eallan@dsda.com
-and-
Michael Linscott, OBA No. 17266
Two West Second Street, Suite 700
Tulsa, OK 74103
Telephone 918.582.1211
Facsimile 918.591.5361
mlinscott@dsda.com

## CERTIFICATE OF SERVICE

      This certifies that on November 7, 2022, a true and correct copy of the foregoing document was served via the Court's electronic notification system to the following counsel of record:

      Scott R. Jackson

                                                    /s/ Emily Allan

6196246.1