UNITED STATED DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) JOSHUA FIELDS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-21-986-G |
| | ) | |
| (1) GREAT LAKES INSURANCE SE, | ) | *Removed from the District Court of* |
| (2) MJ KELLY COMPANY, and | ) | *Kay County, State of Oklahoma* |
| (3) CAPSTONE ISG, | ) | *Case no. CJ—2021—00037* |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT'S MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE
REGARDING CLAIM FOR PUNITIVE DAMAGES**

Defendant Great Lakes Insurance SE ("Defendant," or "Great Lakes") moves this Court in limine for an Order prohibiting Plaintiff, Joshua Fields ("Plaintiff"), his counsel, or any of his witnesses, during the trial of this matter (including during *voir dire* or at any other time within the hearing of the jury), from mentioning, discussing, referring to, or relying upon evidence regarding Plaintiff's claim for punitive damages, as there exists ***no evidence*** in this case establishing that Great Lakes' actions evince a reckless or malicious intent to cause harm, let alone evidence to support the "clear and convincing" standard required under Oklahoma law. In addition, it is anticipated that Plaintiff's counsel will attempt to introduce evidence related to punitive damages at the first stage of trial (*i.e.*, the liability stage) before the Court has determined whether to instruct the jury on the issue of punitive damages, and introduction of such evidence during the initial stage of trial would be improper. Moreover, in the event that punitive damages are awarded to Plaintiff

following the determination of liability against Great Lakes, Plaintiff should not be permitted to inflame the jury's emotions in the hopes of lifting the statutory cap beyond the proof of the evidence as to so allow would be in direct contravention of 23 O.S. § 9.1.

**BRIEF IN SUPPORT**

**I.   AN AWARD OF PUNITIVE DAMAGES IN THIS CASE WOULD BE IMPROPER.**

    **A.   THE STATUTORY FRAMEWORK OF 23 O.S. § 9.1 REQUIRES SEPARATE PROCEEDINGS FOR LIABILITY AND THE AWARD OF PUNITIVE DAMAGES.**

Oklahoma uses a multi-step process in determining punitive damages, employing statutory caps at specific levels of culpability. *Robinson v. Sunshine Homes, Inc.*, 2012 OK CIV APP 87, ¶¶ 52-54, 291 P.3d 628, 638, citing 23 O.S. § 9.1. Punitive awards may only be assessed after the liability is determined and after an award of actual damages and are permitted only in cases where there is "evidence, at a minimum, of reckless disregard toward another's rights from which malice and evil intent may be inferred." *Id.* at ¶ 53, citing *Payne v. Dewitt*, 1999 OK 93, 995 P.2d 1088; accord, *Wilspec Techs., Inc. v. DunAn Holding Grp., Co., Ltd.*, 2009 OK 12, ¶ 18, 204 P.3d 69, 75 ("Punitive damages are awarded only in the most egregious circumstances and are aimed at punishing the offending party. In addition to proving the elements of [the underlying] tort, the plaintiff seeking punitive damages . . . must prove that the defendant acted either recklessly, intentionally, or maliciously by clear and convincing evidence."); *Buxton v. United of Omaha Life Ins. Co.*, 2022 WL 2959579, at *8 (W.D. Okla. July 26, 2022) (citing 23 O.S. § 9.1). The Court acts as a gatekeeper and it is "the trial court's responsibility to determine whether *any*

*competent evidence* exists to warrant submission of the question of punitive damages to the jury." *Vance v. Enogex Gas Gathering, L.L.C.*, 2017 OK CIV APP 14, ¶ 13, 393 P.3d 718, 722 (quoting *Estrada v. Port City Properties, Inc.*, 2011 OK 30, ¶ 20, 258 P.3d 495, 504); *cf. Buxton*, 2022 WL 2959579, at *8 (quoting same).

