# UNITED STATED DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) JOSHUA FIELDS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-21-986-G |
| | ) | |
| (1) GREAT LAKES INSURANCE SE, | ) | *Removed from the District Court of* |
| (2) MJ KELLY COMPANY, and | ) | *Kay County, State of Oklahoma* |
| (3) CAPSTONE ISG, | ) | *Case no. CJ—2021—00037* |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT'S MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE REGARDING PLAINTIFF'S "BAD FAITH" CLAIM

Defendant Great Lakes Insurance SE ("Defendant," or "Great Lakes") moves this Court in limine for an Order prohibiting Plaintiff, Joshua Fields ("Plaintiff"), his counsel, any of his witnesses, or any other persons from asking questions, making any statement, or introducing any evidence directly or indirectly, in the presence of the jurors, or potential jurors, by way of deposition testimony, live testimony, exhibit or otherwise, regarding the issues presented in this Motion without first seeking approval from the Court outside the presence of the jury. It is expected Plaintiff may attempt to elicit irrelevant testimony or otherwise unfairly prejudice Great Lakes by apprising the jury of matters unrelated to the issues in the case. If Great Lakes is required to wait and object to this evidence during trial, the jury will have been informed of the wholly irrelevant evidence. The resulting prejudice could not be overcome by either a sustained objection or a curative instruction from the Court. Fed. R. Evid. 401-403. As such, Great Lakes moves this Court to instruct Plaintiff,

Plaintiff's counsel, and all respective witnesses and representatives to refrain from mentioning Plaintiff's claim for breach of the covenant of good faith and fair dealing, or that Great Lakes acted in "bad faith."

The actual issue present in this case is one of coverage. Both parties disagree on the fact of whether the fire loss at Plaintiff's building was covered by the terms of the insurance policy issued by Great Lakes. Plaintiff argues that coverage existed and was wrongfully denied by Great Lakes; Great Lakes contends the loss was not covered due to the lack of protective safeguards required under the exclusionary terms of the policy. Thus, these issues demonstrate that a "legitimate dispute" exists as to coverage on Plaintiff's fire loss claim, and "[w]here an insurance company has a legitimate dispute to a claim, there can be no bad faith." *Hale v. A.G. Ins. Co.*, 2006 OK CIV APP 80, 138 P.3d 567; *see also* Def's Mot. for S. Judgment and Reply in Supp. (Dkts. # 40, 47).

Under Oklahoma law, "[i]f there is a legitimate dispute concerning coverage or no conclusive precedential legal authority on an issue, withholding payment is not unreasonable or in bad faith." *Bailey v. Farmers Ins. Co.*, 2006 OK CIV APP 85, ¶ 16, 137 P.3d 1260, 1264. It is reversible error to allow the question of bad faith to be presented to the jury where the insurers actions were reasonable, as we have in this case where Great Lakes hired independent adjusters and engineers to determine the conditions at the building at the time of loss, to determine what "local codes" were applicable, to determine what protective safeguards were "required by local code" as outlined in the policy, and to investigate other matters regarding coverage, and where Great Lakes followed such opinions and investigative findings in making its determination to deny coverage. *Conti v.*

2

*Republic Underwriters Ins. Co.*, 1989 OK 128, 782 P.2d 1357; *see also* Dkt. # 40; *accord*, *LeBlanc v. Travelers Home and Marine Ins. Co.,* 2011 WL 2748616, *3 (W.D.Ok.2011) (reliance on experts and consultants "does not suggest a basis for bad faith" where issues of coverage depended on technical issues).  Oklahoma law is also clear that an insurer does not breach its duty to deal fairly and act in good faith with its insured by refusing to pay a claim "if there is a 'legitimate dispute' as to coverage or amount of the claim, and the insurer's position is 'reasonable and legitimate.'" *Thompson v. Shelter Mut. Ins.*, 875 F.2d 1460, 1462 (10th Cir. 1989) (citing *Manis v. Hartford Fire Ins. Co*., 1984 OK 25, 681 P.2d 760). "If there is a legitimate dispute concerning coverage or no conclusive precedential legal authority on an issue, withholding payment is not unreasonable or in bad faith." *Bailey*, 137 P.3d at ¶ 16.

Even if Plaintiff's breach of contract claim was to go forward, any mention of Great Lakes' alleged "bad faith" to the jury by Plaintiff would simply serve to prejudice the jury and confuse the issues. Presenting evidence or argument to the jury that Great Lakes somehow acted in "bad faith" under the actual circumstances of this case only serves one purpose: to prejudice the jury against Great Lakes. *See* Fed. R. Evid. 403. The only purpose for presenting such evidence would be for a jury to feel sympathy for Plaintiff and infer that the "big corporate insurer" was intentionally pushing around the "little guy," *i.e.*, Plaintiff. As such, use of this evidence is prejudicial, irrelevant, and serves no purpose other than to confuse the issues presented to the jury. Fed. R. Evid. 402-403. The Court should exclude such evidence or argument at trial.

Respectfully submitted,

**DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.**

  /s/ Emily Allan
Sara E. Potts, OBA No. 32104
Emily Allan, OBA No. 33456
210 Park Avenue, Suite 1200
Oklahoma City, OK  73102
Telephone 405.319.3507
Facsimile 405.319.3537
spotts@dsda.com
eallan@dsda.com
-and-
Michael Linscott, OBA No. 17266
Two West Second Street, Suite 700
Tulsa, OK 74103
Telephone 918.582.1211
Facsimile 918.591.5361
mlinscott@dsda.com

## CERTIFICATE OF SERVICE

This certifies that on November 7, 2022, a true and correct copy of the foregoing document was served via the Court's electronic notification system to the following counsel of record:

Scott R. Jackson

  /s/ Emily Allan

6196249.1