UNITED STATED DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JOSHUA FIELDS ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> (1) GREAT LAKES INSURANCE SE, ) <br> (2) MJ KELLY COMPANY, and ) <br> (3) CAPSTONE ISG, ) <br> ) <br> Defendants. ) <br> ) | Case No. CIV-21-986-G <br><br> *Removed from the District Court of* <br> *Kay County, State of Oklahoma* <br> *Case no. CJ—2021—00037* |

**DEFENDANT'S MOTION IN LIMINE NO. 5 REGARDING OKLAHOMA'S UNFAIR CLAIMS SETTLEMENT PRACTICES ACT**

Defendant Great Lakes Insurance SE ("Defendant," or "Great Lakes") moves this Court in limine for an Order prohibiting Plaintiff, Joshua Fields ("Plaintiff"), his counsel, or any of his witnesses, during the trial of this matter (including during *voir dire* or at any other time within the hearing of the jury), from mentioning, discussing, referring to, or relying upon evidence relating to or relying upon Oklahoma's Unfair Claims Settlement Practices Act, 36 O.S. §§ 1250.1, *et seq.* (the "Act").

In Plaintiff's Petition (Dkt. # 1-2), Plaintiff alleges that Great Lakes breached the terms of the policy and breached the covenant of good faith and fair dealing by, among other things, "not attempting in good faith to make a prompt, fair and equitable settlement of Plaintiff's claim once it was clear benefits were owed under the policy", and by "forcing Plaintiff to file a lawsuit, pursuant to its claims practice, to secure benefits Defendant knew were owed and payable . . . ." Pet., Dkt. # 1-2, at ¶ 19 (vi)-(vii). Such allegations invoke

provisions of the Act, yet the Act "does not create a private right of action." *Thompson v. State Farm Fire & Cas. Co.*, 34 F.3d 932, 939 (10th Cir. 1994). Further, the jury instructions will almost certainly include instructions regarding the standards for the "covenant of good faith and fair dealing" within every insurance contract, and thus to proffer argument or evidence reliant upon the language of the Act would supplant the existing standards for the jury to consider. *Id.* Moreover, as discussed in Defendant's Motion for Summary Judgment (Dkts. # 40, 47) and in other filings herewith, Plaintiff's "bad faith" claim is untenable as there exists a legitimate dispute as to whether coverage exists on Plaintiff's fire loss claim, which is the sole basis for Plaintiff's claim for breach of the covenant of good faith, and thus any reference to the Act with respect to Plaintiff's breach of contract claim, if it survives summary judgment, would only confuse the jury as to the standards to be applied on that cause of action. Fed. R. Evid. 403.

Thus, because the Act "'does not establish standards of care or standards of conduct for measuring whether an insurer has violated its duty of good faith and fair dealing,' nor does it provide a private right of action", there is no appropriate basis for any reference to the Act during trial. *Elk City Golf & Country Club, Inc. v. Philadelphia Indem. Ins. Co.*, 2020 WL 53556, at *2 (W.D. Okla. Jan. 3, 2020) (quoting *Aduddell Lincoln Plaza Hotel v. Certain Underwriters at Lloyd's of London*, 2015 OK CIV APP 34, ¶¶ 24-26, 348 P.3d 216, 223–24." At bottom, the Act "does not function as an appropriate guide for a jury to determine bad faith," and has no relevance to the jury's determinations to be made on either of Plaintiff's claims. *Aduddell*, 348 P.3d at ¶ 26. The Court should therefore prohibit Plaintiff from referencing, relying, mentioning, or otherwise alluding to the Act's

provisions.

Respectfully submitted,

**DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.**

*/s/ Emily Allan*
Sara E. Potts, OBA No. 32104
Emily Allan, OBA No. 33456
210 Park Avenue, Suite 1200
Oklahoma City, OK  73102
Telephone 405.319.3507
Facsimile 405.319.3537
spotts@dsda.com
eallan@dsda.com
-and-
Michael Linscott, OBA No. 17266
Two West Second Street, Suite 700
Tulsa, OK 74103
Telephone 918.582.1211
Facsimile 918.591.5361
mlinscott@dsda.com

## CERTIFICATE OF SERVICE

This certifies that on November 7, 2022, a true and correct copy of the foregoing document was served via the Court's electronic notification system to the following counsel of record:

Scott R. Jackson

*/s/ Emily Allan*

6196252.1

3