## UNITED STATED DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) JOSHUA FIELDS | **)** | |
| | **)** | |
| Plaintiff, | **)** | |
| | **)** | |
| v. | **)** | Case No. CIV-21-986-G |
| | **)** | |
| (1) GREAT LAKES INSURANCE SE, | **)** | *Removed from the District Court of* |
| (2) MJ KELLY COMPANY, and | **)** | *Kay County, State of Oklahoma* |
| (3) CAPSTONE ISG, | **)** | *Case no. CJ—2021—00037* |
| | **)** | |
| Defendants. | **)** | |
| | **)** | |

## DEFENDANT GREAT LAKES INSURANCE SE'S PROPOSED JURY INSTRUCTIONS

Respectfully submitted,

**DOERNER, SAUNDERS, DANIEL
& ANDERSON, L.L.P.**
Sara E. Potts, OBA No. 32104
Emily Allan, OBA No. 33456
210 Park Avenue, Suite 1200
Oklahoma City, OK  73102
Telephone 405.319.3507
Facsimile 405.319.3537
spotts@dsda.com
eallan@dsda.com
-and-
Michael Linscott, OBA No. 17266
Two West Second Street, Suite 700
Tulsa, OK 74103
Telephone 918.582.1211
Facsimile 918.591.5361
mlinscott@dsda.com

November 7, 2022

## INTRODUCTION

Defendant Great Lakes Insurance SE ("Defendant," or "Great Lakes") hereby submits its proposed jury instructions for the Court's consideration and pursuant to the Court's Scheduling Order (Dkt. # 26). In so doing, Great Lakes is specifically not agreeing that the claims for which the instructions are herein provided should be submitted to the jury. Rather, Great Lakes maintains that there was no coverage afforded for Plaintiff's claim under the Policy, which preclude coverage for fire loss if the protective safeguards required in the Policy are not satisfied, and as such, judgment as a matter of law and undisputed fact should be entered in Defendant's favor as to all claims by Plaintiff in this action. While Defendant submits instructions relating to interpretation of the terms of the Policy and the "reasonable expectations" doctrine, Great Lakes also maintains that such instructions are unwarranted as the terms of the Policy are clear and unambiguous and thus the interpretation of the plain language of the Policy is a legal question for the Court, and not the jury, as addressed in Defendant's pending Motion for Summary Judgment (Dkts. # 40, 47). Further, Defendant reserves its right to object on all grounds to any and all instructions offered by Plaintiff or issued by the Court with respect to any claims, in particular, the submission of the instructions relating to breach of the covenant of good faith and fair dealing and for punitive damages, as there is not support for either claim in this case. As to all instructions, Great Lakes also reserves the right to revise or amend these proposed jury instructions and/or to propose new or alternative instructions to conform to the evidence in the case, and as may be appropriate based upon the proposed instructions to be tendered by Plaintiff.

**PROPOSED JURY INSTRUCTION NO. 1**

**<u>USE OF ELECTRONIC DEVICES AND RESEARCH PROHIBITED</u>**

At this time, turn off all cell phones and other electronic devices. Do not use any electronic devices while court is in session in this case.

Do not use any electronic device or media, such as the telephone, mobile phone, cell or smartphone, camera, recording device, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, Instagram, YouTube, TikTok, or Twitter, or any other way to find out any information about this case or the parties or attorneys.

During this trial, do not text, post, tweet, blog or otherwise broadcast anything about this case or your service on this jury. This will help you avoid others pressuring you to discuss this trial. If you believe that another juror is violating this instruction, please notify me by immediately giving a note to the bailiff.

It is very important that you abide by these instructions because it is essential that you keep your minds free and open at all times throughout this trial and that you not be influenced by anything except the evidence you hear and see in the courtroom. Failure to follow these instructions could result in the case having to be retried, and you will be in violation of your oath and the court's order, which may result in your being fined, put in jail, or both

## PROPOSED JURY INSTRUCTION NO. 2

## <u>ORDER OF TRIAL</u>

The case will proceed in the following order:

First, Plaintiff may make an opening statement outlining his case. Defendant may make an opening statement outlining its case immediately after Plaintiff's statement. None of the parties are required to make an opening statement. What is said in an opening statement is not evidence but is simply designed to provide you with an introduction to the evidence which the party making the statement intends to produce.

Second, Plaintiff will introduce evidence in support of his claim. Defendant, however, is not obliged to introduce any evidence or to call any witnesses. If Defendant does introduce evidence, Plaintiff may then introduce rebuttal evidence.

Third, the parties may present closing arguments to you as to what they consider the evidence has shown and as to the inferences which they contend you should draw from the evidence. What is said in closing argument, just as what is said in an opening statement, is not evidence. The arguments are designed to present to you the contentions of the parties based on the evidence introduced. Plaintiff has the right to open and to close the argument.

Fourth, I will instruct you on the law which you are to apply in reaching your verdict.

**AUTHORITY**:     3 E. Devitt, C. Blackmar & M, Wolff, *Federal Jury Practice & Instructions,* § 70.02 (4th Ed. 1987) (modified)

**PROPOSED JURY INSTRUCTION NO. 3**

**EXPLANATION TO JURY PANEL OF VOIR DIRE**

As possible jurors you will be questioned to determine your qualifications to serve in this case. The purpose of these questions is to obtain a fair jury. Since this is an important part of the trial, it is necessary that you be given an oath to answer truthfully all questions asked you about your qualifications to serve as jurors. Will you please stand, raise your right hand, and the oath will now be given to you by the Bailiff.

_____ Given

_____ Refused

_____ Modified

Authority: OUJI 1.1 (modified)

**PROPOSED JURY INSTRUCTION NO. 4**

**<u>OATH ON VOIR DIRE</u>**

Do you solemnly swear that you will truly and fully answer all questions asked you by the Judge or the lawyers to serve as a juror in the case now on trial, so help you God? [Juror should be required to answer "I do."].

or

Do you affirm under the pains and penalties of perjury to truly and fully answer all questions asked you by the Judge or lawyers to serve as a juror in the case now on trial? [Juror should be required to answer "I do."].

