**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) JOSHUA FIELDS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-cv-00986-G |
| | ) | |
| (1) GREAT LAKES INSURANCE SE, | ) | *Removed from the District Court of* |
| | ) | *Kay County, State of* |
| (2) MJ KELLY COMPANY, and | ) | *Oklahoma, Case No. CJ-2021-00037* |
| | ) | |
| (3) CAPSTONE ISG, | ) | |
| | ) | |
| Defendants. | ) | |

## FINAL PRETRIAL REPORT

All counsel who will appear at trial:

Appearing for Plaintiff: <u>Scott Jackson, Martin, Jean & Jackson</u>

Appearing for Defendant: <u>Michael Linscott, Sara Potts and Emily Allan of Doerner,
Saunders, Daniel & Anderson</u>

**Jury Trial Demanded ☐ - Non-Jury Trial ☐**

1.  <u>BRIEF PRELIMINARY STATEMENT</u>. State <u>briefly</u> and in ordinary
    language the facts and positions of the parties (appropriate for use during jury
    selection in jury cases).

<u>Plaintiff:</u> Defendant Great Lakes Insurance SE (referred to as "Great Lakes") sold a
commercial insurance policy to Plaintiff Joshua Fields that insured an eight-unit
apartment building owed by Plaintiff and located at 410 W. Cleveland in Ponca City,
Oklahoma. This insurance went into effect on May 3, 2019 and expired on May 3, 2020.
As part of the insurance coverage, it insured against damage to the building caused by
fire.

In the early morning hours of March 25, 2020, a fire broke out in the building. At
this time, the building had been vacated and no tenants were living in the building because
the apartment units were undergoing remodel work. All windows had been boarded up

1

while the remodel work was being done and entry doors to the building were locked to the general public.

The Ponca City Fire Department responded to the fire. While extinguishing the fire, a lock to the back door of the building was found to be busted. The building suffered significant fire damage and was not salvageable.

Joshua Fields notified his local insurance agent about the fire within a day or two of the fire and his agent submitted a claim to Defendant Great Lakes. Defendant Great Lakes opened a claim for the incident and investigated the loss. Defendant Great Lakes determined that the extent of damage to the building exceeded the amount of insurance limits on Mr. Fields policy. In effect, Defendant Great Lakes determined that Plaintiff Joshua Fields would be entitled to the $350,450.00 in insurance proceeds if it determined it benefits were owed under the policy.

As part of the insurance policy, a protective safeguards endorsement stated that as a condition to the policy, Joshua Fields was required to maintain fully-functioning smoke detectors and fire extinguishers as required by local code. Joshua Fields did, in fact, maintain smoke detectors and fire extinguishers in each of the apartment units in the building. However, when the remodel work started in the building, the some detectors and fire extinguishers were removed from the building as part of the remodel work being done.

Defendant Great Lakes focused on this policy language to determine if the absence of the smoke detectors and fire extinguishers in the building at the time of the fire would allow it to deny coverage to Joshua Fields. As the policy language stated, the requirement was to maintain these protective safeguards as required by local code. Defendant Great Lakes contacted the local Ponca City Fire Marshall, Dereck Cassidy, to found out if local code would have required smoke detectors and fire extinguishers in the building while it was vacant and being remodeled. The Fire Marshall told Defendant Great Lakes it would not require them under those conditions.

Despite the local code not requiring the maintenance of smoke detectors and fire extinguishers at the time of the fire, Defendant Great Lakes ignored this information and concluded Joshua Fields still had to maintain these items in the building at the time of the fire. Because smoke detectors and fire extinguishers were not in the building at the time of the fire, Defendant Great Lakes denied Joshua Fields coverage for his loss and refused to pay any insurance benefits to him.

Plaintiff Joshua Fields filed this action against Defendant Great Lakes Insurance SE claiming it breached its obligations under the insurance policy and also broke its duty to act in good faith and deal fairly in the handling of Mr. Fields's claim for benefits.

Defendant:

Plaintiff Joshua Fields ("Plaintiff") owned an eight-unit apartment building located at 410 W. Cleveland Avenue, in Ponca City, OK 74601 (the "Property"). For several years prior to the time in question, smoke detectors and fire extinguishers were installed and working throughout the Property and Plaintiff rented out the Property to various tenants. In 2019, Defendant Great Lakes Insurance SE ("Great Lakes") issued a Commercial Lines Policy (the "Policy") to Plaintiff, providing, *inter alia*, casualty coverage for the Property and imposing certain exclusions as well as conditions for coverage. The Policy contained instructions advising Plaintiff "that strict compliance with the conditions and/or warranties contained in the contract of insurance is required" and that failure to "strictly comply with the conditions" of the Policy may result in denial or limitation of any claim submitted by Plaintiff under the Policy. The Policy also included a Protective Safeguard Endorsement ("PSE") which imposed exclusions and conditions for fire loss coverage mandating smoke detectors and fire extinguishers be installed and maintained at the Property "as required by local code." The applicable building codes for the City of Ponca required smoke alarms and fire extinguishers to be installed in apartment buildings like the one owned by Plaintiff. The PSE also states that Great Lakes would not "pay for loss or damage caused by or resulting from fire," under either of two circumstances: (1) if Plaintiff "knew of any suspension or impairment in any protective safeguard" identified in the PSE Schedule prior to the fire and failed to "notify [Great Lakes] of that fact" prior to the fire; or (2) if prior to the fire, Plaintiff had "failed to maintain any protective safeguard" identified in the PSE, "over which [he] had control, in complete working order." Plaintiff acknowledged receiving a copy of the Policy at the time of purchase but further admitted he did not read it.

Subsequently, in February 2020, Plaintiff vacated the remaining tenants at the Property to begin initial steps towards remodeling the Property. During this time, Plaintiff "directed" his maintenance man, Keith Crawford, to remove all of the smoke detectors and fire extinguishers from the Property, despite the PSE requirements and without providing notice to Great Lakes that he had done so.

