## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) JOSHUA FIELDS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-cv-00986-G |
| | ) | |
| (1) GREAT LAKES INSURANCE SE, | ) | *Removed from the District Court of* |
| | ) | *Kay County, State of* |
| (2) MJ KELLY COMPANY, and | ) | *Oklahoma, Case No. CJ-2021-00037* |
| | ) | |
| (3) CAPSTONE ISG, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff, Joshua Fields, respectfully submits the following and attached jury instructions to be given at trial in this matter.

Respectfully submitted,

MARTIN JEAN & JACKSON

By:     s/ Scott R. Jackson
        Scott R. Jackson, OBA#17502
        P.O. Drawer 2403
        Ponca City, Oklahoma  74602
        Attorneys for Plaintiff
        (580) 765-9967 Telephone
        sjackson@mjjlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of November 2022, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants, via email:

Doerner, Saunders, Daniel & Anderson, LLP
Sara E. Potts, OBA #32104
Emily E. Allen, OBA #33456
Michael Linscott, OBA #17266
spotts@dsda.com
eallan@dsda.com
mlinscott@dsda.com
*Attorneys for Defendants*
*Great Lakes Insurance SE*

s/ Scott R. Jackson
Scott R. Jackson

**INSTRUCTION NUMBER  ___**

**EXPLANATION TO JURY PANEL OF VOIR DIRE**

As possible jurors you will be questioned to determine your qualifications to serve in this case. The purpose of these questions is to obtain a fair jury. Since this is an important part of the trial, it is necessary that you be given an oath to answer truthfully all questions asked you about your qualifications to serve as jurors. Will you please stand, raise your right hand, and the oath will now be given to you by the Court Clerk.

AUTHORITY:        OUJI 1.1, OUJI 3d (Rev. 2009)

Given:        _____
Rejected:        _____

**INSTRUCTION NUMBER ___**

**<u>OATH ON VOIR DIRE</u>**

Do you affirm under the pains and penalties of perjury to truly and fully answer all

questions asked you by the Judge or lawyers to serve as a juror in the case now on trial?

[Juror should be required to answer "I do".]

AUTHORITY: OUJI 1.2, OUJI 3d (Rev. 2009)

Given:       _____
Rejected:     _____

**INSTRUCTION NUMBER __**

**<u>OATH ADMINISTERED TO JURY</u>**

Do you affirm under the pains and penalties of perjury that you will well and truly try the matters submitted to you in the case now on trial and a true verdict render, according to the law and the evidence?

[Juror should be required to answer, "I do".]

AUTHORITY:  OUJI 1.3, OUJI 3d (Rev. 2009)

Given: _____

Rejected: _____

**INSTRUCTION NUMBER ___**

**JURY'S DUTIES—CAUTIONARY INSTRUCTIONS—
TO BE GIVEN AFTER JURY IS SWORN**

Members of the Jury: I will now explain to you your duties as jurors. It is vital to the administration of justice that you fully understand and faithfully perform these duties.

It is my duty to determine all of the law applicable to this case and to inform you of that law by these instructions and by the instructions that I will give you after all evidence has been received.  It is your duty to accept and follow all of these instructions as a whole, not accepting one or more of these instructions and disregarding the others.

It is your duty to determine the facts of this case from the evidence produced in open court. You should consider only the evidence introduced while the court is in session. It is then your duty to apply the law, as determined by the court, to the facts as determined by you, and thus render a verdict. You should not allow sympathy or prejudice to influence your decision. Your decision should be based upon probabilities, and not possibilities.  It may not be based upon speculation or guesswork.

The evidence which you are to consider consists of the testimony of the witnesses; the exhibits, if any, admitted into evidence; any facts admitted or agreed to by the attorneys; and any facts which I instruct you to accept as true. The term "witness" means anyone who testifies in person, or by deposition, including the parties.

