# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JOSHUA FIELDS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-cv-00986-G |
| ) | |
| (1) GREAT LAKES INSURANCE SE, ) | *Removed from the District Court of* |
| ) | *Kay County, State of* |
| (2) MJ KELLY COMPANY, and ) | *Oklahoma, Case No. CJ-2021-00037* |
| ) | |
| (3) CAPSTONE ISG, ) | |
| ) | |
| Defendants. ) | |

## **PLAINTIFF'S MOTIONS IN LIMINE**

COMES NOW Plaintiff, Joshua Fields, and respectfully moves this Court for an Order in Limine prohibiting Defendant Great Lakes Insurance SE's attorneys, representatives and witnesses from mentioning, arguing, soliciting evidence, inferring, stating to the jury, presenting testimony evidence or exhibits that in any way attempt to inform the jury of the issues raised in this Motion without first seeking approval from this Court outside the presence of the jury. The matters sought to be excluded are issues that are irrelevant or, alternatively, the probative value of the issues is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury. FRE 403. These issues are as follows:

**1.  PRIOR INSPECTION AND CONDITION OF THE BUILDING OUTSIDE THE EFFECTIVE DATES OF THE INSURANCE POLICY AT ISSUE.**

It is anticipated that Defendant will attempt to introduce evidence regarding an inspection of Plaintiff's building performed in 2015. It is anticipated from that inspection, Defendant will try to introduce evidence regarding the existence or non-existence of smoke detectors and fire

extinguishers in the building. This evidence concerns matters over four years before the fire at issue in this case. Further, the issue in this trial is whether or not the absence of smoke detectors and fire extinguishers in the building at the time of the March 24, 2019 fire were in violation of local code requirements. Whether or not Plaintiff maintained smoke detectors and fire extinguishers in the building several years earlier and well outside the policy period at issue in this case, is immaterial. This evidence fails to make a consequential fact determinative of the case more or less probable than it would be without the evidence. Further, Defendant may use this evidence to somehow infer Plaintiff's did not maintain these protective safeguards in the building prior to removing them when the remodel work began.

This evidence should be excluded because it is irrelevant and would only mislead a jury or confuse the issues in the case resulting in unfair prejudice.

**2.     EVIDENCE AND TESTIMONY REGARDNG THE CAUSE OR ORIGIN OF THE FIRE AND INVESTIGATIONS REGARDING THE SAME.**

This case centers around Great Lakes Insurance SE's decision to deny coverage under the policy issued to Plaintiff because there were no smoke detectors and fire extinguishers in the building at the time of the fire. It is undisputed that these items had been removed from the building because the building was undergoing remodeling. Great Lakes Insurance SE contends Plaintiff was required to maintain these items inside the building since they were required by local code. However, local code enforcement officers told the insurance company they would not enforce such a requirement on Plaintiff since the building was vacant and being remodeled.

Evidence regarding the origin and cause of the fire is irrelevant in this case. While the origin was determined to be inside the building underneath a staircase, its cause was never determined by either local law enforcement or Defendant's own investigation of the fire. Nevertheless, the cause or origin of the fire was not a factor considered by Great Lakes Insurance

SE in its determination to deny Plaintiff coverage under the insurance policy. This evidence, if allowed, would only confuse the jury on the issues in the case, cause undue delay in the presentation of the evidence and potentially provide unfair prejudice if it caused the jury to speculate as to the cause of the fire.

For these reasons, this Court should prohibit introduction of evidence that relates to the investigation of origin or cause of the fire, and should limit witnesses' testimony regarding the same. To the extent certain evidence of the fire contains relevant evidence regarding the existence of smoke detectors and fire extinguishers in the building at the time of the fire, those exhibits should be redacted to prohibit references to the fire's origin and cause.

## CONCLUSION

Plaintiff respectfully requests that his motion to exclude certain evidence *in limine* from the trial in this matter be granted.

Respectfully submitted,

MARTIN JEAN & JACKSON

By: s/ Scott R. Jackson
Scott R. Jackson, OBA#17502
P.O. Drawer 2403
Ponca City, Oklahoma  74602
Attorneys for Plaintiff
(580) 765-9967 Telephone
sjackson@mjjlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of November 2022, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants, via email:

Doerner, Saunders, Daniel & Anderson, LLP
Sara E. Potts, OBA #32104
Emily E. Allen, OBA #33456
Michael Linscott, OBA #17266
spotts@dsda.com
eallan@dsda.com
mlinscott@dsda.com
*Attorneys for Defendants*
*Great Lakes Insurance SE*

                                                s/ Scott R. Jackson
                                                Scott R. Jackson