UNITED STATED DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JOSHUA FIELDS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-21-986-G |
| ) | |
| (1) GREAT LAKES INSURANCE SE, ) | *Removed from the District Court of* |
| (2) MJ KELLY COMPANY, and ) | *Kay County, State of Oklahoma* |
| (3) CAPSTONE ISG, ) | *Case no. CJ—2021—00037* |
| ) | |
| Defendants. ) | |
| ) | |

## **DEFENDANT GREAT LAKES INSURANCE SE'S OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

Defendant Great Lakes Insurance SE ("Defendant," or "Great Lakes") hereby submits the following objections to Plaintiff's Proposed Jury Instructions (Dkt. # 57), including the order of instructions proposed by Plaintiff. In so doing, Great Lakes asserts all objections to the submission of any claims or instructions to the jury regarding the matters raised in Defendant's Motion for Summary Judgment (Dkt. # 40) and further requests the opportunity to expand or revise its objections to Plaintiff's proposed instructions and/or to propose new or alternative instructions to conform to the evidence.

1. **OBJECTION TO PLAINTIFF'S PROPOSED ORDER OF INSTRUCTIONS.**

The order of Plaintiff's proposed jury instructions[1] is erroneous and prejudicial. "To maintain a claim premised on a breach of the covenant of good faith and fair dealing first

---

[1] Although Plaintiff proposes 29 jury instructions and 3 proposed verdict forms, the jury instructions are not numbered. *See* Dkt. # 57. For ease of reference, this Objection will still refer to the specific instructions by docket page number.

requires a foundational finding of breach of contract. Oklahoma has long recognized that "[t]o bring an action for bad faith, the loss must arise from a valid claim", *Davis v. GHS Health Maint. Org., Inc.*, 2001 OK 3, 22 P.3d 1204, 1210 n. 24, and "the plaintiff obviously must establish that a binding agreement has been breached to invoke this theory of bad faith breach of contract under Oklahoma law." *Gillogly v. Gen. Elec. Cap. Assur. Co.*, 430 F.3d 1284, 1293 (10th Cir. 2005) (quoting *Expertise, Inc. v. Aetna Fin. Co.*, 810 F.2d 968, 972 (10th Cir.1987) (citation marks omitted). In his proposed instructions, however, Plaintiff first presents his proposed bad faith claim instructions (starting on p. 23) before even mentioning the requisite breach of contract claim. To present the instructions in this order would confuse the jury as to the applicable law and the required order of findings.

2. **OBJECTION TO INSTRUCTION ON JURY'S DUTIES PRIOR TO DELIBERATIONS**

Plaintiff's proposed instruction on the jury's duties after the close of evidence and prior to deliberations (Dkt. # 57, p. 16) erroneously implies that the jury will only be a *petit* jury, and/or that only six jurors are required to reach a verdict. This is contrary to Oklahoma law, as Art. II, § 19 of the Oklahoma Constitution states requires that civil matters involving more than $10,000 in controversy require 12 jurors, with "three-fourths ( ¾ ) of the whole number of jurors concurring shall have power to render a verdict." The original OUJI No. 1.9, which Plaintiff has modified for his proposed instruction, comports with the Oklahoma Constitution. Plaintiff's modified version does not and is an incorrect statement of the number of jurors needed to reach a verdict in this case.

