UNITED STATED DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JOSHUA FIELDS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-21-986-G |
| ) | |
| (1) GREAT LAKES INSURANCE SE, ) | *Removed from the District Court of* |
| (2) MJ KELLY COMPANY, and ) | *Kay County, State of Oklahoma* |
| (3) CAPSTONE ISG, ) | *Case no. CJ—2021—00037* |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT GREAT LAKES INSURANCE SE'S OBJECTIONS TO PLAINTIFF'S MOTIONS IN LIMINE**

Defendant Great Lakes Insurance SE ("Defendant," or "Great Lakes") hereby submits its objections to Plaintiff's Motions in Limine (Dkt. # 59) as follows:

**A.   PLAINTIFF'S REQUEST TO EXCLUDE EVIDENCE OF "PRIOR INSPECTION AND CONDITION OF THE BUILDING" SHOULD BE DENIED.**

Plaintiff's first motion in limine seeks to exclude evidence regarding a Limited Multi-Peril Inspection conducted at the Property in May 2015. This inspection was conducted at the request of MJ Kelly with Plaintiff in attendance, and facilitated by Plaintiff's then-agent, Zac Swords, ostensibly in order to obtain coverage for the Property in 2015. *See, e.g.*, Mot. for Summary Judgment, Dkt. # 40, pp. 9-10; *see also* Exs. 1-2 thereto (Dkts. # 40-1, 40-2). During the inspection, required recommendations were made for the Property, including:

> 2015-5-02
> A maintenance program should be implemented for the smoke detectors, with batteries being tested on a monthly basis and the batteries being completely replaced every six months. Written documentation should be retained regarding testing and replacement.

Dkt. # 40-2. Plaintiff also signed a certification that "all the required recommendations found during the recently conducted inspection have been fully complied with" as of July 23, 2015:

> FOR COMPLETION BY THE INSURED:
>
> By signing this form, I **Josh Fields** (print name), certify that all required recommendations found during the recently conducted inspection have been fully complied with as of **7/23/15** (date).
>
> X _____
> (Insured - Signature)
>
> **7/22/15**
> Date Signed

*Id.* The 2015 recommendations regarding the smoke detectors and Plaintiff's certification of completion, *supra*, were also discussed at length during Plaintiff's Examination Under Oath (EUO) in 2021, as part of the claim investigation for Plaintiff's fire loss claim. *See* Dkt. # 40-1 (EUO), at pp. 6-18. During the EUO, Plaintiff testified regarding the inspection and admitted that he had implemented a maintenance program for testing, installing, and replacing smoke detectors in the Property as certified in the Multi-Peril Survey and in order to obtain insurance. *Id.* at pp. 15-18. Plaintiff also testified to comporting with the required recommendations from the 2015 Multi-Peril Survey until shortly before the fire on March 24, 2020, when he instructed his maintenance man to remove the smoke detectors from the Property. *Id.* at p. 22.

In this lawsuit, Plaintiff claims that Great Lakes wrongfully denied his fire loss claim and wrongfully denied coverage based upon the lack of protective safeguards (including fully functioning smoke detectors) at the Property, which Plaintiff was required

to maintain as a policy condition for fire-loss coverage. The evidence regarding the 2015 Survey, the condition of the Property at that time, and Plaintiff's certification bear on issues for Defendant's defenses in this action, including that Plaintiff was aware of the policy conditions requiring "fully-functional smoke detectors and fire extinguishers as required by local code", as well as the potential risk that coverage would be excluded if those conditions were not met. *See, e.g.*, Dkts. # 40, 47. Further, because Plaintiff asserts that coverage existed for his March 2020 fire loss, implicit within this claim is Plaintiff's additional contention that the conditions under the policy *had* been met. *See* Motions in Limine, Dkt. # 59, at 2 ("[T]he issue in this trial is whether or not the absence of smoke detectors and fire extinguishers in the building at the time of the March 24, [2020] fire were in violation of local code requirements."). Notably, Plaintiff also argues that an ambiguity exists within the policy conditions, and maintains that the "reasonable expectations" doctrine should apply. *See, e.g.*, Resp. to Motion for Summary Judgment, Dkt. # 46, p. 8 (quoting *Am. Econ. Ins. Co. v. Rutledge*, 833 F. Supp. 2d 1320, 1322 (W.D. Okla. 2011)) (arguing that an ambiguous insurance policy "should be interpreted 'consistent with the reasonable expectations of a person in the position of the insured.'"). The evidence regarding the 2015 Survey and Plaintiff's knowledge and adherence to the required recommendations up until the time of the March 2020 fire, in line with the policy conditions for fire loss coverage, is therefore not only germane to Great Lakes's defenses, but is also highly relevant to Plaintiff's claims as well. *See* Fed. R. Evid. 401; *cf. Graves v. Travelers Prop. Cas. Co. of Am.*, 2021 WL 4998195, at *5 (N.D. Okla. June 16, 2021).

