UNITED STATED DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) JOSHUA FIELDS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-21-986-G |
| | ) | |
| (1) GREAT LAKES INSURANCE SE, | ) | *Removed from the District Court of* |
| (2) MJ KELLY COMPANY, and | ) | *Kay County, State of Oklahoma* |
| (3) CAPSTONE ISG, | ) | *Case no. CJ—2021—00037* |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT GREAT LAKES INSURANCE SE'S OBJECTIONS TO PLAINTIFF'S PROPOSED VOIR DIRE

Defendant Great Lakes Insurance SE ("Defendant," or "Great Lakes") provides the following objections to the questions outlined in Plaintiff's proposed Voir Dire (Dkt. # 58), and request the Court decline to submit such questions to potential jurors in this case.

**A.   THE COURT SHOULD DECLINE TO SUBMIT PLAINTIFF'S VOIR DIRE QUESTIONS NOS. 4-7 REGARDING "EXPERIENCE WITH INSURANCE" TO POTENTIAL JURORS.**

While this case involves a policy coverage dispute between Great Lakes and Plaintiff, several of Plaintiff's proposed voir dire questions under the subject "Experience with Insurance" (Dkt. # 58, p. 2) are inappropriate, misleading, and/or do not serve the function of proper voir dire. *Contrast id.* at Sec. II, Questions Nos. 4-7, *with SFF-TIR, LLC v. Stephenson*, 262 F. Supp. 3d 1238, 1257 (N.D. Okla. 2017) (quoting *Lowery v. City of Albuquerque*, 2012 WL 1372273, at * 4 (D.N.M. April 11, 2012) ("To be meaningful, the adequacy of voir dire examination must allow a party an opportunity to make reasonably

intelligent use of peremptory challenges and challenges for cause."). As with other recent filings, Plaintiff again misnames Great Lakes in these questions as "Great *West*" (and once, as "State Farm Fire & Casualty Company"). Dkt. # 58, Sec. II, Questions Nos. 6-7. Additionally, Plaintiff's questions as to the "satisfaction" experienced by potential jurors on their homeowner's claims provides no insight to either the Court or counsel during the voir dire process. *Contrast* Sec. II, Questions Nos. 4-5, *with Mu'Min v. Virginia*, 500 U.S. 415, 431 (1991) ("Voir dire examination serves the dual purposes of enabling the court to select an impartial jury and assisting counsel in exercising peremptory challenges."). Instead, these questions appear to focus on finding potential jurors who may have had unpleasant insurance claims experiences in the past, in the hopes that those jurors may look more favorably towards Plaintiff in this case, or to "precondition the jury to [Plaintiff's] theory of the case." *United States v. Tosca*, 848 F. App'x 371, 374 (11th Cir. 2021) (unreported); *United States v. Williams*, 417 F.2d 630, 631 (10th Cir. 1969) ("It must be remembered that the purpose of voir dire is to enable the parties to obtain an impartial jury, not to select jurors."). The Court should therefore reject these proposed questions and any other similar voir dire that attempt to unfairly prejudice the minds of the potential jurors against Great Lakes. *Cf. United States v. Brewer,* 427 F.2d 409, 410–11 (10th Cir. 1970) ("The trial court has broad discretion on questions to be asked on voir dire, subject to essential demands of fairness.").

**B.    THE COURT SHOULD REJECT PLAINTIFF'S PROPOSED VOIR DIRE ON DAMAGES.**

Likewise, the Court should refuse to submit Plaintiff's proposed voir dire question

on damages, which asks:

> "Some jurors believe that plaintiffs should not be awarded money for mental and emotional pain and suffering, while other jurors believe they should. What do you believe? Please explain your answer."

As raised in Defendant's Motion in Limine No. 3 (Dkt. # 51) and Objections to Plaintiff's Proposed Jury Instructions (Dkt. # 60), Plaintiff has never presented any claim or evidence in support of "mental and emotional pain and suffering" to warrant any mention of such damages in voir dire or any other portion of trial. Further, this question implies that jurors are permitted to ignore evidence presented at trial in favor of their personal beliefs, and misleads the potential jury pool as to their roles in weighing the sufficiency of evidence. *Compare* Dkt. # 58, Sec. III, Question No. 1, *with Bolden v. United States*, 171 F. Supp. 3d 891, 912 (E.D. Mo. 2016) (asking jurors to consider specific evidence was appropriate excluded in voir dire); *cf. Waldorf v. Shuta,* 3 F.3d 705, 710 (3d Cir. 1993) (Generally, a district judge need not pursue any specific line of questioning on voir dire. Any method is sufficient provided it is probative on the issue of impartiality."). The Court should also reject this proposed voir dire question, in addition to those addressed above.

Respectfully submitted,

/s/ *Sara E. Potts*, OBA No. 32104
**DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.**
Sara E. Potts, OBA No. 32104
Emily Allan, OBA No. 33456
210 Park Avenue, Suite 1200
Oklahoma City, OK  73102
Telephone 405.319.3507
Facsimile 405.319.3537
spotts@dsda.com
eallan@dsda.com

        -and-
Michael Linscott, OBA No. 17266
Two West Second Street, Suite 700
Tulsa, OK 74103
Telephone 918.582.1211
Facsimile 918.591.5361
mlinscott@dsda.com

## CERTIFICATE OF SERVICE

This certifies that on November 14, 2022, a true and correct copy of the foregoing document was served via the Court's electronic notification system to the following counsel of record:

Scott R. Jackson
Martin Jean & Jackson
P.O. Box 2403
Ponca City, Oklahoma 74602
sjackson@mjjlawfirm.com
***Attorney for Plaintiff***

/s/ Sara E. Potts

6222951.1