## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) JOSHUA FIELDS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-cv-00986-G |
| | ) | |
| (1) GREAT LAKES INSURANCE SE, | ) | *Removed from the District Court of* |
| | ) | *Kay County, State of* |
| (2) MJ KELLY COMPANY, and | ) | *Oklahoma, Case No. CJ-2021-00037* |
| | ) | |
| (3) CAPSTONE ISG, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANT GREAT LAKES
### INSUTRANCE SE'S COMBINED MOTION IN LIMINE NO. 1

COMES NOW Plaintiff, Joshua Fields, and in response to Defendant Great Lakes
Insurance SE's Combined Motion in Limine No. 1 states as follows:

**I. DEFENDANT'S LITIGATION CONDUCT**

Plaintiff does not oppose this motion to the extent it seeks to limit evidence or argument
regarding Defendant's actions and conduct in the litigation of this case to support either the breach
of contract claim or violation of Defendant's duty of good faith and fair dealing. It is understood
by Plaintiff that this motion focuses on Defendant's conduct at the time it filed its first responsive
pleading to Plaintiff's Petition and its conduct going forward to date.

Plaintiff objects to this motion if Defendant seeks limitations to the evidence or argument
of Defendant's investigation and handling of Plaintiff's claim up until Defendant filed its answer
in this lawsuit. Defendant's action in the investigation and handling of Plaintiff's claim are very
relevant and admissible in support of Plaintiff's claims for breach of contract and bad faith conduct.

**II.** **TESTIMONY AND OPINIONS OF UNTIMELY DISCLOSED EXPERTS AND PURSUANT TO THE DAUBERT STANDARD**

Plaintiff objects to this motion and in support of his opposition incorporates his Response in Opposition to Defendant Great Lakes Insurance SE's Motion to Exclude Expert Testimony of Dereck Cassady [Dkt. #45] .

**III.** **SETTLEMENT DISCUSSION OR NEGOTIATIONS**

Plaintiff does not oppose this motion and asks the court that any limitation on the introduction of evidence or argument regarding settlement discussion be announced to all parties at trial.

**IV.** **"GOLDEN RULE" ARGUMENT**

Plaintiff does not oppose this motion.

**V.** **EVIDENCE REGARDING DEFENDANT'S ALLEGED LACK OF COMMUNICATIONS WITH PLAINTIFF DURING THE CLAIMS PROCESS**

Defendant's actions, or failures to act, in the handling of Plaintiff's claim are relevant to support Plaintiff's allegations in this lawsuit. This claim stems from a fire loss claim that was first reported to Plaintiff's local insurance agent on March 26 2020. Defendant first inspected the damaged building on April 1, 2020. From that inspection, Great Lakes spend the next *14 months* apparently investigating whether coverage even existed on Plaintiff's claim. During the investigation of the claim, Defendant did not reasonably communicate with Plaintiff and explain the unreasonable delay. In fact, Defendant waited almost a year from the date of the fire to exam Plaintiff under oath concerning issues that were supposedly important to the coverage determination.

The communication, or lack thereof, between Defendant and Plaintiff is relevant information on the how Defendant investigated and handled Plaintiff's claim and should not be limited as prejudicial.

**VI.  REFERENCES TO OTHER LAWSUITS INITIATED AGAINST GREAT LAKES OR CLAIMS AGAINST GREAT LAKES**

Plaintiff does not oppose this motion.

**VII.  REFERENCES TO GREAT LAKES AS AN "OUT OF STATE" OR "FOREIGN" COMPANY/INSURER**

Plaintiff does not oppose this motion.

**VIII.  ANY COMMENT REGARDING WITNESSES NOT TESTIFYING OR EVIDENCE NOT PRESENTED BY DEFENDANT AT TRIAL**

Plaintiff does not oppose this motion.

**IX.  ANY EVIDENCE PRESENTED IN REBUTTAL WHICH SHOULD HAVE BEEN PRESENTED IN PLAINTIFF'S CASE IN CHIEF**

Plaintiff does not oppose this motion.

**X.  ANY WITNESS OR EXHIBIT NOT PREVIOUSLY IDENTIFIED BY PLAINTIFF**

Plaintiff does not oppose this motion because limitation sought has previously been ordered by this Court in its Scheduling Order and applies to any party that failed to disclose witnesses or exhibits as part of its final witness and exhibit lists.

Respectfully submitted,

MARTIN JEAN & JACKSON

By:     s/ Scott R. Jackson
          Scott R. Jackson, OBA#17502
          P.O. Drawer 2403
          Ponca City, Oklahoma  74602
          Attorneys for Plaintiff
          (580) 765-9967 Telephone
          sjackson@mjjlawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 14th  day of November 2022, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants, via email:

Doerner, Saunders, Daniel & Anderson, LLP
Sara E. Potts, OBA #32104
Emily E. Allen, OBA #33456
Michael Linscott, OBA #17266
spotts@dsda.com
eallan@dsda.com
mlinscott@dsda.com
*Attorneys for Defendants*
*Great Lakes Insurance SE*

s/ Scott R. Jackson
Scott R. Jackson
