IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) JOSHUA FIELDS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-cv-00986-G |
| | ) | |
| (1) GREAT LAKES INSURANCE SE, | ) | *Removed from the District Court of* |
| | ) | *Kay County, State of* |
| (2) MJ KELLY COMPANY, and | ) | *Oklahoma*, Case No. CJ-2021-00037 |
| | ) | |
| (3) CAPSTONE ISG, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT GREAT LAKES INSURANCE SE'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE REGARDING ACTUAL DAMAGES**

COMES NOW Plaintiff, Joshua Fields, and opposes Defendant Great Lakes Insurance SE's Motion in Limine No. 2. Defendant seeks to limit the introduction of evidence regarding the financial loss to Plaintiff's insured building due to the fire. Defendant argues this limitation is proper because Plaintiff did not produce during discovery evidence regarding the financial loss from the building. However, Defendant had already investigated and determined that the loss to Plaintiff for the fire damaged building exceeded the insurance policy limits on the policy. According to Defendant's investigation, the valuation of damages to Plaintiff's building totaled $466,664,67. (See Capstone Valuation Report (partial), Exhibit No. 1). After non-recoverable depreciation on the building, Plaintiff's claim totaled $393,031.01 which still exceeded the policy limits of $325,450.00. (See Capstone Valuation Report (partial), Exhibit No. 1).

Defendant's conclusion that Plaintiff would be entitled to the full amount of coverages under the policy was clear from the claims file documentation. (See Capstone's First Claim Report,

attached as Exhibit No. 2). It is irrelevant whether or not Plaintiff produced in discovery outside evidence of his financial losses he is entitled to under the policy. Plaintiff has never disputed or disagreed with Defendant's conclusions that he was entitled to the full benefits offered under the policy. For that reason, Plaintiff does not have to present evidence of his financial losses. He can present such evidence through Defendant's own investigation which determined Plaintiff would be entitled to the full policy limits and demolition expenses if coverage had been extended to his fire loss claim.

Wherefore, Defendant's Motion in Limine No. 2 to Exclude Evidence Regarding Actual Damages should be overruled.

Respectfully submitted,

MARTIN JEAN & JACKSON

By: s/ Scott R. Jackson
Scott R. Jackson, OBA#17502
P.O. Drawer 2403
Ponca City, Oklahoma  74602
Attorneys for Plaintiff
(580) 765-9967 Telephone
sjackson@mjjlawfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of November 2022, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants, via email:

Doerner, Saunders, Daniel & Anderson, LLP
Sara E. Potts, OBA #32104
Emily E. Allen, OBA #33456
Michael Linscott, OBA #17266
spotts@dsda.com
eallan@dsda.com
mlinscott@dsda.com
*Attorneys for Defendants*
*Great Lakes Insurance SE*

                        s/ Scott R. Jackson
                        Scott R. Jackson