Further, 23 O.S. § 9.1 requires that the stage wherein the jury determines the amount of punitive damages, if any, be "conducted after the jury has made such finding [to award punitive damages]" and must be performed "a separate proceeding" following the liability stage. 23 O.S. § 9.1 (B)(2) (Category I damages); § 9.1 (C)(2) (Category II damages); § 9.1 (D)(2); *Lierly v. Tidewater Petroleum Corp.*, 2006 OK 47, ¶ 31, 139 P.3d 897, 906 (citing 23 O.S. § 9.1) ("In the first stage, the jury is to determine fact questions relevant to defendant's liability on plaintiff's claim, actual damages, and evidence of the defendant's reckless disregard for the rights of others. In the second stage, the jury deals with the fact question of what amount of punitive damages, if any, is warranted by the evidence.").

In the second proceeding on punitive damages, the jury may then consider the factors enumerated in 23 O.S. 2011, § 9.1 (A) to establish the amount of punitive damages to award, as follows:

> "1. The seriousness of the hazard to the public arising from the defendant's misconduct;
>
> 2. The profitability of the misconduct to the defendant;
>
> 3. The duration of the misconduct and any concealment of it;
>
> 4. The degree of the defendant's awareness of the hazard and of its excessiveness;
>
> 5. The attitude and conduct of the defendant upon discovery of the misconduct or hazard;

> 6. In the case of a defendant which is a corporation or other entity, the number and level of employees involved in causing or concealing the misconduct; and
>
> 7. The financial condition of the defendant."

Consideration of these factors establishes the statutory level at which the jury may award punitive damages, 23 O.S. 2011, §9.1 (E), based upon "clear and convincing evidence." 23 O.S. 2011, §9.1 (B)-(D); *see also Longoria v. Khachatryan*, 2016 WL 5372831, at *2 (N.D. Okla. Sept. 26, 2016) ("Oklahoma's punitive damages statute provides that punitive damages may be awarded in three situations . . . Each category sets forth the amount of damages available based, in part, on the intent of the defendant.") (internal citation omitted). Under Category I, the jury must find "by clear and convincing evidence that . . . [Great Lakes] recklessly disregarded its duty to deal fairly and act in good faith with its insured" in order to award punitive damages. 23 O.S. § 9.1 (B)(2). To award punitive damages under Category II, the jury must find "by clear and convincing evidence that . . . [Great Lakes] has intentionally and with malice breached its duty to deal fairly and act in good faith with its insured." 23 O.S. § 9.1 (C)(2). However, even when the jury so finds for Category II damages, the Court must then find, "on the record and out of the presence of the jury, that there is evidence beyond a reasonable doubt that the defendant or insurer acted intentionally and with malice and engaged in conduct life-threatening to humans" in order to lift the statutory cap on punitive damages. 23 O.S. § 9.1 (D)(2).

In the present case, there is insufficient evidence to establish that Great Lakes acted recklessly *or* intentionally/maliciously in order to overcome the "clear and convincing" standard imposed by the statute. *See In re A.L.F.*, 2010 OK 59, ¶ 6, 237 P.3d 217, 219

("[C]lear and convincing evidence is defined as 'that measure of degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegation sought to be established.'") (internal citations omitted). Moving beyond what is supported by the evidence or allowed under the statute would be improper. *Accord*, *Gilbert v. Sec. Fin. Corp. of Oklahoma, Inc.*, 2006 OK 58, ¶ 46, 152 P.3d 165, 180.