\_\_\_\_\_ Given

\_\_\_\_\_ Refused

\_\_\_\_\_ Modified

Authority: OUJI 1.2

**PROPOSED JURY INSTRUCTION NO. 5**

**PROPOSED JUROR QUESTIONAIRE**

**UNITED STATED DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) JOSHUA FIELDS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV—21—986—G |
| | ) | |
| (2) GREAT LAKES INSURANCE SE, | ) | *Removed from the District Court of* |
| (3) MJ KELLY COMPANY, and | ) | *Kay County, State of Oklahoma* |
| (4) CAPSTONE ISG, | ) | *Case no. CJ—2021—00037* |
| | ) | |
| Defendants. | ) | |
| | ) | |

**JUROR QUESTIONAIRE**

Each prospective juror must complete and sign this standard juror questionnaire and any supplemental questionnaire provided by the court. This questionnaire and any supplemental questionnaire shall be confidential and will be used by the judge and the attorneys to aid them in selecting the jury in this case. If you do not understand a question, please indicate. If you do not have enough room to give adequate explanation to your answer, please use the space in question 24 for additional information. If there is any question that you would rather discuss with the judge and attorneys privately outside the presence of other jurors, please mark the question with an asterisk (*).

1. Name: _____
        (Last)            (First)          (Middle initial)

2. Sex: ( ) male ( ) female

3. Marital status: ( ) married ( ) never married ( ) separated ( ) divorced ( ) widowed

4. Age: _____

5.  Place of birth:_____

6. Length of residency in Oklahoma (years): _____

7. What county do you live in? _____

8. List other places (city and state) you have lived: _____

9. What is your occupation? _____

(If retired or unemployed, write retired or unemployed and give your previous occupation.)

10. If you are currently employed outside the home, please provide:

Name of employer: _____

Job title: _____

Length of time worked there: _____

11. List other types of jobs you have held as an adult: _____
_____
_____

12. Educational background: _____
_____
_____

13. If you attended college or vocational school, specify your major areas of study and any degrees or certificates you earned and whether you have taken any course in law:_____
_____

14. If you have had military experience, state your highest rank, branch of service, length of service, and specify whether service was reserve or active duty: _____
_____
_____

15. List the organizations that you belong to or participate in, and the offices, if any, that you hold in these organizations:
_____
_____
_____

16. If you are married, state spouse's full name, occupation and employer: _____

_____

_____

17. If you have any children or step—children, please provide the following information:

Child # 1: sex ____ age _____ occupation _____

Child # 2: sex ____ age _____ occupation _____

Child # 3: sex ____ age _____ occupation _____

Child # 4: sex ____ age _____ occupation _____

18. Have you ever served as a juror in any court? ( ) yes ( ) no

If yes, please provide the following information:

| Year | Court/location | Type of case | Were you the foreperson? |
|------|----------------|--------------|--------------------------|
| _____ | _____ | _____ | ( ) yes  ( ) no |
| _____ | _____ | _____ | ( ) yes  ( ) no |
| _____ | _____ | _____ | ( ) yes  ( ) no |
| _____ | _____ | _____ | ( ) yes  ( ) no |

_____ _____ _____

19. Have you ever appeared as a witness in any court proceeding, either civil criminal or military? ( ) yes  ( ) no

If yes, when and in what court? _____

_____

20. Have you or any member of your immediate family been a party to any kind of lawsuit or court proceeding? Include all of the following:

Criminal                          ( ) yes  ( ) no

Bankruptcy                        ( ) yes  ( ) no

Civil                             ( ) yes  ( ) no

Workers' compensation        ( ) yes  ( ) no

Divorce        ( ) yes  ( ) no

Other        ( ) yes  ( ) no

If yes to any, state when and in what court as to each:

_____
_____
_____

21. Have you, any family member, or any close friend ever worked for any attorney, a law office? ( ) yes ( ) no

If yes, state each person's name and relationship to you:

_____
_____

Position held: _____

Name of attorney or law office: _____

Dates of employment: _____

22. Have you, any family member, or any close friend ever worked in law enforcement? ( ) yes ( ) no

If the answer is yes, please identify the name of the person(s) so employed, the particular agency or department(s), the position held for such agency or department(s), and the years of employment:

_____
_____
_____

23. Are you presently taking medicine or have any hearing or other health issue which may affect your ability to serve as a juror? ( ) yes ( ) no

If yes, please explain: _____

_____
_____

24. Is there any reason you could not serve as a juror?  ( ) yes ( ) no

If yes, please explain:

_____

_____

_____

_____

_____

I affirm that the forgoing is true and correct to the best of my knowledge and belief.

_____            _____

Date and Place                                              Signature


_____ Given

_____ Refused

_____ Modified

Authority: OUJI 1.2A (modified)

**PROPOSED JURY INSTRUCTION NO. 6**

**<u>OATH ADMINISTERED TO JURY</u>**

Do you solemnly swear that you will well and truly try the matter submitted to you in the case now on trial and reach a true verdict, according to the law and the evidence presented to you, so help you God? [Juror should be required to answer "I do."].

_____ Given

_____ Refused

_____ Modified

Authority: OUJI 1.3

# DEFENDANT'S PROPOSED JURY INSTRUCTIONS

# INITIAL CAUTIONARY INSTRUCTIONS
# PRIOR TO THE EVIDENCE

**PROPOSED JURY INSTRUCTION NO. 7**

**<u>JURY'S DUTIES — CAUTIONARY INSTRUCTIONS — TO BE GIVEN AFTER
JURY IS SWORN</u>**

Members of the Jury: I will now explain to you your duties as jurors. It is vital to

the administration of justice that you fully understand and faithfully perform these duties.

It is my duty to determine all of the law applicable to this case and to inform you of

that law by these instructions and by the instructions that I will give you after all evidence

has been received. It is your duty to accept and follow all of these instructions as a whole,

not accepting one or more of these instructions and disregarding the others.

It is your duty to determine the facts of this case from the evidence produced in open

court. You should consider only the evidence introduced while the court is in session. It is

then your duty to apply the law, as determined by the court, to the facts as determined by

you, and thus render a verdict. You should not allow sympathy or prejudice to influence

your decision. Your decision should be based upon probabilities, and not possibilities. It

may not be based upon speculation or guesswork.

The evidence which you are to consider consists of the testimony of the witnesses;

the exhibits, if any, admitted into evidence; any facts admitted or agreed to by the attorneys;

and any facts which I instruct you to accept as true. The term "witness" means anyone who

testifies in person, by video, or by deposition, including the parties.

In addition, you are permitted to draw such reasonable inferences from the

testimony and exhibits as you feel are justified. You may make deductions and reach

conclusions which reason and common sense lead you to draw from the facts which you

find to have been established by the testimony and evidence in the case.

The production of evidence in court is governed by rules of law. From time to time it may be the duty of the attorneys to object to the production of evidence and my duty to rule on these objections. If I say the objection is overruled, you may consider the testimony or exhibit covered by the objection. If I say the objection is sustained, you must not consider the testimony or exhibit covered by the objection. and you should not speculate on what the testimony or exhibit might have been. The attorney's objections, and my rulings upon these objections, together with the reasons for these objections and rulings are not evidence and should not be considered by you.