On March 24, 2020, a large fire occurred at the Property causing significant damage throughout the building. First responders attending the scene observed that no smoke detectors or fire extinguishers were present inside the Property. Following notice of Plaintiff's loss claim related to the fire, Great Lakes initiated its claim investigation, which included numerous witness interviews, inspections, forensic evaluations, and an Examination Under Oath ("EUO") taken of Plaintiff, during which Plaintiff admitted to removing the fire extinguishers and smoke detectors prior to the fire. Due to the facts and circumstances discovered during the claim investigation, Great Lakes determined that the

protective safeguard conditions under the PSE had not been met and denied coverage on Plaintiff's fire loss claim.

Based on the circumstances and evidence in this case, Defendant Great Lakes denies that it breached the terms of the Policy or that it did not handle Plaintiff's insurance claim in good faith. Great Lakes further denies that it unreasonably delayed investigation of Plaintiff's claim or unreasonably denied Plaintiff's claim for lack of coverage, as a legitimate dispute existed as to whether Plaintiff had complied with the conditions required under the Policy.

2.   <u>JURISDICTION</u>. State the basis on which the jurisdiction of the court is invoked.

Jurisdiction is invoked under 28 U.S.C. § 1332 (a) because complete diversity exists between Plaintiff and Defendant and the amount in controversy exceeds $75,000 exclusive of interest and costs.

3.   <u>STIPULATED FACTS</u>. List stipulations as to all facts that are not disputed, including jurisdictional facts.

   A.   Plaintiff is a resident of Oklahoma.

   B.   Defendant is a foreign insurance company licensed to do business in Oklahoma with a corporate headquarters and principal place of business in Munich, Germany.

   C.   The subject claim originated from a fire that occurred in Ponca City, Kay County, Oklahoma.

   D.   At the time of the March 2020 fire, Plaintiff was the sole owner of the Property.

   E.   Jurisdiction and venue are appropriate before this Court.

   F.   From May 3, 2019, through May 3, 2020, the Property was insured under a Commercial Lines Policy, Policy No. BC003908 (Renewal of Policy BC002578) (the "Policy"), which was issued by Great Lakes.

   G.   The terms of the Policy include the Protective Safeguard Endorsement, which lists required "P-9" equipment to be installed at the Property, identified in the Protective Safeguard Endorsement as "Fully-functioning smoke alarms and fire extinguishers as required by local code."

   H.   The applicable building codes in effect for the City of Ponca City at the time of the March 2020 fire loss were 2015 Editions of the International

Fire Code ("IFC"), International Residence Code ("IRC"), and International Building Code ("IBC").

I.    The Property in question is designated as an "Residential Group R-2" dwelling under the 2015 IBC.

J.    The Policy requires Plaintiff to notify Great Lakes of "the removal or impairment of any Fire Protective Safeguards" for fire loss damage to be paid under the Policy.

K.    Plaintiff had removed the existing smoke alarms and fire extinguishers from the Property in February 2020, prior to the March 2020 fire.

L.    There were no smoke alarms or fire extinguishers present inside the Property at the time the March 2020 fire occurred.

4.    LEGAL ISSUES. State separately, and by party, each disputed legal issue and the authority relied upon.

A.    Plaintiff:
   - Whether the policy language concerning the protective safeguard endorsement are ambiguous and unclear. *Andres v. Okla. Farm Bureau Mut. Ins. Co.*, 2009 OK CIV APP 97, 227 P.3d 1102.

   - Whether the policy language in the protective safeguard endorsement "as required by local code" incorporated the adopted International Fire Code language that recognized the local fire code official's final authority to determine compliance and enforcement of the IFC's code language. *Andres v. Okla. Farm Bureau Mut. Ins. Co.*, 2009 OK CIV APP 97, 227 P.3d 1102.

   - Whether Defendant's refusal to consider evidence regarding the local code authority interpretation of the adopted International Fire Code is evidence of a prima facie case for bad faith. *Beers v. Hillory*, 2010 OK CIV APP 99, 241 P.3d 285.

   - Whether Defendant's unreasonable length of time in investigating Plaintiff's claim to arrive at a denial of coverage is evidence of a prima facie case for bad faith. *Beers v. Hillory*, 2010 OK CIV APP 99, 241 P.3d 285.

B.     Defendant:

- Whether the Policy terms, specifically the policy conditions under the PSE, are clear and unambiguous, and consistent with other Policy terms. *Thames v. Evanston Ins. Co.*, 2015 WL 7272214, at * 5 (N.D. Okla. Nov. 17, 2015), *aff'd*, 665 F. App'x 716 (10th Cir. 2016) (unpublished).

- Whether Plaintiff has met his burden to demonstrate that coverage exists for his fire loss claim. *Totally Tickets v. Sentinel Ins. Co., Ltd.*, 549 F. Supp. 3d 1309, 1313–14 (W.D. Okla. 2021) (citing *Pitman v. Blue Cross & Blue Shield of Okla.*, 217 F.3d 1291, 1298) (10th Cir. 2000).

- Whether the term "required by local code" in the PSA is "unambiguous, clear and consistent" and should be "accepted in [its] ordinary sense." *Boggs v. Great N. Ins. Co.*, 659 F. Supp. 2d 1199, 1205 (N.D. Okla. 2009).

- Whether the term "required by local code," means the protective safeguards mandated for R-2 occupancy dwellings under the IFC (as adopted by Ponca City) were required to be installed throughout the Property in order to satisfy the conditions for coverage. *New Hamilton*, 474 F. Supp. 3d at 928; *cf. Till Metro Ent. v. Covington Specialty Ins. Co.*, 545 F. Supp. 3d 1153, 1159 (N.D. Okla. 2021) (quoting *BP Am., Inc. v. State Auto Prop. & Cas. Ins. Co.*, 2005 OK 65, ¶ 6, 148 P.3d 832, 835–36).