In addition, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified when considered with the aid of the knowledge which you each possess in common with other persons. You may make deductions and reach conclusions which

reason and common sense lead you to draw from the facts which you find to have been established by the testimony and evidence in the case.

The production of evidence in court is governed by rules of law. From time to time, it may be the duty of the attorneys to object to the production of evidence and my duty to rule on these objections. If I say the objection is overruled, you may consider the testimony or exhibit covered by the objection. If I say the objection is sustained, you must not consider the testimony or exhibit covered by the objection and you should not speculate on what the testimony or exhibit might have been. The attorney's objections, and my rulings upon these objections, together with the reasons for these objections and rulings are not evidence and should not be considered by you.

The statements, remarks and arguments of the attorneys are intended to help you in understanding the evidence and applying the law but are not evidence. If any statement, remark, or argument of an attorney has no basis in the evidence, then you should disregard it.

You are the sole judges of the believability of each witness and the value to be given the testimony of each. You should take into consideration the witness's means of knowledge, strength of memory, and opportunities for observation. Also consider the reasonableness, consistency, or inconsistency of the testimony. You should also consider the bias, prejudice, or interest, if any, the witness may have in the outcome of the trial, the conduct of the witness upon the witness stand, and all other facts and circumstances that affect the believability of the witness.

My rulings and remarks made during the course of this trial are not intended to indicate my opinion as to the facts. During all recesses and adjournments, while this case is in progress, you must not discuss this case, or anything about this case, with anyone, and you must not allow anyone to discuss it with you. This rule applies not only to court employees, the attorneys, parties, or

witnesses involved in this case, and others you may meet in the courthouse but also to your husband and wife, other members of your family, your friends, and anyone else you may meet.  If during the trial anyone talks to you or tries to talk to you about this case, you must immediately report it to me, or the [(clerk of the court)/bailiff], who will report to me.

Do not, before this case is finally submitted to you for a decision, talk to your fellow jurors about this case, or anything about this case, or form or express any opinion about it.

Do not read newspaper reports or obtain information from the internet or any other source about this trial or the issues, parties, or witnesses involved in this case, and do not watch or listen to television or radio reports about it. Do not attempt to visit the scene or investigate this case on your own.

During this trial, do not text, post, tweet, blog or otherwise broadcast anything about this case or your service on this jury.  This will help you avoid others pressuring you to discuss this trial. If you believe that another juror is violating this instruction, please notify me by immediately giving a note to the bailiff.

The reasons for these rules are that it is essential that you should keep your minds free and open at all times throughout this trial and that you should not be influenced by anything except the evidence you hear and see in the courtroom.

From now on, at the beginning of each recess or adjournment, I will refer to these instructions as "my instructions" or "my usual instructions", but whether or not this is done, you will carefully observe these rules at all times.

AUTHORITY:  OUJI 1.4, OUJI 3d (Rev. 2009)

Given:            _____
Rejected:         _____

**INSTRUCTION NUMBER  ___**

**JURY'S DUTIES—CAUTIONARY INSTRUCTIONS—BIAS ON ACCOUNT OF RACE,
RELIGION, ETC.**

Remember that under our justice system the race, religion, national origin, or social status

of a party or [his/her] attorney must not be considered by you in the discharge of your sworn duty

as a juror.

AUTHORITY: OUJI.CIV 1.5, OUJI 3d (Rev. 2009)

Given:        _____
Rejected:     _____

**INSTRUCTION NUMBER __**

**<u>JURY'S DUTIES—CAUTIONARY INSTRUCTIONS</u>**
**<u>CORPORATION AS PARTY</u>**


All parties to a lawsuit are entitled to the same fair and impartial consideration, whether they are corporations or individuals.