### 3. OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION ON THE ISSUES IN THE CASE

Plaintiff's proposed instruction as to the Issues in the Case – No Counterclaim (Dkt. # 57, p. 18) contains vague, misleading, and incorrect statements and allegations. First, as with several of his other proposed instructions, Plaintiff erroneously refers to Defendant as "Great *West* Insurance SE," instead of "Great *Lakes* Insurance SE." *See also id.*, pp. 24, 25, 26, 34, 35, 38. Plaintiff also raises allegations that have not been raised by Plaintiff before, in that Plaintiff now claims that "[h]e also contends the insurance company unfairly and improperly interpreted the language of the insurance policy in order to deny coverage." *Id.* at p. 18. As explained repeatedly in pending motion practice, *see* Dkt. # 40, the policy language is unambiguous, a legitimate dispute arose in the claims investigation regarding coverage, and Defendant ultimately denied Plaintiff's fire loss claim for lack of coverage. *Duensing v. State Farm Fire & Cas. Co.*, 2006 OK CIV APP 15, ¶ 40, 131 P.3d 127, 138. While Plaintiff disagreed with Defendant's claim determination (as the basis of his breach of contract claim), Plaintiff has never questioned the legitimacy of Defendant's interpretation of the policy, nor has he ever previously claimed that Defendant's interpretation of the policy was manifestly unreasonable or somehow a breach of the covenant of good faith. Irrespectively, Oklahoma law recognizes that "[an]n insurer may withhold payment and litigate any claim as to which the insurer has a reasonable defense . . . [and] are free to make legitimate business decisions (and mistakes) regarding payment, as long as they act reasonably and deal fairly and in good faith with their insureds." *Bailey v. Farmers Ins. Co.*, 2006 OK CIV APP 85, ¶ 18, 137 P.3d 1260, 1264.  Further, even if

"Plaintiff was entitled to coverage, . . . that result would *not* compel a finding that [Defendant] acted in bad faith in its interpretation of the Policy. An insurer does not act in bad faith where it legitimately disputes the interpretation of an insurance policy." *Lindsay v. Nat'l Lloyds Ins. Co.*, 2010 WL 1329754, at *7 (W.D. Okla. Mar. 29, 2010). Plaintiff's proposed instruction as to the issues in the case neglects to address the legitimate dispute as to the policy's terms and additionally fails to state any of Great Lakes's defenses or positions. The Court should decline to instruct the jury as Plaintiff proposes due to the substantial prejudice to Defendant that would result, if given.

4. **OBJECTION TO PLAINTIFF'S INSTRUCTION ON THE BURDEN OF PROOF**

Plaintiff only presents one proposed instruction on the burden of proof regarding the preponderance of evidence standard. Dkt. # 57, p. 20. While that burden of proof is correct for the liability phase of trial, the burden of proof required for the imposition of punitive damages for breach of the covenant of good faith and fair dealing requires clear and convincing evidence, as discussed in Defendant's Motion in Limine No. 3 (Dkt. # 51), which is adopted and incorporated here. By omitting a jury instruction as to this burden of proof, Plaintiff attempts to confuse the jury as to the proper evidentiary standard for imposing punitive damages on his bad faith claim. The Court should include both standards as jury instructions for the appropriate phases of trial.

5. **OBJECTION TO PLAINTIFF'S INSTRUCTION ON BAD FAITH – FAILURE TO PAY CLAIM**

Plaintiff's proposed instruction on "Bad Faith – First Party Insurance – Failure to Pay Claim of Insured" is modeled after OUJI 22.2, nearly verbatim. Dkt. # 57, p. 24.

4

However, the several of the statements in ¶ 2 of that proposed jury instruction are inapplicable to the actual facts of this case. Based on the legitimate dispute as to the policy terms and coverage, there is no basis to instruct the jury that it may find bad faith against Defendant if Great Lakes "had no reasonable basis for the refusal" as proposed in the third "example" of ¶ 2 of the proposed instruction. Also, Plaintiff's bad faith claim is premised on Defendant's denial of his fire loss claim and there is no evidence of any "lowballing" in this case. As such, there is no basis to provide the fourth example in ¶ 2 of the proposed instruction, that "the amount [Defendant] offered to satisfy the claim was unreasonably low." To provide these examples in this instruction would be confusing to the jury and prejudicial to Great Lakes.