Despite the probative nature of the evidence, Plaintiff has provided no explanation or justification for seeking its exclusion under Rule 403, which "allows a district court to exclude evidence 'if its probative value is substantially outweighed by the danger of unfair prejudice' or other enumerated considerations, including confusion of the issues or undue delay." *United States v. Guardia*, 135 F.3d 1326, 1329 (10th Cir. 1998) (quoting Fed. R. Evid. 403). While Plaintiff postulates that "Defendant may use this evidence to somehow infer Plaintiff[] did not maintain these protective safeguards in the building prior to removing them when the remodel work began," Dkt. # 59, at 2, Plaintiff ignores that the parties have already admitted that Plaintiff vacated his last tenants in the building in January 2020 "to begin remodeling work for the Property in February 2020" and instructed his maintenance man to remove the smoke detectors from the building "prior to starting the remodeling work." Dkt. # 40, at p. 8, UMF No. 22; *accord*, Resp., Dkt. # 46, at 5 (admitting Defendant's UMF No. 22). There is no "inference" to be made when the parties have already admitted an undisputed fact on this issue – and Plaintiff points to no other potential "prejudice" that would warrant the exclusion of such relevant evidence under Rule 403. *Cf.* Shotts v. GEICO Gen. Ins. Co., 2018 WL 4832625, at *1 (W.D. Okla. July 12, 2018) ("A motion in limine should address specific evidence that is irrelevant, inadmissible or prejudicial. Thus, motions in limine that generally lack specificity as to particular evidence are properly denied."). The Court should therefore decline to exclude the evidence sought in Plaintiff's first motion in limine.

**B.     THE COURT SHOULD LIKEWISE DENY PLAINTIFF'S ATTEMPT TO EXCLUDE "EVIDENCE AND TESTIMONY REGARDING THE CAUSE OR ORIGIN OF THE FIRE AND INVESTIGATIONS REGARDING" THE MARCH 24, 2020 FIRE.**

Plaintiff's other motion in limine asks the Court to exclude evidence regarding the cause of the March 24, 2020 fire, and the investigations relating thereto, again claiming that the evidence should be inadmissible under Rule 403. However, the findings and investigations by first responders (fire and police departments) provided much of the initial information obtained by Great Lakes in its claims investigation, including the observations of first responders (who noted in several reports that there were no working fire extinguishers or smoke detectors inside the Property at the time of the fire), findings as to the origins of the fire, witness statements, and other circumstances surrounding the March 24, 2020 fire. *See, e.g.*, Dkt. # 40, at pp. 15-17; *see also* Dkts. # 40-11, 40-12, 40-14, 40-15. The information, reports, and statements generated by the first responders during and following the fire, are listed on both of the parties' exhibit lists for trial, and many of the first responders are also listed on both parties' witness lists. *See, e.g.*, Dkts. # 31-39. Clearly, then, the evidence is relevant to the issues underlying this case.

As with his first motion in limine, Plaintiff claims that introducing evidence relating to the actual fire investigation "would only confuse the jury on the issues in the case, cause undue delay in the presentation of the evidence and potentially provide unfair prejudice if it caused the jury to speculate as to the cause of the fire." Dkt. # 59, at p. 3. However, Defendant respectfully submits that it would actually be the *exclusion* of such evidence that would lead the jury to speculate as to the cause of the fire, not the other way around.

The facts demonstrate that no conclusive evidence of arson was established in the fire investigation and no arson charges were ever filed against anyone. There is also no dispute that the forensic engineers hired by Great Lakes spoke with the first responders, reviewed their findings, and concluded, akin to the findings of the first responders, that "the "fire originated on the ground level in the center hallway below the stairwell" and was possibly caused by the "ignition of combustible materials" near a "kerosene space heater" by the primary stairwell. Dkt. # 40, at p. 10, UMF No. 27; Resp., Dkt. # 46, p. 5 (admitting the same); *compare* Rimkus Report, Dkt. # 40-15, *with* PCPD Narrative and Incident Report, Dkts. # 11-12. This evidence is not only probative of the issues, but may be used in impeachment for certain witnesses, as well. As there is no real contention on these facts, there is no genuine reason why this evidence should be excluded from the jury, and to omit such information in a preliminary blanket ruling in limine would be premature under Rule 403, in light of the various ways such evidence may be introduced at trial. *Cf. Gaige v. Saia Motor Freight Line, LLC*, 2015 WL 11237652, at *1 (W.D. Okla. June 22, 2015). The tenuous reasoning from Plaintiff provides no basis for the Court to exclude this evidence prior to trial, so this motion in limine should also be denied.

Respectfully submitted,

/s/ *Sara E. Potts*, OBA No. 32104
**DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.**
Sara E. Potts, OBA No. 32104
Emily Allan, OBA No. 33456
210 Park Avenue, Suite 1200

Oklahoma City, OK  73102
Telephone 405.319.3507
Facsimile 405.319.3537
spotts@dsda.com
eallan@dsda.com
-and-
Michael Linscott, OBA No. 17266
Two West Second Street, Suite 700
Tulsa, OK 74103
Telephone 918.582.1211
Facsimile 918.591.5361
mlinscott@dsda.com

## CERTIFICATE OF SERVICE

      This certifies that on November 14, 2022, a true and correct copy of the foregoing document was served via the Court's electronic notification system to the following counsel of record:

Scott R. Jackson
Martin Jean & Jackson
P.O. Box 2403
Ponca City, Oklahoma 74602
sjackson@mjjlawfirm.com
***Attorney for Plaintiff***

                                                          */s/ Sara E. Potts*

6222952.1