### B. AN AWARD OF PUNITIVE DAMAGES WOULD LIKELY BE THE RESULT OF IMPROPERLY ROUSING THE JURY'S OUTRAGE OR SYMPATHIES.

Any punitive award that is awarded in this case should be specifically scrutinized by the Court. *Gilbert*, 152 P.3d at ¶ 46 (quoting *Rodebush ex rel. Rodebush v. Oklahoma Nursing Homes, Ltd.*, 1993 OK 160, 867 P.2d 1241, 1251) (observing that punitive damages awards must be "reasonably related to the defendant's conduct and related to the cause and extent of the injuries," and will be reversed on appeal when the award is "excessive as a result of the' passion, prejudice, or improper sympathy of the jury.'"). There is no evidence to suggest that Great Lakes acted in such manner that would establish the intent required to allow punitive damages in this case, let alone sufficient evidence of any malicious or intentional bad acts made by Defendant to warrant lifting the statutory cap under § 9.1 (D). *Cf. Scribner v. Hillcrest Med. Ctr.*, 1992 OK CIV APP 117, 866 P.2d 437, 443 (regarding Oklahoma's previous punitive damages statute) (noting that the "grossly excessive or 'influenced by passion, prejudice or sympathy' standards for reviewing punitive damages "contemplate[s] . . . the *reasonableness* of the award in relation to" the factors to be weighed regarding the nature of the defendant's conduct and the injury incurred); *Chandler v. Denton*, 1987 OK 38, 741 P.2d 855, 868 ("[W]here an

5

award is found so out of proportion as to be unconscionable, a conditional affirmance, subject to remittitur, may be required.").

  **C. PLAINTIFF SHOULD BE PROHIBITED FROM ARGUING OR INTRODUCING EVIDENCE REGARDING THE FACTORS FOR SETTING PUNITIVE DAMAGES DURING THE LIABILITY PHASE OF TRIAL.**

Because liability must be determined first at trial, it would also be manifestly prejudicial to Great Lakes if Plaintiff presented evidence or argument to the jury during the initial phase of trial regarding the factors for determining the amount of punitive damages to award under § 9.1 (A). *See* Sec. A, *supra*; Fed. R. Evid. 401-403. Consideration of these factors are only appropriate for consideration during the second phase of trial and bear no relevance to the actual issues for the liability phase of trial. *Cf. Hellard v. Mid Century Ins. Co.*, 2021 WL 5003445, at *1–2 (N.D. Okla. Feb. 18, 2021) (defendant's financial condition and other factors under § 9.1 (a) were "not relevant to the first phase of the trial," under "Oklahoma's bifurcated procedure" for liability and punitive damages under 23 O.S. § 9.1); *cf. Rodebush ex rel. Rodebush v. Oklahoma Nursing Homes, Ltd.*, 1993 OK 160, 867 P.2d 1241, 1247 ("The plea for punitive damages rests on the underlying claim, and if there is no recovery on the underlying claim, there can be no recovery of punitive damages."). Any evidence, whether indirect or direct, during the liability phase that in any way references or implicates the factors for setting the award for punitive damages under § 9.1 (A) would be improper before the requisite findings are made by the jury and by this Court, as would any arguments to the jury to "send a message" to Defendant or other insurers, to "make an example" of Great Lakes, that Great Lakes "put profits over customers" or any other similar rhetoric made during the liability portion of trial. The Court

should therefore exclude such argument and evidence prior to the jury's determination on liability.

WHEREFORE, Defendant Great Lakes Insurance SE respectfully requests the Court enforce the statutory requirements of 23 O.S. § 9.1, prohibit the question of punitive damages from the jury's consideration at the liability phase in light of the complete lack of evidence to support such findings, and further prohibit Plaintiff from presenting any evidence or argument during the liability phase that in any way reference or relate to the factors under § 9.1 (A) for setting the amount of punitive damages in secondary proceedings.

Respectfully submitted,

**DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.**

*/s/ Emily Allan*
Sara E. Potts, OBA No. 32104
Emily Allan, OBA No. 33456
210 Park Avenue, Suite 1200
Oklahoma City, OK  73102
Telephone 405.319.3507
Facsimile 405.319.3537
spotts@dsda.com
eallan@dsda.com
-and-
Michael Linscott, OBA No. 17266
Two West Second Street, Suite 700
Tulsa, OK 74103
Telephone 918.582.1211
Facsimile 918.591.5361
mlinscott@dsda.com

## CERTIFICATE OF SERVICE

This certifies that on November 7, 2022, a true and correct copy of the foregoing document was served via the Court's electronic notification system to the following counsel of record:

Scott R. Jackson

*/s/ Emily Allan*

6196247.1