The statements, remarks and arguments of the attorneys are intended to help you in understanding the evidence and applying the law, but are not evidence. If any statement, remark or argument of an attorney has no basis in the evidence, then you should disregard it.

You are the sole judges of the believability of each witness and the value to be given the testimony of each. You should take into consideration the witness's means of knowledge, strength of memory and opportunities of observation. Also consider the reasonableness, consistency or inconsistency of the testimony. You should also consider the bias, prejudice or interest, if any, the witness may have in the outcome of the trial, the conduct of the witness upon the witness stand and all other facts and circumstances that affect the believability of the witness.

My rulings and remarks made during the course of this trial are not intended to indicate my opinion as to the facts. During all recesses and adjournments, while this case

is in progress, you must not discuss this case, or anything about this case, with anyone, and you must not allow anyone to discuss it with you. This rule applies not only to court employees, the attorneys, parties, or witnesses involved in this case, and others you may meet in the courthouse, but also to your husband and wife, other members of your family, your friends and anyone else you may meet. If during the trial anyone talks to you or tries to talk to you about this case, you must immediately report it to me, or the [(clerk of the court)/bailiff], who will report to me.

Do not, before this case is finally submitted to you for a decision, talk to your fellow jurors about this case, or form or express any opinion about it.

Do not read newspaper reports or obtain information from the Internet or any other source about this trial or the issues, parties or witnesses involved in this case, and do not watch or listen to television or radio reports about it. Do not attempt to visit the scene or investigate this case on your own.

During this trial, do not text, post, tweet, blog or otherwise broadcast anything about this case or your service on this jury This will help you avoid others pressuring you to discuss this trial If you believe that another juror is violating this instruction, please notify me by immediately giving a note to the bailiff

The reasons for these rules are that it is essential that you should keep your minds free and open at all times throughout this trial and that you should not be influenced by anything except the evidence you hear and see in the courtroom.

From now on, at the beginning of each recess or adjournment, I will refer to these instructions as "my instructions" or "my usual instructions," but whether or not this is done,

you will carefully observe these rules at all times.

_____ Given

_____ Refused

_____ Modified

Authority: OUJI 1.4

**PROPOSED JURY INSTRUCTION NO. 8**

<u>**JURY'S DUTIES — CAUTIONARY INSTRUCTIONS — CORPORATION AS PARTY.**</u>

All parties to a lawsuit are entitled to the same fair and impartial consideration, whether they are corporations or individuals, plaintiffs or defendants.

_____ Given

_____ Refused

_____ Modified

Authority: OUJI 1.6 (modified)

## PROPOSED JURY INSTRUCTION NO. 9

## <u>JURY'S DUTIES — CAUTIONARY INSTRUCTIONS — REDACTED MATERIALS</u>

From time to time, the parties may offer into evidence documents that have been partially redacted, which means that certain contents of the documents have been blacked out. Redactions are necessary for a wide variety of reasons, including that the redacted information is unrelated to evidence in the case or to protect confidential information. These are just examples. The existence of a redaction in a document should not cause you to draw inferences or speculate about the contents of the redaction. The part of the document that is relevant to your decision will be provided to you, and you should give it the weight you deem appropriate, but that consideration should be in no way influenced by the redaction.

\_\_\_\_\_ Given

\_\_\_\_\_ Refused

\_\_\_\_\_ Modified

Authority: Jury Instruction No. 13 given in *Poarch v. Norman Reg. Hosp.* (CJ—2016—660) (Okla. Dist. Ct. Aug. 2, 2019) (Cleveland County)

# DEFENDANT'S PROPOSED JURY INSTRUCTIONS

# CAUTIONARY INSTRUCTIONS
# TO BE GIVEN AFTER THE EVIDENCE

**PROPOSED JURY INSTRUCTION NO. 10**

**JURY'S DUTIES — INTRODUCTION TO INSTRUCTIONS —TO BE GIVEN
AFTER THE EVIDENCE**

It is now my duty to further explain your duties as jurors, and to further inform you of the law applicable to this case. It is your duty to faithfully perform your duties and to accept and follow all instructions of the law as a whole, including the instruction I gave you at the beginning of this trial [and the instructions I gave you during the course of this trial]. You are not free to accept and follow one or more of these instructions and disregard the other.

A written copy of all instructions will be given to you before you begin your deliberations.

_____ Given

_____ Refused

_____ Modified

Authority: OUJI 1.8

## PROPOSED JURY INSTRUCTION NO. 11

## <u>CLOSING</u>

These instructions contain all the law, whether statutory or otherwise, to be applied by you in this case, and the rules by which you are to weigh the evidence and determine the facts in issue. You will not use any method of chance in arriving at the verdict, but will base it on the judgment of each juror concurring therein. Remember at all times you are not partisans. You are judges of the facts. Your only interest is to seek the truth from the evidence in the case.

You should not allow sympathy or prejudice to influence your decision. Your decision must be based on probabilities, not possibilities. It may not be based upon speculation or guesswork.

**AUTHORITY**:     Adapted from instruction given in *Strickland Tower Maintenance Inc.* v. *AT&T Communications, Inc.,* Case No. 94-CV-1O15-H (N.D. Okla.).

## PROPOSED JURY INSTRUCTION NO. 12

### ELECTION OF FOREPERSON – GENERAL VERDICT

Upon retiring to the jury room, you will select one of you to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court.

Forms of verdict have been prepared for your convenience.

[*Forms of verdict read*.]

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form which sets forth the verdict upon which you unanimously agree; and then return with your verdict to the Courtroom.

**AUTHORITY**:      3 E. Devitt, C. Blackmar and M. Wolff, *Federal Jury Practice & Instructions,* § 74.04 (4th Ed. 1987) (modified).

## PROPOSED JURY INSTRUCTION NO. 13

## DIRECTIONS FOR VERDICT FORMS — ONE PLAINTIFF, ONE DEFENDANT

Members of the Jury, you will receive a Verdict form to indicate your judgment as to Plaintiff's claims in this case.

If you find in favor of Plaintiff, Joshua Fields, on the breach of contract claim, then mark the Verdict Form for Plaintiff on Section I, and against Defendant, Great Lakes, for that same section. If you so find, then determine the amount of damages that Plaintiff, Joshua Fields, is entitled to recover on that claim and enter that amount on the Verdict Form.

If you find in favor of Defendant, Great Lakes, on the breach of contract claim, then mark the Verdict Form for Defendant, Great Lakes, on Section I, and against Plaintiff, Joshua Fields.