- Whether the absence of the safeguards prior to the fire therefore "establish that, under Oklahoma law, Plaintiff's claims were not covered by the Policy." *Clark v. Shelter Mut. Ins. Co.*, 2022 WL 2717618, at * 4 (N.D. Okla. July 13, 2022) (citing *Pettigrew*, 180 F. Supp. 3d at 931).

- Whether Plaintiff's claims were properly excluded under the unambiguous terms of the PSE. *Totally Tickets v. Sentinel Ins. Co., Ltd.,* 549 F. Supp. 3d 1309, 1314 (W.D. Okla. 2021).

- Whether Plaintiff can prove Defendant breached its contract with Plaintiff by denying coverage. *United States Liab. Ins. Co. v. Paul*, 2020 WL 7647013 (N.D. Okla. Dec. 11, 2020)

(citing *Boggs*, 659 F. Supp. 2d at 1216).

- Whether Plaintiff can establish a *prima facie* case for bad faith. *MJH Properties LLC v. Westchester Surplus Lines Ins. Co.*, 814 F. App'x 421, 426 (10th Cir. 2020) (unpublished); *see also Clark*, 2022 WL 2717618, at * 7 (quoting *Expertise, Inc. v. Aetna Fin. Co.*, 810 F.2d 968, 972 (10th Cir. 1987))

- Whether Defendant had a reasonable basis for denying coverage. *S. Hosp., Inc. v. Zurich Am. Ins. Co.*, 393 F.3d 1137, 1142–43 (10th Cir. 2004) (citing *Oulds v. Principal Mut. Life Ins. Co.*, 6 F.3d 1431, 1436 (10th Cir.1993)).

- Whether Defendant had a good faith belief during the claims process that it had "some justifiable reason for the actions it took or omitted", *Beers v. Hillory, 2010 OK CIV APP 99, ¶ 24, 241 P.3d 285, 292 (quoting Ball v. Wilshire Ins. Co., 2009 OK 38, ¶ 22, 221 P.3d 717, 725* (quoting *Badillo v. Mid Century Ins. Co.*, 2005 OK 48, ¶ 28, 121 P.3d 1080, 1093–94)), which includes "a justifiable reason for withholding or delaying payment under the policy." *Ball*, 221 P.3d at ¶ 22 (quoting *Newport v. USAA*, 2000 OK 59, ¶ 10, 11 P.3d 190, 195).

5. <u>CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT</u>.

A. <u>Plaintiff:</u>  Plaintiff was entitled to coverage under the insurance policy issued by Defendant for the fire loss that happened on March 25, 2020. Pursuant to the policy, Plaintiff was entitled to the limits of coverage for the damage to the insured building. Defendant breached its obligation to pay benefits under the policy. Defendant had no reasonable basis to deny coverage in the manner it did. As a direct result of Defendant's refusal to provide coverage under the policy, Plaintiff has suffered damages to include financial and emotional harm.

B. <u>Defendant</u>: At all times during the claim process, Defendant promptly and appropriately handled Plaintiff's claim under the policy and acted reasonably in conducting its investigation and in making its determination of Plaintiff's claim. At all times relevant, Defendant did not breach the terms of the policy and did not breach its duty of good faith and fair dealing owed to Plaintiff.

Defendant requests that all of Plaintiff's claims be denied and judgment be awarded to Defendant.

Defendant's Motion to Exclude Expert Testimony of Dereck Cassady and Russ Didlake and Defendant's Motion for Summary Judgment are still outstanding, and Defendant contends that both Motions should be granted in Defendant's favor.

6. <u>EXHIBITS</u>.  The following exclusionary language **<u>MUST</u>** be included:

Unlisted exhibits will not be admitted unless, by order of the court, the final pretrial order is amended to include them.

A. <u>Plaintiff</u>:

| Number | Title/Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|

(Premarked for trial and exchanged as required under LCvR39.4(a))

| No. | Exhibit | Objection | Rule |
|---|---|---|---|
| 1 | May 2, 2019 insurance application submitted by Plaintiff through Kevin Randall Insurance agency<br><br>GL-001115 – 001132 | | |
| 2 | Great Lakes Insurance SE policy no. BC003908 issued to Plaintiff.<br><br>GL-000042 – 000155 | | |
| 3 | Great Lakes Insurance SE common policy declarations.<br><br>GL-000008 – 000011 | | |
| 4 | Protective safeguard endorsement to insurance policy.<br><br>GL-000099 – 000100 | | |
| 5 | Ponca City Fire Department incident report for incident #20-1353. | Limited admissibility ; hearsay; lack of foundation or authentication; not | FRE 105, 801, 802, 901 |

|   |   |   |   |
|---|---|---|---|
|   |   | produced and not sufficiently identified; further objections reserved upon proper identification. |   |
| 6 | Ponca City Police Department incident report for case number 20005975. | Limited admissibility ; hearsay; lack of foundation or authentication; not produced and not sufficiently identified; further objections reserved upon proper identification. | FRE 105, 801, 802, 901 |
| 7 | Ponca City Police Department photographs taken at the scene of the fire (6 photos). | Limited admissibility ; hearsay; lack of foundation or authentication; not produced and not sufficiently identified; further objections reserved upon proper identification. | FRE 105, 801, 802, 901 |
| 8 | March 26, 2020 property loss notice form submitted by Plaintiff.<br><br>GL-000037 – 000039 |   |   |
| 9 | Rimkus Consulting Group, Inc. Cause and Origin Report dated September 16, 2020<br><br>GL-000741 - 000752 |   |   |
| 10 | Capstone ISG Valuation Report and Photographs dated April 2, 2020<br><br>GL-000162 – 000344 |   |   |
| 11 | Repair Estimate dated April 2, 2020, with Photographs<br><br>GL – 000352 – 000468 |   |   |
| 12 | April 28, 2020 first report from Capstone ISG Reports to Bell & Clements Ltd. |   |   |