AUTHORITY:  OUJI.CIV 1.6, OUJI 3d (Rev. 2009)

Given:          _____
Rejected:       _____

**INSTRUCTION NUMBER  ___**

**<u>CAUTIONARY INSTRUCTION—NOTE TAKING BY JURORS</u>**

I have given you notepads and pens. You may take notes during the presentation of evidence in this case.  I do not require that any juror take notes.  This is entirely up to you.  If you take notes, remember this:

1.     Take notes sparingly. Do not try to write down all the testimony. The purpose of taking notes is to help you remember.  They should not take the place of your independent memory of the testimony.  Notes are helpful when dealing with measurements, times, distances, identities, and relationships.

2.     You must pass on the credibility of the witnesses, and to do so you must observe them.  Do not let note-taking distract you from this duty.

3.     If you do not take notes or take only a few notes, do not let your own independent recollection of the evidence be influenced solely by the fact other jurors have taken notes.

4.     Your notes are for your private use only. Do not share your notes with any other juror during the presentation of the case. You may discuss your notes only with other jurors and only after the case is submitted to you for deliberation.

During recesses and at the end of the day, leave your notepad in the courtroom. We will lock the courtroom at night and during the noon recess.

You will have access to your notes during deliberations. After the trial is over, please leave your pads and pens in the deliberation room. No one will read your notes. They will not be included in the official record in this case. The notes will be destroyed.

AUTHORITY:  OUJI.CIV 1.7. OUJI 3d (Rev. 2009)

Given: _____

Rejected: _____

**INSTRUCTION NUMBER** ___

**JURY'S DUTIES—INTRODUCTION TO INSTRUCTIONS—TO BE GIVEN AFTER THE EVIDENCE**

It is now my duty to further explain your duties as jurors and to further inform you of the law applicable to this case.  It is your duty to faithfully perform your duties and to accept and follow all instructions of the law as a whole, including the instruction I gave you at the beginning of this trial and the instructions I gave you during the course of this trial. You are not free to accept and follow one or more of these instructions and disregard the other.

A written copy of all instructions will be given to you before you begin your deliberations.

AUTHORITY:  OUJI.CIV 1.8, OUJI 3d (Rev. 2009)

Given:          _____
Rejected:       _____

**INSTRUCTION NUMBER  ___**

**<u>CLOSING INSTRUCTION–TO BE GIVEN AFTER THE EVIDENCE</u>**

The Court has made rulings during this trial. In ruling, the Court has not in any way suggested to you the weight or credit to be given any evidence or testimony received during the trial, nor intimated in any way what you should decide in this case. You are the judges of the facts. The importance and worth of the evidence and testimony is for you to decide. From all the testimony heard and evidence seen by you during the trial, and using the reasoning which you each have, you will make your decision. You should perform your duties as jurors impartially and faithfully, under your oath. The law provides that you should now listen to and consider the arguments of counsel, which are a proper part of this case.

AUTHORITY:  OUJI.CIV 1.8A, OUJI 3d (Rev. 2009)

Given:          _____
Rejected:       _____

**INSTRUCTION NUMBER  ___**

**JURY'S DUTIES—TO BE GIVEN PRIOR TO DELIBERATION**

Ladies and Gentlemen of the jury, that completes the argument.  This case is now submitted to you for your decision and verdict.

When you have arrived in the jury room you should first choose one of the jury as a foreperson and then begin deciding the case.  You must not use any method of chance in arriving at your verdict but rest it on the opinion of each juror who agrees with it.  The forms of all possible verdicts will be sent to the jury room with you, along with these written instructions of the Court.  Once all six of you agree on a verdict, select the one (1) correct verdict form and only your foreperson need sign it; Notify the Bailiff or Deputy when you have arrived at a verdict so that you may return it in open court.

AUTHORITY:  OUJI.CIV 1.9. OUJI 3d (Rev. 2009) (modified)

Given:          _____
Rejected:       _____

**INSTRUCTION NUMBER** ___

**<u>NOTE TAKING BY JURORS—TO BE GIVEN PRIOR TO DELIBERATION</u>**

You have been permitted to take notes during the testimony of this case.  If you have done so, you may refer to them during deliberations and discuss the contents of your notes with other jurors.  In your deliberations, give no more or no less weight to the views of a fellow juror just because that juror did or did not take notes.  Your notes are not official transcripts but are simply aids to your memory.  It is the testimony from the witness stand which must be the basis of your determination of the facts, and ultimately, your verdict in the case.