6. **OBJECTION TO PROPOSED INSTRUCTION ON BAD FAITH – DAMAGES**

No damage instruction should be permitted on Plaintiff's bad faith claim for the reasons outlined in Defendant's Motions in Limine Nos. 1-5 (Dkts. # 49-53). Plaintiff has presented no evidence of any extra-contractual damages arising from any alleged breach of the covenant of good faith and fair dealing. Plaintiff has not claimed any "financial losses" due to the fire loss, nor has he alleged any loss of rents or income as a result of the fire loss. *See* MIL No. 2 (Dkt. # 50). Plaintiff has also never before claimed any damages related to "embarrassment and loss of reputation," nor has he ever alleged any "mental pain and suffering," in any discovery, initial disclosures, or in any pleading filed with the Court. Because Plaintiff has never before disclosed such damages, Plaintiff should be precluded from seeking those damages at trial. *Cf. Slavin v. Garrison Prop. & Cas. Ins. Co.*, 805 F. App'x 561, 565–66 (10th Cir. 2020) (unreported); *CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d

268, 280 (5th Cir. 2009).

### 7. OBJECTIONS TO PLAINTIFF'S INSTRUCTION ON "PROMPT PAYMENT REQUIRED"

The Court should refuse to present Plaintiff's proposed instruction on "Prompt Payment Required" (Dkt. # 57, p. 31) as prejudicial and as an incomplete statement of Oklahoma law. In this instruction, Plaintiff proposes the following language:

> "An insurance claim must be paid promptly unless the insurance company has a reasonable belief that the claim is legally or factually insufficient. The decisive question is whether the insurer had a good faith belief, at the time its performance was requested, that it had justifiable reason for withholding payment under the policy. The knowledge and belief of the insurance company during the time period the claim is being reviewed is the focus of a bad-faith claim."

However, this instruction ignores the other considerations for whether an insurer must make "prompt payment," and omits that "[a]n insurer's refusal to pay a claim is not bad faith when there is a legitimate dispute concerning coverage." B*annister v. State Farm Mut. Auto. Ins. Co.*, 692 F.3d 1117, 1127 (10th Cir. 2012). A more complete and less misleading statement of the "elements of the tort of bad faith" would also include language that "[t]he insurer is not required to show that its good faith belief was correct." *Id.* Plaintiff's proposed instruction on this subject is woefully inadequate, incomplete, and misleads the jury about the actual elements to consider as to whether Great Lakes breached its duty of good faith by withholding payment. *Id.*; *accord*, *Porter v. Farmers Ins. Co.*, 505 F. App'x 787, 792–93 (10th Cir. 2012) (unreported) (applying Oklahoma law).

8. **OBJECTIONS TO PLAINTIFF'S INSTRUCTION ON ELEMENTS OF A CLAIM FOR BREACH OF CONTRACT AND INSTRUCTIONS ON CONTRACT INTERPRETATION.**

Plaintiff's proposed instruction on the elements for breach of contract (Dkt. # 57, p. 26) contains several misspellings (including referring to Defendant by the wrong name) and eliminates the necessary requirement regarding the terms of the contract created between Plaintiff and Defendant. The jury cannot determine whether a breach of contract has occurred without first determining the terms of the policy contract that was formed. *Cf. Iser v. CSAA Fire & Cas. Ins. Co.*, 2020 WL 7327314 (N.D. Okla. Dec. 11, 2020); *Pitman v. Blue Cross & Blue Shield of Okla.*, 217 F.3d 1291, 1298 (10th Cir. 2000); *Oldenkamp v. United Am. Ins. Co.*, 619 F.3d 1243, 1249 (10th Cir. 2010); *Skinner v. John Deere Ins. Co.*, 2000 OK 18, ¶ 16, 998 P.2d 1219, 1223.

Defendant also objects to the proposed jury instructions regarding contract interpretation (Dkt. # 57, pp. 27-28, 33-34). Instructions for contract interpretation should not be given unless the contract is ambiguous. *See* Cmt. to OUJI 23. 11 ("The interpretation of a contract should not be presented to the jury unless the court determines that the contractual language is ambiguous."). The policy terms involved in this case are not ambiguous, nor has Plaintiff presented any actual evidence of any ambiguity within the contract.