If you find in favor of Plaintiff, Joshua Fields, on the claim for breach of the duty of good faith and fair dealing claim, then mark the Verdict Form for Plaintiff on Section II, and against Defendant, Great Lakes, for that same section. If you so find, you must then go on to Section III of the Verdict Form. Section III then requires you to mark whether or not you find in favor of imposing punitive damages against Defendant, Great Lakes, for breach of the duty of good faith and fair dealing.  In that event, I will provide you with further instructions on how to proceed.

If you find in favor of Defendant, Great Lakes, on the claim for breach of the duty of good faith and fair dealing claim, then mark the Verdict Form for Defendant, Great

Lakes, on Section II, and against Plaintiff, Joshua Fields.

_____ Given

_____ Refused

_____ Modified

Authority: OUJI 1.12 (modified)

**PROPOSED JURY INSTRUCTION NO. 14**

**MANDATORY INSTRUCTION UPON DISCHARGE**

You have now completed your duties as jurors in this case and are discharged. The question may arise whether you are free to discuss this case with anyone. This is entirely your decision. If any person tries to discuss the case over your objection, or becomes critical of your service, please report it to me immediately.

_____ Given

_____ Refused

_____ Modified

Authority: OUJI 1.11

## PROPOSED JURY INSTRUCTION NO. 15

## THE ISSUES IN THE CASE — NO COUNTERCLAIM

The parties to this case are Joshua Fields, the Plaintiff, and Great Lakes Insurance SE ("Great Lakes"), the Defendant. I will generally refer to Mr. Fields as "Plaintiff," and to Great Lakes as "Defendant."

Plaintiff has brought claims against Great Lakes for breach of contract and breach of the covenant of good faith and fair dealing. I will now briefly describe these claims and Great Lakes' response to the claims.

The parties admit that Plaintiff owns a multi—family apartment building located in Ponca City, Oklahoma, which was insured against fire loss under a policy issued by Great Lakes. I will refer to Plaintiff's apartment building as "the Property," and the policy involved as "the Policy."

The Policy's terms mandate that Plaintiff satisfy certain conditions and requirements at the Property in order for fire loss coverage to be applicable. Specifically, the Policy conditions required that certain protective safeguards be in place at the Property in order to establish coverage for fire loss to the Property. The Policy specifically identifies that the protective safeguards required were "fire extinguishers and smoke alarms as required by local code."

In February 2021, a fire occurred at the Property while it was unoccupied, and Plaintiff submitted a fire loss claim to Great Lakes under the Policy. The parties admit that prior to the fire, Plaintiff had removed the fire extinguishers and smoke alarms that were previously installed in the Property. During the investigation of Plaintiff's claim, Great

Lakes engaged independent adjusters and engineers to determine the cause of the fire. Based on the findings in Great Lakes' claims investigation regarding the lack of protective safeguards, Great Lakes denied Plaintiff's fire loss claim for lack of coverage.

Plaintiff alleges that by denying Plaintiff's claim, Great Lakes breached the terms of the Policy with Plaintiff by denying coverage under the Policy and for failing to pay for the damage caused to the Property by the February 2021 fire. Plaintiff also alleges that Great Lakes breached its duty to act fairly and in good faith with Plaintiff by investigating Plaintiff's claim in unreasonable and non—diligent manner, and for ultimately denying Plaintiff's claim based on the lack of protective safeguards at the Property. In addition to seeking actual damages, Plaintiff also alleges Great Lakes acted in reckless disregard with respect to Plaintiff's rights such that punitive damages are warranted.

In response, Great Lakes denies that it breached the terms of the Policy or that it breached the duty of good faith and fair dealing and raises defenses that its performance under the terms of the policy were appropriate and reasonable, that it acted fairly and in good faith with Plaintiff on his claim. Great Lakes also states that the terms of the Policy were clear that there would not be any coverage for fire loss without the appropriate protective safeguards in place at the time the loss occurred, and that Plaintiff was not entitled to coverage for his claim as he had admitted to removing the fire extinguishers and smoke alarms from the Property prior to the February 2021 fire. Additionally, Great Lakes denies that it acted unreasonably in handling or investigating Plaintiff's claim and states that it had a legitimate basis for denying coverage on Plaintiff's fire loss based upon the lack of required protective safeguards. Great Lakes further denies that Plaintiff has suffered

any actual damages and denies that punitive damages are applicable.

These are the issues you are to determine.

_____ Given

_____ Refused

_____ Modified

Authority: OUJI 2.1 (modified)

## PROPOSED JURY INSTRUCTION NO. 16

## <u>THE ISSUES IN THE CASE — CAUTIONARY INSTRUCTION</u>

This statement of the case simply defines the issues to be tried by you in this case, and the allegations or claims made therein do not constitute any evidence, nor do the statements or arguments of counsel, but you will only consider as evidence the testimony heard from the witness stand by the witness under oath, any exhibits which have been introduced and any stipulations made by counsel, and you will consider that evidence under the following instructions.

_____ Given

_____ Refused

_____ Modified

Authority: OUJI 2.5

**PROPOSED JURY INSTRUCTION NO. 17**

## BURDEN OF PROOF — GREATER WEIGHT OF THE EVIDENCE

In a civil lawsuit, such as this one, the law provides which party is to prove certain things to you. This is called "Burden of Proof." When I say that a party has the burden of proof on any proposition by the greater weight of the evidence, or use the expression "if you find," or "if you decide", I mean you must be persuaded, considering all the evidence in the case, that the proposition on which such party has the burden of proof is more probably true than not true.  The greater weight of the evidence does not mean the greater number of witnesses testifying to a fact but means what seems to you more convincing and more probably true. A party who seeks to recover on a claim, or a party who raises an affirmative defense, has the burden to prove all the elements of the claim or defense.  In deciding whether a party has met the burden of proof, you are to take into account all the evidence, whether offered by that party or any other party.

\_\_\_\_\_ Given

\_\_\_\_\_ Refused

\_\_\_\_\_ Modified

Authority: OUJI 3.1 (modified)

**PROPOSED JURY INSTRUCTION NO. 18**

**<u>BURDEN OF PROOF— CLEAR AND CONVINCING EVIDENCE</u>**

When I say that a party has the burden of proving any proposition by clear and convincing evidence, I mean that you must be persuaded, considering all the evidence in the case, that the proposition on which the party has this burden of proof is highly probable and free from serious doubt.


_____ Given

_____ Refused

_____ Modified

Authority: OUJI 3.2

## PROPOSED JURY INSTRUCTION NO. 19

## <u>NO SPECULATION</u>

Your decision must be based upon probabilities, not possibilities. It may not be based upon speculation or guesswork.