| | | | |
|---|---|---|---|
| | GL-000480 – 000675 | | |
| 13 | May 27, 2020 second report from Capstone ISG Reports to Bell & Clements Ltd.<br><br>GL-000702 – 000705 | | |
| 14 | June 26, 2020 third report from Capstone ISG Reports to Bell & Clements Ltd.<br><br>GL-000719 – 000721 | | |
| 15 | July 24, 2020 fourth report from Capstone ISG Reports to Bell & Clements Ltd.<br><br>GL-000722 – 000736 | | |
| 16 | August 24, 2020 fifth report from Capstone ISG Reports to Bell & Clements Ltd.<br><br>GL-000730 – 000736 | | |
| 17 | September 24, 2020 sixth report from Capstone ISG Reports to Bell & Clements Ltd.<br><br>GL-000737 – 000773 | | |
| 18 | November 3, 2020 eighth report from Capstone ISG Reports to Bell & Clements Ltd.<br><br>GL-000774 – 000779 | | |
| 19 | January 21, 2021 tenth report from Capstone ISG Reports to Bell & Clements Ltd. | | |

| | | | |
|---|---|---|---|
| | GL-000780 – 000787 | | |
| 20 | March 17, 2021 twelfth report from Capstone ISG Reports to Bell & Clements Ltd.<br><br>GL – 000788 – 000850 | | |
| 21 | June 29, 2021 Seventeenth report from Capstone ISG Reports to Bell & Clements Ltd.<br><br>GL-000851 – 000853 | | |
| 22 | June 29, 2021 letter from Capstone ISG to Joshua Fields denying coverage.<br><br>GL-000854 – 000859 | | |
| 23 | Capstone ISG Letter to Plaintiff dated April 28, 2020<br><br>GL-000676 – 000679 | | |
| 24 | Capstone ISG Letter to Plaintiff dated May 14, 2020<br><br>GL-000706 – 000710 | | |
| 25 | Capstone ISG Letter to Plaintiff dated July 7, 2021<br><br>GL-000866 – 000985 | | |
| 26 | Letter from City of Ponca City to Plaintiff dated April 21, 2020<br><br>GL-000479 | | |
| 27 | Ponca City Adopted Codes and Ordinances, including International Building and Fire Codes, including, but not limited to:<br><br>GL-000690 – 000701 | | |
| 28 | City of Ponca City Notices of Hearing for Condemnation. | Limited admissibility; hearsay; lack of foundation or authentication; not | FRE 105, 801, 802, 901 |

| | | produced and not sufficiently identified; further objections reserved upon proper identification. | |
|---|---|---|---|
| 29 | Defendant claims notes log<br><br>GL-001045 - 001114 | Limited admissibility/incomplete record, duplicative, cumulative and/or confusing; irrelevant; hearsay; lack of foundation or authentication; not sufficiently identified; further objections reserved upon proper identification. | FRE 105, 401, 402, 403, 801, 802, 901 |
| 30 | Defendant's claim documents, notes, records and memoranda<br><br>GL-000001 – 000041<br>GL-000156 – 000161<br>GL-000345 – 000351<br>GL-000469 – 000478<br>GL-000685 – 000701<br>GL-000711 – 000718<br>GL-000864 – 000865 | | |
| 31 | Ponca City Utility billing statements for costs of roll-off dumpsters used for debris cleaning. | Limited admissibility; hearsay; lack of foundation or authentication; not produced and not sufficiently identified; further objections reserved upon proper identification. | FRE 105, 801, 802, 901 |
| 32 | Email confirming roll-off delivery date for roll-off at subject property. | Limited admissibility; hearsay; lack of foundation or authentication; not produced and not sufficiently identified; | FRE 105, 801, 802, 901 |

| | | further objections reserved upon proper identification. | |
|---|---|---|---|
| 33 | All trial exhibits listed by Defendant in this report and not objected to by Plaintiff and sustained by Court. | | |

B. <u>Defendant</u>:

| **NO.** | **DESCRIPTION** | **OBJECTION** | **RULE** |
|---|---|---|---|
| 1. | Great Lakes Insurance SE policy issued to Plaintiff under policy No. BC003908. GL-000042 – 000155. | | |
| 2. | Property Loss Notice dated March 26, 2020 GL-000037 - 000039 | | |
| 3. | Policy Declarations GL-000008 – 000011 | | |
| 4. | Protective Safeguards endorsement GL-000099 - 000100 | | |
| 5. | Reliable Report Limited Multi-Peril survey dated May 1, 2015 GL – 001132 - 001140 | Irrelevant; Unfairly prejudicial; confusing and misleading evidence; hearsay; lack of foundation or authentication. | FRE 401, 403, 801, 802, 901 |
| 6. | Rimkus Consulting Group, Inc. Cause and Origin Report dated September 16, 2020 GL – 000741 - 000752 | | |
| 7. | Capstone ISG Valuation Report and Photographs dated April 2, 2020 GL-000162 - 000344 | | |
| 8. | Repair Estimate dated April 2, 2020, with Photographs GL – 000352 - 000468 | | |
| 9. | Capstone ISG Reports to Bell & Clements Ltd.    A. GL – 000480 – 000675    B. GL – 000702 – 000705 | | |