AUTHORITY: OUJI.CIV 1.10, OUJI 3d (Rev. 2009)

Given: _____
Rejected: _____

**INSTRUCTION NUMBER ___**

**THE ISSUES IN THE CASE — NO COUNTERCLAIM**

The parties in this case are the Plaintiff, Joshua Fields, and the Defendant Great West Insurance SE.

The parties admit that at all relevant times Joshua Fields owned an eight-unit apartment building in Ponca City, Oklahoma. The building was insured under a commercial property insurance policy issued by Great West Insurance SE. On March 24, 2019, the building was damaged as a result of a fire. Plaintiff made a claim for insurance benefits with Great West Insurance SE. Great West Insurance SE denied paying benefits to Mr. Fields claiming the policy did not provide coverage for the fire loss.

Mr. Fields contends that the insurance company failed to timely and fairly investigate his claim for benefits. He also contends the insurance company unfairly and improperly interpreted the language of the insurance policy in order to deny coverage. Mr. Fields contends that actions of the insurance company were a breach of its contractual obligations and its duty to deal fairly and act in good faith in the handling of his claim.

Great West Insurance SE denies Plaintiff's contentions. These are the issues you are to determine.

AUTHORITY: OUJI.CIV 2.1, OUJI 3d (Rev. 2009) (Modified)

Given:     _____
Rejected:     _____

**INSTRUCTION NUMBER  \_\_\_**

**<u>THE ISSUES IN THE CASE—CAUTIONARY INSTRUCTION</u>**

This statement of the case simply defines the issues to be tried by you in this case, and the allegations or claims made therein do not constitute any evidence, nor do the statements or arguments of counsel, but you will only consider as evidence the testimony heard from the witness stand by the witness under oath, any exhibits which have been introduced and any stipulations made by counsel, and you will consider that evidence under the following instructions.

AUTHORITY:  OUJI.CIV 2.5, OUJI 3d (Rev. 2009)

Given:          _____
Rejected:       _____

**INSTRUCTION NUMBER ___**

**<u>BURDEN OF PROOF—GREATER WEIGHT OF THE EVIDENCE</u>**

In a civil lawsuit, such as this one, the law provides which party is to prove certain things to you. This is called "Burden of Proof."

When I say that a party has the burden of proof on any proposition by the greater weight of the evidence, or use the expression "if you find", or "if you decide", I mean you must be persuaded, considering all the evidence in the case, that the proposition on which such party has the burden of proof is more probably true than not true.  The greater weight of the evidence does not mean the greater number of witnesses testifying to a fact but means what seems to you more convincing and more probably true.

A party who seeks to recover on a claim or a party who raises an affirmative defense has the burden to prove all the elements of the claim or defense.  In deciding whether a party has met the burden of proof, you are to take into account all the evidence, whether offered by that party or any other party.

AUTHORITY:  OUJI.CIV 3.1, OUJI 3d (Rev. 2009)

Given: _____
Rejected: _____

**INSTRUCTION NUMBER** ___

**<u>NO SPECULATION</u>**

Your decision must be based upon probabilities, not possibilities. It may not be based upon speculation or guesswork.

AUTHORITY:  OUJI.CIV 3.3, OUJI 3d (Rev. 2009)

Given: _____
Rejected: _____

**INSTRUCTION NUMBER** ___

**DETERMINING CREDIBILITY [BELIEVABILITY] OF WITNESS**


You are the sole judges of the believability of each witness and the value to be given the testimony of each. You should take into consideration the witness's means of knowledge, strength of memory and opportunities for observation. Also consider the reasonableness and consistency or inconsistency of the testimony.