Plaintiff's proposed instructions regarding the interpretation of the policy as an "adhesion contract" (pp. 33-34) are also erroneous, prejudicial, and inapposite to Oklahoma law. Plaintiff's proposed definition (p. 33) of an "adhesion contract" attempts to sway the jury to excuse Plaintiff's failures to maintain the necessary safeguards required

7

under the policy to maintain coverage for fire loss and to create a presumption of ambiguity simply by the nature of the contract at issue. While insurance policies are considered contracts of adhesion, "[g]enerally, absent an ambiguity, insurance contracts are subject to the same rules of construction as other contracts." *Fossil Creek Energy Corp. v. Cook's Oilfield Servs.*, 2010 OK CIV APP 123, ¶ 12, 242 P.3d 537, 541–42 (citing *Max True Plastering Co. v. U.S. Fidelity and Guaranty Co.*, 1996 OK 28, 912 P.2d 861). Moreover, and unlike Plaintiff's proposed instruction on "Instruction Policies are Adhesion Contracts and Are Construed Against the Defendant" (Dkt. # 57, p. 35), Oklahoma law does *not* state that Great Lakes (erroneously called "State Farm" in this instruction) "has the advantage" in bargaining simply because the contract is adhesive. Instead, as contracts of adhesion, "these contracts are liberally construed to give reasonable effect to all their provisions." *Fossil Creek*, 242 P.3d at ¶ 12. Nor should ambiguity be inferred in a contract simply because it is adhesive. *Grindstaff v. Oaks Owners' Ass'n, Inc.*, 2016 OK CIV APP 73, ¶ 29, 386 P.3d 1035, 1043 ("Even an adhesion contract, if clear and unambiguous, must be construed according to its terms."). The Court should strike these proposed instructions from Plaintiff.

### 9.  OBJECTION TO PLAINTIFF'S VERDICT FORMS

As with several other instructions, Plaintiff's proposed verdict forms misspell or completely misstate the name of Defendant Great Lakes in this action. Further, while Plaintiff presents 2 verdict forms in his favor on his 2 claims, he only submits one combined verdict form in favor of Great Lakes, implying Great Lakes must receive an "all or nothing" verdict in order to overcome Plaintiff's claims. Not only is this improper burden shifting,

but presenting 2 verdict forms for Plaintiff and only 1 for Great Lakes would create undue confusion for the jury during the deliberative process. The Court should use the verdict forms proposed by Defendant (Dkt. # 55) which clearly delineate the decisions to be made by the jury in each separate phase of trial.

## CONCLUSION

Wherefore all premises considered, Defendant Great Lakes Insurance SE requests that Plaintiff's proposed instructions not be given based upon the objections provided herein, and that the instructions in this case be limited to those proposed by Defendant.

Respectfully submitted,

/s/ *Sara E. Potts*, OBA No. 32104
**DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.**
Sara E. Potts, OBA No. 32104
Emily Allan, OBA No. 33456
210 Park Avenue, Suite 1200
Oklahoma City, OK  73102
Telephone 405.319.3507
Facsimile 405.319.3537
spotts@dsda.com
eallan@dsda.com
-and-
Michael Linscott, OBA No. 17266
Two West Second Street, Suite 700
Tulsa, OK 74103
Telephone 918.582.1211
Facsimile 918.591.5361
mlinscott@dsda.com

## CERTIFICATE OF SERVICE

This certifies that on November 14, 2022, a true and correct copy of the foregoing document was served via the Court's electronic notification system to the following counsel of record:

Scott R. Jackson
Martin Jean & Jackson
P.O. Box 2403
Ponca City, Oklahoma 74602
sjackson@mjjlawfirm.com
***Attorney for Plaintiff***

                                                */s/ Sara E. Potts*

6219452.1