\_\_\_\_\_ Given

\_\_\_\_\_ Refused

\_\_\_\_\_ Modified

Authority: OUJI 3.3

## PROPOSED JURY INSTRUCTION NO. 20

## <u>DETERMINING CREDIBILITY OF WITNESS</u>

You are the sole judges of the believability of each witness and the value to be given the testimony of each. You should take into consideration the witness's means of knowledge, strength of memory and opportunities for observation. Also consider the reasonableness and consistency or inconsistency of the testimony.

You should also consider the bias, prejudice, or interest, if any, the witness may have in the outcome of the trial, the conduct of the witness upon the witness stand, and all other facts and circumstances that affect the believability of the witness.

_____ Given

_____ Refused

_____ Modified

Authority: OUJI 3.13 (modified)/ 3 E. Devitt, C. Blackmar & M. Wolff, *Federal Jury Practice & Instructions,* § 73.01 and 72.13 (4th Ed. 1987) (modified).

**PROPOSED JURY INSTRUCTION NO. 21**

**<u>EXPERT WITNESS</u>**

There has been introduced the testimony of witnesses who are represented to be skilled in certain areas. Such witnesses are known in law as expert witnesses. You may consider the testimony of these witnesses and give it such weight as you think it should have, but the value to be given their testimony is for you to determine. You are not required to surrender your own judgment to that of any person testifying as an expert or otherwise. The testimony of an expert, like that of any other witness, is to be given such value as you think it is entitled to receive.


_____ Given

_____ Refused

_____ Modified

Authority: OUJI 3.21

**PROPOSED JURY INSTRUCTION NO. 22**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE – DEFINED – USE**

"Direct evidence" is the testimony of a person who asserts actual, personal knowledge of a fact, such as the testimony of an eyewitness. "Direct evidence" may also be an exhibit such as a photograph which demonstrates the existence of a fact. It is proof which points immediately to a question at issue and which proves the existence of a fact without inference or presumption.  "Circumstantial evidence" is the proof of facts or circumstances which gives rise to a reasonable inference of other connected facts.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should consider circumstantial evidence together with all the other evidence in the case in arriving at your verdict.

_____ Given

_____ Refused

_____ Modified

Authority: OUJI 3.25 (modified)

**PROPOSED JURY INSTRUCTION NO. 23**

**<u>DUTY TO MITIGATE DAMAGES – PROPERTY</u>**

In fixing the amount of money that will reasonably and fairly compensate Plaintiff, you are to consider that a person whose property is injured must exercise ordinary care to minimize existing damages and to prevent further injury. If any injury results from a failure to exercise such care, damages cannot be recovered for such loss.

\_\_\_\_\_ Given

\_\_\_\_\_ Refused

\_\_\_\_\_ Modified

Authority: OUJI 5.4(modified)

**PROPOSED JURY INSTRUCTION NO. 24**

**<u>AGENCY – DEFINED</u>**

An agency relationship involves at least two parties, called the principal and agent.

The agency relationship is created from the conduct or agreement of the principal and

agent, whereby the principal is willing for the agent to act on the principal's behalf, and

the agent consents to do so, subject to the principal's direction and control.

\_\_\_\_\_ Given

\_\_\_\_\_ Refused

\_\_\_\_\_ Modified

Authority: OUJI 6.2 (modified)

**PROPOSED JURY INSTRUCTION NO. 25**

**SCOPE OF AGENCY RELATIONSHIP**

An agent is acting within the scope of its agency relationship with the principal if the agent is engaged in the work which has been assigned to the agent by the principal, or the agent is doing that which is proper, usual and necessary to accomplish the work assigned to the agent by the principal, or is doing that which is customary within the particular trade or business in which the agent is engaged.

_____ Given

_____ Refused

_____ Modified

Authority: OUJI 6.7 (modified)

## PROPOSED JURY INSTRUCTION NO. 26

## <u>ACT OF CORPORATE OFFICER OR EMPLOYEE AS ACT OF CORPORATION</u>

Great Lakes is a corporation and can act only through its officers and employees. An act or omission of an officer or employee while acting within the scope of authority on behalf of Great Lakes is therefore the act or omission of Great Lakes.

_____ Given

_____ Refused

_____ Modified

Authority: OUJI 7.7 (modified)

# DEFENDANT'S PROPOSED JURY INSTRUCTIONS

# PLAINTIFF'S BREACH OF CONTRACT CLAIM

## PROPOSED JURY INSTRUCTION NO. 27

## **FORMATION OF A CONTRACT**

A contract is an agreement to do or not to do a certain thing. In order to have a valid contract there must be an offer by one party, an acceptance by the other, and each party must give something of value or promise to give something of value in exchange for what the other gives or promises.

The insurance policy in this case is a contract between Great Lakes and Plaintiff.


\_\_\_\_\_ Given

\_\_\_\_\_ Refused

\_\_\_\_\_ Modified

Authority: OUJI No. 23.2 (modified); OUJI 23.3 (modified); *Dodson v. St. Paul Ins. Co*., 1991 OK 24, 812 P.2d 372, 377; *BP Am., Inc. v. State Auto Prop. & Cas. Ins. Co*., 2005 OK 65, ¶ 6, 148 P.3d 832, 835–36

## PROPOSED JURY INSTRUCTION NO. 28

## **<u>DEFINITION OF OFFER</u>**

An offer is an expression that a person or entity is willing to enter into a contract.


_____ Given

_____ Refused

_____ Modified

Authority: OUJI 23.4 (modified)

## PROPOSED JURY INSTRUCTION NO. 29

## <u>DUTY TO READ TERMS OF POLICY</u>

An insurer owes no duty to explain the terms of an insurance policy to an insured; rather an insured is chargeable with the knowledge of the terms and legal effect of his insurance policy.


\_\_\_\_\_ Given

\_\_\_\_\_ Refused

\_\_\_\_\_ Modified

Authority: *Nat'l Fire Ins. Co. v. McCoy*, 1951 OK 379, 239 P.2d 428, 430; *Vickers v. Progressive N. Ins. Co.*, 353 F. Supp. 3d 1153, 1164 (N.D. Okla. 2018).

## PROPOSED JURY INSTRUCTION NO. 30

## <u>DEFINITION OF ACCEPTANCE</u>

An acceptance of an offer is a statement or conduct that shows that a person agrees to all the terms of the offer and intends to be bound by them.

In order to make a binding contract, an acceptance must be unconditional and agree to all material terms in the offer.


\_\_\_\_\_ Given

\_\_\_\_\_ Refused

\_\_\_\_\_ Modified

Authority: OUJI 23.5 (modified)

## PROPOSED JURY INSTRUCTION NO. 31

## <u>INTERPRETATION OF CONTRACTS — IN GENERAL</u>

In this case, you will need to decide the meaning of the following term of the contract: "**Fully—functioning Smoke Detectors and Fire Extinguishers as required by local code.**"  To do this, you must decide what the intent of the parties was when they made their contract.