|   |   |   |   |
|---|---|---|---|
|   | C. GL – 000719 – 000721<br>D. GL – 000722 – 000736<br>E. GL – 000737 – 000773<br>F. GL – 000774 – 000779<br>G. GL – 000780 – 000787<br>H. GL – 000788 – 000850<br>I. GL – 000851 – 000853<br>J. GL – 000990 - 000992 |   |   |
| 10. | Claims Notes Log<br>GL – 001045 - 001114 |   |   |
| 11. | Correspondence, notes, records and memoranda produced during discovery regarding Great Lakes' claims handling and investigation of subject claim.<br>GL -- 000001 – 000041<br>GL -- 000156 – 000161<br>GL -- 000345 - 000351<br>GL – 000469 – 000478<br>GL – 000685 – 000701<br>GL – 000711 – 000718<br>GL – 000864 – 000865<br>GL – 000986 - 000989 |   |   |
| 12. | Transcript of Sworn Statement of Joshua Fields dated March 18, 2021, with Exhibit<br>GL – 001141 - 001198 | Cumulative; hearsay. | FRE 403, 801, 802, |
| 13. | Capstone ISG Letter to Plaintiff dated April 28, 2020<br>GL – 000676 - 000679 |   |   |
| 14. | Capstone ISG Letter to Plaintiff dated May 14, 2020<br>GL – 000706 - 000710 |   |   |
| 15. | Capstone ISG Letter to Plaintiff dated June 29, 2021<br>GL -- 000854 - 000859 |   |   |
| 16. | Capstone ISG Letter to Plaintiff dated July 7, 2021<br>GL – 000866 - 000985 |   |   |
| 17. | Correspondence between Capstone ISG and Plaintiff/Plaintiff's Counsel regarding subject claim including<br>GL – 000475 – 000479 (April – May 2020 email) |   |   |
| 18. | Letter from City of Ponca City to Plaintiff dated April 21, 2020<br>GL – 000479 |   |   |
| 19. | Correspondence between City of Ponca City and |   |   |

| | | | |
|---|---|---|---|
| | Plaintiff/Plaintiff's counsel regarding subject building and condemnation issues<br>FIELDS – 000003 | | |
| 20. | Ponca City Adopted Codes and Ordinances, including International Building and Fire Codes, including, but not limited to:<br>GL – 000690 – 000701 | | |
| 21. | Ponca City Fire Department Incident report March 24, 2020<br>PCFD-SDT -- 000001 - 000012 | | |
| 22. | Ponca City Police Department Uniform Incident report dated 3/24/2022<br>PCPD-SDT – 000003 - 000007 | | |
| 23. | Ponca City Police Department Property Custody Form for evidence collected at scene of fire on March 24, 2020<br>PCPD-SDT -- 000008 | | |
| 24. | Oklahoma State Bureau of Investigation Criminalistics Examination Report dated June 16, 2020<br>PCPD-SDT - 000010 | | |
| 25. | Oklahoma State Bureau of Investigation Lab Evidence Release Form dated July 21, 2020<br>PCPD-SDT - 000011 | | |
| 26. | Commercial Insurance Application submitted by Plaintiff dated May 2, 2019<br>GL – 001115 – 001132 | | |
| 27. | Documents produced by Kevin Randall Insurance pursuant to Plaintiff's subpoena(s) duces tecum, only to the extent proffered by Great Lakes<br>RANDALL-SDT – 00001 – 0000123 | Irrelevant; confusing and misleading evidence; Cumulative evidence; hearsay; lack of foundation or authentication. | FRE 401, 403, 801, 802, 901 |
| 28. | Documents and records (including audio and video files) produced by Ponca City Fire Department pursuant to Plaintiff's subpoena(s) duces tecum, only to the extent proffered by Great Lakes<br>PCFD-SDT – 000001 - 000012 | Irrelevant; Unfairly prejudicial; confusing and misleading evidence; | FRE 401, 403, 801, 802, 901 |

| | | hearsay; lack of foundation or authentication. | |
|---|---|---|---|
| 29. | Documents and records produced by Ponca City Police Department pursuant to Plaintiff's subpoena(s) duces tecum, only to the extent proffered by Great Lakes PCPD-SDT – 000001 - 000488 | Irrelevant; Unfairly prejudicial; confusing and misleading evidence; hearsay; lack of foundation or authentication. | FRE 401, 403, 801, 802, 901 |
| 30. | Ponca City Police Department Radio & Call Log PCPD-SDT – 000001 - 000002 | Irrelevant; Unfairly prejudicial; confusing and misleading evidence; hearsay; lack of foundation or authentication. | FRE 401, 403, 801, 802, 901 |
| 31. | Ponca City Police Department 376 photographs taken at the scene of the fire. PCPD – SDT – 000015 - 000390 | Unfairly prejudicial; confusing and misleading evidence; Cumulative. | FRE 401, 403, |
| 32. | Ponca City Police Department emergency radio & call traffic audio files - 98 files for Case No. 20005975 PCPD – SDT – 000391 – 000488 | Irrelevant; Unfairly prejudicial; confusing and misleading evidence; hearsay; lack of foundation or authentication. | FRE 401, 403, 801, 802, 901 |
| 33. | Ponca City Police Department video files of body camera footage from responding officers at the scene | Irrelevant; Unfairly | FRE 401, 403, 801, |

| | | | |
|---|---|---|---|
| | of the fire<br>PCPD – SDT – 000013 – 000014 | prejudicial; confusing and misleading evidence; hearsay; lack of foundation or authentication. | 802, 901 |
| 34. | Ponca City Police Department Sargent Brian Dye recorded interview of neighbors taken on 3/25/20<br>PCPD – SDT – 000012 | Irrelevant; Unfairly prejudicial; confusing and misleading evidence; hearsay; lack of foundation or authentication. | FRE 401, 403, 801, 802, 901 |
| 35. | City of Ponca City Notice of Hearing for Condemnation<br>GL – 000479 | | |
| 36. | Ponca City Utility billing statements for costs of roll-off dumpsters used for debris cleaning<br>FIELDS – 000001 - 000002 | | |
| 37. | Plaintiff's Initial Disclosures and any exhibits thereto | Not proper evidence; Not properly identified; Cumulative | FRE 403 |
| 38. | Great Lakes' Initial Disclosures and any exhibits thereto | Not proper evidence; Not properly identified; Cumulative | FRE 403 |
| 39. | All documents produced by Plaintiff in discovery not objected to by Great Lakes and only to the extent proffered by Great Lakes, including<br>FIELDS – 00001 – 000026 | Irrelevant; Unfairly prejudicial; confusing and misleading evidence; Cumulative; hearsay; lack | FRE 401, 403, 801, 802, 901 |