You should also consider the bias, prejudice, or interest, if any, the witness may have in the outcome of the trial, the conduct of the witness upon the witness stand, and all other facts and circumstances that affect the believability of the witness.


AUTHORITY:  OUJI.CIV 3.13, OUJI 3d (Rev. 2009)

Given:        _____
Rejected:     _____

**INSTRUCTION NUMBER** ___

**INSURANCE COMPANY'S OBLIGATION OF GOOD FAITH AND FAIR DEALING**

An insurance company has a duty to deal fairly and act in good faith with its insureds.

AUTHORITY:  OUJI.CIV 22.1, OUJI 3d (Rev. 2009)

Given:        _____
Rejected:     _____

**INSTRUCTION NUMBER  ___**

**<u>BAD FAITH --- FIRST PARTY INSURANCE ---</u>**
**<u>FAILURE TO PAY CLAIM OF INSURED</u>**


Joshua Fields claims that Great West Insurance SE violated its duty of good faith and fair dealing by unreasonably, and in bad faith, refusing to pay Joshua Fields for a valid claim under the insurance policy. In order for Joshua Fields to recover damages in this case, he must show by the greater weight of the evidence that:

1.      Great West Insurance SE was required under the insurance policy to pay Joshua Fields' claim;

2.      Great West Insurance SE's refusal to pay the claim in full was unreasonable under the circumstances, because (1) it did not perform a proper investigation, (2) it did not evaluate the results of the investigation properly, (3) it had no reasonable basis for the refusal, or 4) the amount it offered to satisfy the claim was unreasonably low;

3.      Great West Insurance SE did not deal fairly and in good faith with Joshua Fields; and

4.      The violation by Great West Insurance SE of its duty of good faith and fair dealing was the direct cause of the harm sustained by Joshua Fields.


AUTHORITY:  OUJI.CIV 22.2, OUJI 3d (Rev. 2009)(modified)

Given:          _____
Rejected:       _____

**INSTRUCTION NUMBER ___**

**<u>BAD FAITH --- DAMAGES</u>**

If you find that Great West Insurance SE violated its duty of good faith and fair dealing, you must fix the amount of Joshua Fields' damages. This is the amount of money that will compensate him for any loss he suffered as a result of Great West Insurance SE's failure to pay Joshua Fields' claim.

In fixing the amount you will award Joshua Fields you may consider the following elements:

1.      Financial losses;

2.      Embarrassment and loss of reputation; and

3.      Mental pain and suffering.

AUTHORITY:  OUJI.CIV 22.4, OUJI 3d (Rev. 2009)

Given:         _____
Rejected:     _____

**INSTRUCTION NUMBER ___**

**<u>ELEMENTS OF A CLAIM FOR BREACH OF CONTRACT</u>**

The parties admit that a contract for insurance existed between them which is known as an insurance policy. Joshua Fields is required to prove by the greater weight of the evidence the following in order to recover on the claim for breach of contract against Great West Insurance SE:

1.      Great West Insurance SE breached the contract by failing to pay under the policy for Plaintiff's for the damage to Mr Fields' building; and

3.      Joshua Fields suffered damages as a direct result of the breach.

AUTHORITY:  OUJI.CIV 23.1, OUJI 3d (Rev. 2009) (modified)

Given:              _____
Rejected:         _____

**INSTRUCTION NUMBER** ___

**CONSTRUCTION IN FAVOR OF PROMISSEE**


If the terms of a promise are uncertain, then you should interpret those terms the way that the person making the promise believed the other person understood them when the promise was made.



AUTHORITY:  OUJI.CIV 23.14, OUJI 3d (Rev. 2009)

Given:        _____
Rejected:     _____

**INSTRUCTION NUMBER  ___**

**<u>CONSTRUCTION AGAINST DRAFTER</u>**


If you cannot decide the intention of the parties after considering Instruction Nos. ___ to

___, then you should interpret the unclear terms in the contract most strongly against the party

responsible for the uncertainty.