To decide what their intent was you should first examine the language of the contract. You may also consider the circumstances under which the parties made the contract, and what the parties themselves believed the term meant as shown by the evidence. A contract should be interpreted so that it is reasonable and capable of being carried out, if this can be done without changing the intention of the parties.


_____ Given

_____ Refused

_____ Modified

Authority: OUJI No. 23.11 (modified)

## PROPOSED JURY INSTRUCTION NO. 32

### <u>ENTIRE CONTRACT AND MEANING OF WORDS</u>

A contract is to be interpreted as a whole, and the overall intention of the parties is controlling over the separate parts of a contract. If possible, each part of a contract must be used to help interpret the other parts, but if one part is wholly inconsistent with the general intention of the parties, it should be rejected.

You should interpret the words of the contract in their ordinary and popular sense, unless you decide that the parties used them in some other sense. You may not interpret the words of the contract in order to make the terms better for one party than what was intended by the words in the contract. You may also not interpret the words of the contract in a manner that is inconsistent with the English language or would create an absurd result if the words were carried out.

If the parties used technical words, they should be interpreted in the way that they are usually understood by persons in the business in which they are used, unless clearly used in a different sense.

If the parties to the contract have dealt with each other before and their previous dealings showed that they had a common understanding as to the meaning of certain terms, then you should interpret those terms according to their commonly understood meaning.

\_\_\_\_\_ Given

\_\_\_\_\_ Refused

\_\_\_\_\_ Modified

Authority: OUJI No. 23.12 (modified); OUJI No. 23.13 (modified); *Dodson v. St. Paul Ins. Co.*, 1991 OK 24, 812 P.2d 372, 377; *Bituminous Cas. Corp. v. Cowen Const., Inc.*, 2002 OK 34, ¶ 9, 55 P.3d 1030, 1033; *Am. Iron & Mach. Works Co. v. Ins. Co. of N. Am.*, 1962 OK 197, 375 P.2d 873, 874; *BP Am., Inc. v. State Auto Prop. & Cas. Ins. Co.*, 2005 OK 65, ¶ 11, 148 P.3d 832, 837

**PROPOSED JURY INSTRUCTION NO. 33**

**IMPLICATION OF TERMS**

Any terms that are necessary to carry out the intention of the parties and make the

contract effective may be implied unless the contract provides otherwise.

_____ Given

_____ Refused

_____ Modified

Authority: OUJI No. 23.15 (modified)

## PROPOSED JURY INSTRUCTION NO. 34

### **BREACH OF CONTRACT**

A contract is breached or broken when a party does not do what the party promised to do in the contract.

_____ Given

_____ Refused

_____ Modified

Authority: OUJI 23.21 (modified)

## PROPOSED JURY INSTRUCTION NO. 35

### ELEMENTS OF A CLAIM FOR BREACH OF CONTRACT

Plaintiff claims that Great Lakes breached the insurance policy, which is a written contract between Great Lakes and Plaintiff. In order to recover for breach of contract, Plaintiff is required to prove by the greater weight of the evidence that:

1. His fire loss claim was covered by the terms of the insurance policy;

2. Great Lakes breached the terms of the insurance policy:

   a. By failing to investigate Plaintiff's fire loss claim in a reasonably diligent manner and without legitimate reason for the delay; [and/or]

   b. By unreasonably denying Plaintiff's fire loss claim for lack of coverage without a legitimate reason for the denial.

In addition to the elements above, you must also find that

3. Plaintiff suffered damages as a direct result of Great Lakes' breach of the insurance policy terms.


\_\_\_\_\_ Given

\_\_\_\_\_ Refused

\_\_\_\_\_ Modified

Authority: OUJI 23.1 (modified); OUJI No. 23.2 (modified); OUJI 23.3 (modified); *Pitman v. Blue Cross & Blue Shield of Okla*., 217 F.3d 1291, 1298 (10th Cir. 2000) (applying Oklahoma law); *Oldenkamp v. United Am. Ins. Co*., 619 F.3d 1243, 1249 (10th Cir. 2010) (applying Oklahoma law); *Skinner v. John Deere Ins. Co*., 2000 OK 18, ¶ 16, 998 P.2d 1219, 1223

## PROPOSED JURY INSTRUCTION NO. 36

### <u>REASONABLE DILIGENCE</u>

"Diligence" means a concerted effort to pursue something. "Reasonable diligence" means the degree of diligence ordinarily exercised by those administering claims in the insurance industry, taking into consideration all of the circumstances encountered in administering the claim at issue. In this case, a "lack of reasonable diligence" means a failure of Great Lakes to meet the standard of care in the industry in responding to and pursuing resolution of the fire loss claim submitted by Plaintiff.

_____ Given

_____ Refused

_____ Modified

Authority: Black's Law Dictionary (7th ed. 2000).

## PROPOSED JURY INSTRUCTION NO. 37

## **PERFORMANCE OF CONDITIONS PRECEDENT**

A contract may provide that the duty of one party to perform does not arise until after the performance of some act or the happening of some event. This is known as a condition precedent.

To decide whether or not Plaintiff was required to keep protective safeguards in place at the Property as a condition precedent to the Great Lakes' duty to perform under the insurance policy, you must decide what the parties intended. To do so you may consider the language of the contract, the circumstances under which the parties made the contract, and what the parties themselves believed as shown by the evidence.

_____ Given

_____ Refused

_____ Modified

Authority: OUJI 23.22 (modified)

**PROPOSED JURY INSTRUCTION NO. 38**

**SUBSTANTIAL PERFORMANCE – SUBSTANTIAL COMPLIANCE**

Plaintiff cannot recover for breach of contract against Great Lakes if he did not substantially comply with the terms of the Policy, including the conditions therein. This means that you must find that Plaintiff took overt actions indicating he was attempting to reasonably fulfill his obligations and duties under the Policy, considering the nature of the promised performance, the purpose of the contract, and whether any defects in Plaintiff's performance defeated the purpose of the contract.

_____ Given

_____ Refused

_____ Modified

Authority: OUJI 23.23 (modified); *W.R. Hansen v. LKA Gold Inc.*, 816 F. App'x 259, 265–66 (10th Cir. 2020)

**PROPOSED JURY INSTRUCTION NO. 39**

**<u>PREVENTION OF PEFORMANCE</u>**

A party is relieved of the duty to perform a contract if the other party to the contract prevented it from performing.