| | | | |
|---|---|---|---|
| | | of foundation or authentication; Not properly identified | |
| 40. | All documents produced by Great Lakes in discovery and only to the extent proffered by Great Lakes GL – 000001 - 001198 | Irrelevant; Unfairly prejudicial; confusing and misleading evidence; Cumulative; hearsay; lack of foundation or authentication; Not properly identified | FRE 401, 403, 801, 802, 901 |
| 41. | Any documents produced by any subpoenaed party not objected to by Great Lakes and only to the extent proffered by Great Lakes | Not properly identified and unable to assess admissibility | |
| 42. | Plaintiff's Answers to Interrogatories, Responses to Requests for Admissions, supplements and verifications thereto, only to the extent proffered by Great Lakes | Not properly identified and unable to assess admissibility | |
| 43. | All deposition exhibits not objected to by Great Lakes and only to the extent proffered by Great Lakes | | |
| 44. | All exhibits listed by Plaintiff not objected to by Great Lakes and only to the extent proffered by Great Lakes | | |
| 45. | Any documents, materials, media, or other tangible items produced by any party or third party during the course of remaining discovery | Not properly identified and unable to assess admissibility | |
| 46. | Pleadings and other submissions filed of record, including exhibits thereto, and only to the extent proffered by Great Lakes | Not properly identified and unable to assess | |

| | | admissibility | |
|---|---|---|---|
| 47. | Demonstrative exhibits and visual aids | Not proper evidence as identified (demonstrative exhibits) | |
| 48. | Summary Exhibits and Timeline Exhibits | Not properly identified or timely produced in discovery | |
| 49. | Any exhibit necessary for rebuttal. | Not properly identified or timely produced | |

7.   <u>WITNESSES</u>:   The  following  exclusionary  language  **<u>MUST</u>**  be included:

Unlisted witnesses in chief will not be permitted to testify unless, by order of the court, the final pretrial order is amended to include them.

A.   <u>Plaintiff:</u>

| No. | Witnesses | Proposed Testimony |
|-----|-----------|--------------------|
| 1. | Joshua Fields<br>c/o Plaintiff's counsel | Plaintiff.<br>Facts and circumstances relevant to the purchase of the insurance policy, payment of premiums and submission of claim for benefits. Facts and circumstances relevant to the insured building, its use, maintenance, and upkeep. Facts and circumstances relevant to the condition and use of the insured building at the time of the fire. Facts and circumstances relevant to his interaction with Defendant regarding his claim for benefits due to the fire loss. |
| 2. | Jessica Fields<br>413 South 3rd Street<br>Ponca City, OK | Plaintiff's wife.<br>Her knowledge of the insurance policy with Defendant, its issuance to Plaintiff and payment of premiums. Her knowledge insured building, its use, maintenance, and upkeep. Her knowledge relevant to the use of the insured building and it's condition at the time of the fire. Her knowledge and involvement in the Plaintiff's claim for benefits submitted to Defendant and activity relevant to the claim processes under Defendant's direction. |
| 3. | Mr. Keith Alston<br>1501 E. Walnut<br>Ponca City, OK | Facts and circumstances about his living in the building and condition of the building at or near the time of the fire. |
| 4. | Mr. Keith Howard<br>Address unknown | Facts and circumstances about his work for Plaintiff and his work on the building at or near the time of the fire. |

| | | |
|---|---|---|
| 5. | Mr. Kevin Wilson<br>Capstone ISG, Inc<br>13506 E. Boundary Rd, Suite A<br>Midlothia, VA 23112 | His knowledge and involvement in the opening and handling of Plaintiff's claim for benefits under Defendant's insurance policy. |
| 6. | Investigator David VanBuskirk<br>McCord Fire Department<br>Ponca City, OK | Employee of the McCord Fire Department. May testify to facts and circumstances surrounding the incident at issue in this case. May testify to his investigation of the incident and completion of the incident reports pertaining to the Plaintiff's subject incident. |
| 7. | Ptl. Kisen Sharp<br>Detective Sgt. Brian Dye<br>Tucker Hodgson<br>Ptl. Kisen Sharp<br>Officer Kinkaid<br>Ponca City Police Department<br>200 E. Oklahoma<br>Ponca City, OK  74601<br>(580) 767-0370 | Employees of the Ponca City Police Department. May testify to facts and circumstances surrounding the incident at issue in this case. May testify to their investigation of the incident and completion of the incident reports pertaining to the Plaintiff's subject incident. |
| 8. | Derek Cassidy<br>Ponca City Fire Department<br>516 East Grand Ave<br>Ponca City, OK 74601<br>(580) 767-0361 | Employee of the Ponca City Fire Department. May testify to his knowledge and opinions on the city code requirements relevant to Plaintiff's building at the time of the fire. His involvement in providing information to persons handling and investigating the claim for benefits. |
| 9. | Derek Cassidy<br>Ron Cremers<br>Carson Combest<br>Christopher Jones<br>Tanner Toney<br>Benjamin Webb<br>Nicholas Fulton<br>Scott Garrett<br>Gary Whitehead<br>Benjamin Creech<br>Andre Stoll<br>Allan Fogle<br>Lane Lathers | Employees of the Ponca City Fire Department. May testify to facts and circumstances surrounding the incident at issue in this case. May testify to their investigation of the incident and completion of the incident reports pertaining to the Plaintiff's subject incident. |

Chad Cunningham
Cody Regier
c/o Ponca City
Fire Department
516 East Grand Ave
Ponca City, OK
(580) 767-0361

10.   Kevin Randall                    May testify about his involvement in obtaining the
      P.O. Box 424                     policy at issue for Plaintiff and his involvement
      Tonkawa, OK 74653                with Plaintiff as his insurance agent for the subject
                                       policy of insurance.