AUTHORITY:  OUJI.CIV 23.16, OUJI 3d (Rev. 2009)

Given:      _____
Rejected:     _____

**INSTRUCTION NUMBER** ___

**<u>BREACH OF CONTRACT</u>**


A contract is breached or broken when a party does not do what it promised to do in the

contract



AUTHORITY:  OUJI.CIV 23.21, OUJI 3d (Rev. 2009)

Given:      _____
Rejected:   _____

**INSTRUCTION NUMBER** ___

**<u>UNCERTAINTY AS TO FACT OR AMOUNT OF DAMAGES</u>**


In order to award damages to Joshua Fields for a breach of contract, you must be satisfied by the greater weight of the evidence that he did, in fact, suffer a loss that was caused by the breach. Once you are satisfied that Joshua Fields did suffer such a loss, you should award damages even if you are uncertain as to the exact amount. The amount of damages does not have to be proved with mathematical certainty, but there must be a reasonable basis for the award.


AUTHORITY: OUJI.CIV 23.52; OUJI 3d (Rev. 2009) (modified)

Given:       _____
Rejected:    _____

**INSTRUCTION NUMBER** ___

**PROMPT PAYMENT REQUIRED**

An insurance claim must be paid promptly unless the insurance company has a reasonable belief that the claim is legally or factually insufficient.  The decisive question is whether the insurer had a good faith belief, at the time its performance was requested, that it had justifiable reason for withholding payment under the policy.  The knowledge and belief of the insurance company during the time period the claim is being reviewed is the focus of a bad-faith claim.

AUTHORITY: *Buzzard v. Farmers Ins. Co*. 824 P.2d 1105, 1108-1109 (Okla. 1991); *Christian v. American Home Assurance Company*, 577 P.2d 899, 903 (Okla. 1977).

Given: _____

Rejected: _____

**INSTRUCTION NUMBER  ___**

**<u>INSURANCE COMPANY DUTY TO TIMELY AND</u>**
**<u>PROPERLY INVESTIGATE AN INSURANCE CLAIM</u>**


An insurance company under Oklahoma law has a duty to timely and properly investigate

an insurance claim.



AUTHORITY: *Brown v. Patel*, 2007 OK 16, 157 P.3d 117, 122.

Given:            _____
Rejected:        _____

**INSTRUCTION NUMBER  ___**

**<u>ADHESION CONTRACTS—DEFINED</u>**


An adhesion contract is a standardized contract prepared entirely by one party to the transaction for the acceptance of the other. These contracts, because of the disparity in bargaining power between the draftsman and the second party, must be accepted or rejected on a "take it or leave it" basis without opportunity for bargaining - the services contracted for cannot be obtained except by acquiescing to the form agreement.


AUTHORITY:        *Max True Plastering Co. v. U.S. Fidelity and Guar. Co.*, 1996 OK 28, ¶7, 912 P.2d 861, 864; See also, *M.J. Lee Const. Co. v. Oklahoma Transp. Authority*, 2005 OK 87, ¶12, 125 P.3d 1205, 1210-11, n. 9.

Given:        _____

Not Given:        _____

**INSTRUCTION NUMBER  \_\_\_**

**INSURANCE POLICIES ARE ADHESION CONTRACTS AND ARE
CONSTRUED AGAINST THE DEFENDANT**

Insurance contracts are contracts of adhesion. An insurer such as State Farm has the advantage of drafting the contract and holds an uneven bargaining position. Consequently, any ambiguity in the language of the contract must be strictly construed against State Farm.