\_\_\_\_\_ Given

\_\_\_\_\_ Refused

\_\_\_\_\_ Modified

Authority: OUJI 23.38 (modified)

## PROPOSED JURY INSTRUCTION NO. 40

### **GENERAL MEASURE OF DAMAGES**

If you decide for Plaintiff on his claim for breach of contract against Great Lakes, you must then fix the amount of its damages. This is the amount of money that is needed to put Plaintiff in as good a position as it would have been if the contract had not been breached. In this case, the amount of damages is set by the terms of the policy, which is the actual cash value of the property at the time that the damage occurred. Actual cash value means the cost to repair, rebuild, or replace the portions of the building and the building roof that were damaged by the fire, at the time that the damage occurred, using material of similar kind and quality, subject to depreciation and not including the amount of the policy deductible. Actual cash value does not mean replacement cost.

This is the measure of Plaintiff's damages for breach of contract against Great Lakes.

_____ Given

_____ Refused

_____ Modified

Authority: OUJI 23.51 (modified)

**PROPOSED JURY INSTRUCTION NO. 41**

**UNCERTAINTY AS TO FACT OR AMOUNT OF DAMAGES**

In order to recover for breach of contract against Great Lakes, Plaintiff's damages must be clearly ascertainable in both their nature and origin, and the damages must appear to be the natural and proximate consequence of the breach. Plaintiff cannot recover damages that are contingent or speculative. To award damages to Plaintiff, Plaintiff must prove his damages by the greater weight of the evidence, showing that Plaintiff did in fact suffer a loss that was caused by Great Lakes' breach. If you are satisfied that Plaintiff did suffer such a loss, you should award damages, even if you are uncertain as to the exact amount. The amount of damages does not have to be proved with mathematical certainty, but there must be a reasonable basis for the award.

_____ Given

_____ Refused

_____ Modified

Authority: OUJI 23.52 (modified); *Florafax Int'l, Inc. v. GTE Mkt. Res*., Inc., 1997 OK 7, 933 P.2d 282, 296

**PROPOSED JURY INSTRUCTION NO. 42**

**UNNECESSARY LOSSES (MITIGATION)**

Recovery of damages is not allowed for any losses that Plaintiff reasonably could

have avoided.

\_\_\_\_\_ Given

\_\_\_\_\_ Refused

\_\_\_\_\_ Modified

Authority: OUJI 23.54

# DEFENDANT'S PROPOSED JURY INSTRUCTIONS

# PLAINTIFF'S CLAIM FOR BREACH OF GOOD FAITH AND FAIR DEALING

## PROPOSED JURY INSTRUCTION NO. 43

## <u>INSURANCE COMPANY'S OBLIGATION OF GOOD FAITH AND FAIR DEALING</u>

An insurance company has a duty to deal fairly and act in good faith with its insureds.

_____ Given

_____ Refused

_____ Modified

Authority: OUJI 22.1

**PROPOSED JURY INSTRUCTION NO. 44**

**<u>BAD FAITH — FIRST PARTY INSURANCE — FAILURE TO PAY CLAIM OF
INSURED</u>**

Plaintiff claims that Great Lakes violated its duty of good faith and fair dealing by unreasonably delaying the investigation of Plaintiff's claim, by unreasonably denying coverage for Plaintiff's claim, and for refusing to pay Plaintiff for his claim.

To determine whether Great Lakes breached the duty of good faith and fair dealing to Plaintiff, you must first find that Great Lakes breached the terms of the insurance policy with Plaintiff. However, a breach of the contract does not necessarily mean that Great Lakes acted in bad faith.

In addition to proving that Great Lakes breached the terms of the insurance policy, Plaintiff must prove by the greater weight of the evidence that:

1.     Coverage existed on Plaintiff's fire loss claim pursuant to the terms of the insurance policy and was not excluded under those terms;

2.     Great Lakes was required under the insurance policy to pay Plaintiff's fire loss claim;

3.     Great Lakes' denial of coverage and refusal to pay Plaintiff's fire loss claim was unreasonable under the total circumstances regarding the claim;

4.     Great Lakes did not deal fairly and in good faith with Plaintiff; and

5.     Plaintiff was directly damaged by the breach of good faith and fair dealing

by Great Lakes.

To show unreasonableness and an absence of good faith, Plaintiff must show that Great Lakes' actions or inactions in handling his claim were more than negligent. Negligence is the failure to use such care as a reasonably prudent and careful person would use under the circumstances; thus, you must find that in denying Plaintiff's claim, Great Lakes not only failed to use the care that would be expected of an insurer in handling fire damage claims, but that Great Lakes did so in a manner that was substantially below that standard of care.

If you find that Plaintiff has not proven each of the elements I have read to you or you find that Plaintiff has not proven that Great Lakes acted with more than negligence, your verdict should be for Great Lakes.

_____ Given

_____ Refused

_____ Modified

Authority: OUJI 9.2 (modified); OUJI 22.2 (modified); *Badillo v. Mid Century Ins. Co.*, 2005 OK 48, ¶ 28, 121 P.3d 1080, 1093–94

**PROPOSED JURY INSTRUCTION NO. 45**

**<u>BAD FAITH — DAMAGES</u>**

If you find that Great Lakes breached its duty of good faith and fair dealing to Plaintiff and that Plaintiff was damaged by the breach of that duty, you must then fix the amount of Plaintiff's damages. This is the amount of money that will compensate Plaintiff for the damages it suffered as a result of Great Lakes' denial of Plaintiff's fire loss claim.

_____ Given

_____ Refused

_____ Modified

Authority: OUJI 22.4 (modified)

**PROPOSED JURY INSTRUCTION NO. 46**

**EXEMPLARY OR PUNITIVE DAMAGES — FIRST STAGE**

If you find in favor of Plaintiff against Great Lakes for the breach of the duty of good faith and fair dealing, and grant Plaintiff actual damages against Great Lakes for this claim, then you must also find by a separate verdict, whether Great Lakes acted in reckless disregard of the rights of Plaintiff or acted intentionally and with malice towards Plaintiff.

Plaintiff has the burden of proving this by clear and convincing evidence. By that I mean that you must be persuaded, considering all the evidence in the case, that the proposition on which the party has this burden of proof is highly probable and free from serious doubt.

The conduct of Great Lakes was in reckless disregard of its duty to Plaintiff if Great Lakes was either aware, or did not care, that there was a substantial and unnecessary risk that its conduct would cause serious injury to Plaintiff. In order for Great Lakes' conduct to be in reckless disregard of its duty to Plaintiff, Great Lakes' conduct must have been unreasonable under the circumstances, and also there must have been a high probability that the conduct would cause serious harm to Plaintiff.

Malice involves either hatred, spite, or ill—will, or else the doing of a wrongful act intentionally without just cause or excuse.