11.   Cullen Fowler                    Employee of Rimkus Consulting Group.
      Rimkus Consulting Group          May testify to his investigation of the incident and
      2201 S. Fretz Ave., Ste. 110     completion of the incident reports pertaining to the
      Edmond, OK  73013                Plaintiff's subject incident.
      (405) 340-8034

12.   Terry Nichols                    Employees of Capstone Insurance.
      Tera Earp                        May testify about Capstone Insurance policy
      Kevin Wilson                     number HAR000525494, including but not limited
      Catherine Aufderheide            to the purchase, issuance, changes and cancellation
      Ashley Eadle                     of the policy, and all other alterations to the policy
      c/o Defense Counsel              during the effective dates of the policy. May also
                                       testify about payment of premiums on the policy,
                                       including the person or persons paying the
                                       premiums, how and when premiums were paid.

14.   Phillip Noah                     Employee of Rimkus Consulting Group.
      Rimkus Consulting Group          May testify to his investigation of the incident and
      2201 S. Fretz Ave., Ste. 110     completion of the incident reports pertaining to the
      Edmond, OK  73013                Plaintiff's subject incident.
      (405) 340-8034

15.   Mr. John Andrew                  City attorney for Ponca City. May testify to the
      City Attorney for Ponca City     City's interaction with Plaintiff as it relates to the
      516 E. Grand                     preservation and demolition of the subject property.
      Ponca City, OK  74601
      (580) 767-0339

16. Any witnesses necessary for purposes of identification and authentication of evidence

17. All witnesses identified by Defendant and not objected to by Plaintiff.

   B.   <u>Defendant:</u>

| <u>NO.</u> | <u>NAME</u> | <u>ADDRESS</u> | <u>PROPOSED TESTIMONY</u> |
|---|---|---|---|
| 1. | Joshua Fields | c/o counsel for Plaintiff. | Facts and circumstances related to the subject loss claim under the Policy, and alleged damages. |
| 2. | Jessica Fields | c/o counsel for Plaintiff. | Facts and circumstances related to the subject loss claim under the Policy, and alleged damages. |
| 3. | Kevin Randall Kevin Randall Insurance | 1000 N Main St, Tonkawa, OK 74653. | Facts and circumstances relating to the issuance of Plaintiff's Policy with Great Lakes; facts and circumstances related to Plaintiff's claim submitted as a result of the subject fire. |
| 4. | Representatives of Capstone ISG | c/o counsel for Great Lakes | Facts, circumstances, and documents relating to the subjects of this litigation, including, but not limited to, facts alleged in Plaintiff's Petition, Plaintiff's loss claims under the Policy and subsequent claims investigations, claims handling, and determinations related thereto. |
| 5. | Ashley Eadie Capstone ISG | c/o counsel for Great Lakes | Facts, circumstances, and documents relating to the subjects of this litigation, including, but not limited to, facts alleged in Plaintiff's Petition, Plaintiff's loss claims under the Policy and subsequent claims |

| | | | investigations, claims handling, and determinations related thereto. |
|---|---|---|---|
| 6. | Kevin Wilson<br>Capstone ISG | c/o counsel for Great Lakes | Facts, circumstances, and documents relating to the subjects of this litigation, including, but not limited to, facts alleged in Plaintiff's Petition, Plaintiff's loss claims under the Policy and subsequent claims investigations, claims handling, and determinations related thereto. |
| 7. | Terry Nichols<br>Capstone ISG | c/o counsel for Great Lakes | Facts, circumstances, and documents relating to the subjects of this litigation, including, but not limited to, facts alleged in Plaintiff's Petition, Plaintiff's loss claims under the Policy and subsequent claims investigations, claims handling, and determinations related thereto. |
| 8. | Representative(s) of Great Lakes | c/o counsel for Great Lakes | Facts, circumstances, and documents relating to the subjects of this litigation, including, but not limited to, facts alleged in Plaintiff's Petition, Plaintiff's loss claims under the Policy and subsequent claims investigations, claims handling, and determinations related thereto. |
| 9. | Georgia Costin<br>Bell & Clements Ltd. | c/o counsel for Great Lakes | Facts and circumstances relating to supervisory duties regarding claims investigation and management/handling of Plaintiff's claims under Policy. |
| 10. | Jack McNeal<br>Reliable Reports | 1760 South Stemmons Fwy, Suite 130<br>Lewisville TX<br>(800) 460-0723 | Facts, circumstances, and regarding property in question, including prior inspections and multi-peril property report |