AUTHORITY:        *Haworth v. Jantzen*, 2006 OK 35, ¶19, 172 P.3d 193, 198. *Accord, Nationwide Mut. Ins. Co. v. Prater*, 638 Fed. Appx. 659, 664 (10th Cir. (W.D. Okla.) 2015); *ABAB, Inc. v. Starnet Ins. Co.*, 2014 U.S. Dist. LEXIS 150971, *6-8 (W.D. Okla. 2014)("[U]nder Oklahoma law, an insurance policy is a contract of adhesion, and as such, ambiguities and uncertainties in the exclusionary words must be construed strictly against the insurer.").

Given:        _____

Not Given:        _____

**INSTRUCTION NUMBER** ___

**DIRECTIONS FOR VERDICT FORM FOR ONE PLAINTIFF, ONE DEFENDANT**

If you find in favor of Joshua Fields on his claims, then mark the Verdict Form for Plaintiff Joshua Fields and against Defendant Great West Insurance SE. If you so find, then determine the amount of damages that Joshua Fields is entitled to recover and enter that amount on the Verdict Form.

If you find in favor of Defendant Great West Insurance SE, then mark the Verdict Form for Defendant Great West Insurance SE and against Plaintiff Joshua Fields.

AUTHORITY: OUJI.CIV 1.12A, OUJI 3d (Rev. 2009) (modified)

Given: _____
Rejected: _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) JOSHUA FIELDS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-cv-00986-G |
| | ) | |
| (1) GREAT LAKES INSURANCE SE, | ) | *Removed from the District Court of* |
| | ) | *Kay County, State of* |
| (2) MJ KELLY COMPANY, and | ) | *Oklahoma, Case No. CJ-2021-00037* |
| | ) | |
| (3) CAPSTONE ISG, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**VERDICT FORM – BREACH OF CONTRACT – FOR PLAINTIFF**</u>

      We, the jury, empaneled and sworn in the above-entitled cause, do, upon our oaths, find

the issues in favor of the Plaintiff Joshua Fields on his claim for breach of contract and fix the

amount of his damage in the sum of $\$\rule{3cm}{0.4pt}$.

 

$\rule{5cm}{0.4pt}$
Foreperson

 

AUTHORITY:  OUJI 9.37, OUJI 3d (Rev. 2009) (modified)

Given:      $\rule{1.5cm}{0.4pt}$
Rejected:   $\rule{1.5cm}{0.4pt}$

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) JOSHUA FIELDS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-cv-00986-G |
| | ) | |
| (1) GREAT LAKES INSURANCE SE, | ) | *Removed from the District Court of* |
| | ) | *Kay County, State of* |
| (2) MJ KELLY COMPANY, and | ) | *Oklahoma, Case No. CJ-2021-00037* |
| | ) | |
| (3) CAPSTONE ISG, | ) | |
| | ) | |
| Defendants. | ) | |

## VERDICT FORM – BAD FAITH – FOR PLAINTIFF

We, the jury, empaneled and sworn in the above-entitled cause, do, upon our oaths, find

the issues in favor of the Plaintiff Joshua Fields on his claim for breach of the duty of good faith

and fair dealing and fix the amount of his damage in the sum of $_____.


_____
Foreperson


AUTHORITY:  OUJI 9.37, OUJI 3d (Rev. 2009) (modified)

Given:        _____
Rejected:     _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) JOSHUA FIELDS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-cv-00986-G |
| | ) | |
| (1) GREAT LAKES INSURANCE SE, | ) | *Removed from the District Court of* |
| | ) | *Kay County, State of* |
| (2) MJ KELLY COMPANY, and | ) | *Oklahoma, Case No. CJ-2021-00037* |
| | ) | |
| (3) CAPSTONE ISG, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**VERDICT FORM –FOR DEFENDANT**</u>

We, the jury, empaneled and sworn in the above-entitled cause, do, upon our oaths, find

the issues in favor of the Defendant Great West Insurance SE.

_____
Foreperson

AUTHORITY:  OUJI 9.40, OUJI 3d (Rev. 2009) (modified)

Given:      _____
Rejected:   _____