If you find, by clear and convincing evidence, that Great Lakes acted in reckless disregard its duty of good faith and fair dealing to Plaintiff, or maliciously breached its duty to Plaintiff, you may award punitive damages against Great Lakes in a later part of this trial. If you find that Great Lakes did not recklessly disregard its duty of good faith and

fair dealing or did not maliciously breach its duty to Plaintiff, you may not award punitive

damages against Great Lakes.


\_\_\_\_\_ Given

\_\_\_\_\_ Refused

\_\_\_\_\_ Modified

Authority: OUJI 22.5 (modified)

# DEFENDANT'S PROPOSED JURY INSTRUCTIONS

# VERDICT FORMS

**UNITED STATED DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) JOSHUA FIELDS | **)** | |
| | **)** | |
| Plaintiff, | **)** | |
| | **)** | |
| v. | **)** | Case No. CIV—21—986—G |
| | **)** | |
| (2) GREAT LAKES INSURANCE SE, | **)** | *Removed from the District Court of* |
| (3) MJ KELLY COMPANY, and | **)** | *Kay County, State of Oklahoma* |
| (4) CAPSTONE ISG, | **)** | *Case no. CJ—2021—00037* |
| | **)** | |
| Defendants. | **)** | |
| | **)** | |

VERDICT FORM

We, the jury, empaneled and sworn in the above—entitled cause, do, upon our oaths, find as follows:

**I.**   **Plaintiff's Claim against Great Lakes for Breach of Contract** (check and complete either 1 or 2 below but not both):

1. _____ do find that Plaintiff met his burden to prove by the greater weight of the evidence that Great Lakes breached the terms of the insurance policy by failing to investigate Plaintiff's claim in a reasonably diligent manner and without a legitimate reason for the delay, and by denying Plaintiff's claim for lack of coverage, and that Plaintiff is entitled to recover $_____ in damages as a result.

2. _____ do not find that Plaintiff met its burden to prove by the greater weight of the evidence that Great Lakes breached the terms of the insurance policy, Great Lakes' claims investigation was not unreasonable under the evidence presented as

legitimate dispute regarding coverage existed, Great Lakes did not improperly deny Plaintiff's claim for lack of coverage under the terms of the insurance policy.

## II.   **Plaintiff's Claim Against Great Lakes for Breach of the Duty of Good Faith and Fair Dealing** (check and complete either 1 or 2 below but not both):

1. _____ do find that Plaintiff met its burden to prove by the greater weight of the evidence that Great Lakes breached the duty of good faith and fair dealing by unreasonably delaying payment in bad faith for Plaintiff's fire loss claim and by unreasonably denying in bad faith to Plaintiff's claim for lack of coverage under the insurance policy, and that Plaintiff is entitled to recover $ _____ in damages as a result.

2. _____ do not find that Plaintiff met its burden to prove by the greater weight of the evidence that Great Lakes breached the duty of good faith and fair dealing by unreasonably delaying payment in bad faith for Plaintiff's fire loss claim and by unreasonably denying in bad faith to Plaintiff's claim for lack of coverage under the insurance policy.

## III.   **Punitive Damages**

We do \_\_\_\_\_ do not \_\_\_\_\_ find by clear and convincing evidence that Great Lakes acted in reckless disregard of the rights of Plaintiff or maliciously in breaching in the duty of good faith and fair dealing by unreasonably delaying payment in bad faith for Plaintiff's fire loss claim and by unreasonably denying in bad faith to Plaintiff's claim for lack of coverage under the insurance policy.

_____          _____

Foreperson

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____ Given

_____ Refused

_____ Modified

Authority: OUJI Verdict Forms – OUJI 1.12 (modified); OUJI 5.11 (modified); OUJI Instruction No. 22.6 (modified)

## PROPOSED JURY INSTRUCTION NO. 47

## EXEMPLARY OR PUNITIVE DAMAGES — SECOND STAGE

Ladies and Gentlemen of the jury, you have found in favor of the Plaintiff and granted it actual damages, and you have also found by a separate verdict that Great Lakes acted with reckless disregard of the duty owed to Plaintiff [OR intentionally with malice] and breached its duty to deal fairly and act in good faith with Plaintiff.

You may now, in addition to actual damages, grant Plaintiff punitive damages in such sum as you reasonably believe will punish Great Lakes and be an example to others.

Punitive damages are not to be considered as compensation to Plaintiff, but as punishment to Great Lakes, and as an example to others to deter them from like conduct. The law does not require you to award punitive damages, and if you do so, you must use sound reason in setting the amount. You should be aware that the purpose of punitive damages is to punish and not destroy a defendant.

In determining the amount of punitive damages, you may consider the following factors:

1. The seriousness of the hazard to the public arising from Great Lakes' misconduct;

2. The profitability of the misconduct to Great Lakes;

3. How long the conduct lasted and whether it is likely to continue;

4. Whether there were attempts to conceal the misconduct;

5. How aware Great Lakes was of the conduct and its consequences and how aware Great Lakes was of the hazard and of its excessiveness;

6. The attitude and conduct of Great Lakes upon finding out about the

misconduct/hazard;

     7. The financial condition of Great Lakes;

     8. The number and level of employees involved in causing or concealing the

misconduct.

In no event should the punitive damages exceed the greater of (Select one):

$100,000.00 or the amount of actual damages you have previously awarded.

[OR]

$500,000.00 or twice the amount you have previously awarded.


_____ Given

_____ Refused

_____ Modified

Authority: OUJI 22.7 (modified)

**UNITED STATED DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) JOSHUA FIELDS | **)** | |
| | **)** | |
| Plaintiff, | **)** | |
| | **)** | |
| v. | **)** | Case No. CIV—21—986—G |
| | **)** | |
| (2) GREAT LAKES INSURANCE SE, | **)** | *Removed from the District Court of* |
| (3) MJ KELLY COMPANY, and | **)** | *Kay County, State of Oklahoma* |
| (4) CAPSTONE ISG, | **)** | *Case no. CJ—2021—00037* |
| | **)** | |
| Defendants. | **)** | |
| | **)** | |

VERDICT FORM – PUNITIVE DAMAGES

     We, the jury, empaneled and sworn in the above entitled cause, do, upon our oaths, find in favor of Plaintiff and fix the amount of punitive damages against Great Lakes in the sum of $_____.

_____     _____
Foreperson
_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____ Given

_____ Refused

_____ Modified

Authority: OUJI 22.7 (modified)

## CERTIFICATE OF SERVICE

This certifies that on November 7, 2022, a true and correct copy of the foregoing document was served via the Court's electronic notification system to the following counsel of record:

Scott R. Jackson
Martin Jean & Jackson
P.O. Box 2403
Ponca City, Oklahoma 74602
sjackson@mjjlawfirm.com
***Attorney for Plaintiff***

*/s/ Emily Allan*

6196231.1