| | | | prepared in 2015. |
|---|---|---|---|
| 11. | Philip Noah, IAAI-CFI Fire Division Manager Rimkus Consulting Group, Inc. | c/o counsel for Great Lakes | Facts and opinion testimony relating to the subject fire, the damages resulting therefrom, and regarding investigation of cause of fire and investigation findings. |
| 12. | Cullen Fowler Rimkus Consulting Group, Inc. | c/o counsel for Great Lakes. | Facts and opinion testimony relating to the subject fire, the damages resulting therefrom, and regarding investigation of cause of fire and investigation findings. |
| 13. | Korey Pruitt Property Inspector City of Ponca City | 516 E. Grand Ponca City, OK (580) 767-0383 | Facts and circumstances regarding property in question, including, but not limited to, the facts and circumstances relating to the subject fire and the subject property. |
| 14. | Fire Marshal Dereck Cassady Ponca City Fire Department | 516 East Grand Ave Ponca City, OK Tel: (580) 767-0361 | Facts and circumstances regarding property in question, including, but not limited to, the facts and circumstances relating to the subject fire and the subject property. |
| 15. | Members of the Ponca City Fire Department Including: Ron Cremers Carson Combest Christopher Jones Tanner Toney Benjamin Webb Nicholas Fulton Scott Garrett Gary Whitehead Benjamin Creech Andre Stoll Allan Fogle Lane Leathers Chad Cunningham Cody Regier Ptl. Kisen Sharp Marcus Kincaid | 516 East Grand Ave Ponca City, OK Tel: (580) 767-0361 | Facts and circumstances relating to the subject property and the fire, observations during response to fire, suppression services provided, any investigation of the incident and completion of incident reports pertaining to the incident at issue. |

| | | | |
|---|---|---|---|
| | Fabron Porter<br>Jeff Woodward<br>Jesus Lara<br>Tucker Hodgson | | |
| 16. | Sgt. Brian Dye<br>Ponca City Police<br>Department | 200 E. Oklahoma<br>Ponca City, OK<br>Tel: (580) 767-0370 | Facts and circumstances relating to the subject property and the fire, observations during response to fire, suppression services provided, any investigation of the incident and completion of incident reports pertaining to the incident at issue; facts and circumstances relating to his investigation of the incident, interactions with other agencies relating to possible arson investigation, and completion of incident reports pertaining to the incident at issue. |
| 17. | Investigator David Van Buskirk<br>McCord Volunteer Fire Department | 22 Howard<br>Ponca City, OK<br>Tel: (580) 765-4700 | Facts and circumstances relating to the subject property and the fire, observations during response to fire, suppression services provided, any investigation of the incident and completion of incident reports pertaining to the incident at issue. |
| 18. | Mr. Keith Alston | 1501 E. Walnut<br>Ponca City, OK | Prior tenant at subject property; facts and circumstances about his tenancy in the building, subsequent vacation of the property, interactions with Plaintiff as landlord/landowner, and the condition of the building at or near the time of the fire. |
| 19. | Mr. Keith Howard | Address Currently Unknown | Facts and circumstances regarding property in question; facts and circumstances relating to the subject fire and related property claim filed with Great Lakes. |
| 20. | Keith Crawford | Address Currently | Facts and circumstances |

| | Property Manager | Unknown. | regarding property in question; facts and circumstances relating to the subject fire and related property claim filed with Great Lakes. |
|---|---|---|---|
| 21. | John Andrew City Attorney for Ponca City | 516 E. Grand Ponca City, OK Tel: (580) 767-0339 | City's interactions with Plaintiff as it relates to the preservation and demolition of Plaintiff's property after fire. |
| 22. | Blake Langfeldt | 118 ½ N. Oak #2 Ponca City, OK (last known address) | Facts and circumstances surrounding the incident at issue in this case; facts and circumstances relating to his observations of the incident and any circumstances leading up to the incident at issue. |
| 23. | Justin Burns | 118 ½ N. Oak #2 Ponca City, OK (last known address) | Facts and circumstances surrounding the incident at issue in this case; facts and circumstances relating to his observations of the incident and any circumstances leading up to the incident at issue. |
| 24. | Amy Dawn Baker 3200 N. 14th Street Ponca City, OK (580) 362-3868 | 3200 N. 14th Street Ponca City, OK (580) 362-3868 | Facts and circumstances surrounding the incident at issue in this case; facts and circumstances relating to his observations of the incident and any circumstances leading up to the incident at issue. |
| 25. | All witnesses listed by Plaintiff, except as objected to by Defendant | | |
| 26. | All witnesses identified in subsequent discovery or further in the course of litigation | | |
| 27. | Any witness necessary for authentication of exhibits, including custodian(s) of records. | | |

| 28. | All witnesses necessary for rebuttal. | | |
|-----|--------------------------------------|--|--|

8.    ESTIMATED TRIAL TIME:

     A.    Plaintiff's Case:    2 days

     B.    Defendant's Case:    2 Days

     C.    If you desire to have daily copy or any other extraordinary court reporter services during trial, you must so notify the Chief Deputy Court Clerk a minimum of two weeks before the date the case is scheduled to be called for trial.

9.    BIFURCATION REQUESTED:          Yes _____    No _X

10.    POSSIBILITY OF SETTLEMENT:

     Good_____          Fair _X_____          Poor _____

All parties approve this report and understand and agree that this report supersedes all pleadings, shall govern the conduct of the trial, and shall not be amended except by order of the court.

Respectfully submitted by:

MARTIN JEAN & JACKSON

By: s/ Scott R. Jackson
   Scott R. Jackson, OBA # 17502
   P.O. Box 2403
   Ponca City, OK 74602
   (580) 765-9967 Telephone
   (580) 765-5433 Facsimile
   sjackson@mjjlawfirm.com


*/s/ Emily Allan*

DOERNER SAUNDERS DANIEL
  & ANDERSON, LLP
Sara E. Potts, OBA No. 32104
Emily E. Allan, OBA No. 33456
210 Park Avenue, Suite 1200
Oklahoma City, OK 73102
T: (405) 898-8654 | F: (405) 898-8684
Email: spotts@dsda.com
   eallan@dsda.com

-and-

Michael Linscott, OBA No. 17266
Two West Second Street, Suite 700
Tulsa, OK  74103-3117
T: (918) 591-5288 | F: (918) 925-5288
Email:  mlinscott@dsda.com
***Attorneys for Defendant Great Lakes
Insurance SE***