

April 28, 2020

Bell & Clements Limited
Attention: Georgia Costin
Via email: Georgia.Costin@bellandclements.co.uk

### First Report

**RE:**
| | |
|---|---|
| Claim No: | 123391 |
| Policy Number: | BC003908 |
| Policy Period: | 05/03/2019 to 05/03/2020 |
| Cover: | Rental Dwellings & Apartments |
| Deductible: | $1,000.00 |
| Name of Assured: | Joshua Fields |
| Address of Assured: | 812 W. Oklahoma |
| | Ponca City, OK 74601 |
| Location of Loss: | 410 W Cleveland Ave |
| | Ponca City, OK 74601 |
| Date of Loss: | 03/25/2020 |
| Cause of Loss: | Fire |
| Third Party/Recovery: | Unknown |
| Reserve: | $325,400 |
| Our File Number: | 2-17136 |

Dear Ms. Costin:

**ASSIGNMENT:**

We received this assignment on March 30, 2020 via email.  We were requested to investigate the above referenced fire claim.

**ESTIMATED LOSS:**

| Item | Sum Insured | Reserve | Paid to Date | Balance |
|---|---|---|---|---|
| Building: (Prem. 4 Bldg. 1) | $325,450 | $325,450 | $0 | $0 |
| Debris Removal | $ 25,000 | $ 25,000 | $0 | $0 |
| Total | | $350,450 | $0 | $0 |

*The figures given above are provided to assist in assessing the ultimate exposure for this loss and are not meant as an admission of liability under the applicable contract of insurance.*

---

13506 E Boundary Road, Suite A   Richmond, VA 23112   Tel (804) 744-9600,   Fax (757)420-4191
www.capstoneisg.com

GL-000480

Page 2
April 28, 2020

**COVERAGE:**
It is our understanding that the insured has a commercial policy with effective dates from May 3, 2019 to May 3, 2020.  The applicable policy forms are the Building and Personal Property Coverage form-CP0010 (10/12), the Cause of Loss Broad Form-CP1020 (10/12), the Fungus, Wet Rot, Dry Rot, Bacteria Exclusion- GLK 4040 PR (08/09), and the protective safeguards CP0411 (10/12) requiring "Fully-functioning Smoke Detectors and Fire Extinguishers as required by local code", subject to a $1,000.00 deductible. The policy includes an 80% co-insurance requirement and values losses at ACV.

The insured has submitted a claim for fire damage to the vacant building he states is under renovation. If the building is under renovation the property may not be considered vacant as defined by the policy.

Please refer to the pertinent parts of Section E. Loss Conditions - Building and Personal Property Coverage Form (CP 00 10 10/12) outlined as follows:

> **E. Loss Conditions**
> *The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.*
> …
> **3. Duties In The Event Of Loss Or Damage**
> *a. You must see that the following are done in the event of loss or damage to Covered Property:*
> …
> *(6)  As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.*
> *Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.*
> *(7) Send us a signed, sworn proof of loss containing the information we Request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.*
> *(8) Cooperate with us in the investigation or settlement of the claim.*
>
> **b.** *We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.*
> ...
> **6. Vacancy**

Page 3
April 28, 2020

*a. Description Of Terms*
 *(1) As used in this Vacancy Condition, the term building and the term vacant have the meanings set forth in (1)(a) and(1)(b) below*
  *(a) When this policy is issued to a tenant, and with respect to that tenant's interest in Covered Property, building means the unit or suite rented or leased to the tenant. Such building is vacant when it does not contain enough business personal property to conduct customary operations.*
  *(b) When this policy is issued to the owner or general lessee of a building, building means the entire building. Such building is vacant unless at least 31 % of its total square footage is:*
   *(i) Rented to a lessee or sublessee and used by the lessee or sublessee to conduct its customary operations; and/or*
   *(ii) Used by the building owner to conduct customary operations.*
 *(2) Buildings under construction or renovation are not considered vacant.*

*b. Vacancy Provisions*
 *If the building where loss or damage occurs has been vacant for more than 60 consecutive days before that loss or damage occurs:*
 *(1) We will not pay for any loss or damage caused by any of the following, even if they are Covered Causes of Loss:*
  *(a) Vandalism;*
  *(b) Sprinkler leakage, unless you have protected the system against freezing;*
  *(c) Building glass breakage;*
  *(d) Water damage;*
  *(e) Theft; or*
  *(f) Attempted theft.*
 *(2) With respect to Covered Causes of Loss other than those listed in b.(1)(a) through b.(1)(f) above, we will reduce the amount we would otherwise pay for the loss or damage by 15%.*

We also refer to the pertinent parts of Commercial Property Conditions (CP 00 90 07/88) outlined as follows:

**A. CONCEALMENT, MISREPRESENTATION OR FRAUD**
 *This Coverage Part is void in any case of fraud by you as it relates to this Coverage Part at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a mate rial fact concerning:*
 *1. This Coverage Part;*
 *2. The Covered Property;*
 *3. Your interest in the Covered Property; or*
 *4. A claim under this Coverage Part.*

Page 4
April 28, 2020

We direct your attention to the Protective Safeguards Endorsement (CP 04 11 10/12) which pertains to precautionary fire measures and is stated in part below.

### PROTECTIVE SAFEGUARDS SCHEDULE

| Prem. Number | Bldg. Number | Protective Safeguards Symbols |
|---|---|---|
| … | | |
| All | All | P-9 |

…

***Describe any "P-9":*** *Fully Functioning Smoke Detectors and Fire Extinguishers as required by local code*

…

**A.** *The following is added to the Commercial Property* **Conditions:**
**Protective Safeguards**

**1.** *As a condition of this insurance, you are required to maintain the protective devices or services listed in the Schedule above.*
**2.** *The protective safeguards to which this endorsement applies are identified by the following symbols:*

…

*"P-9", the protective system described in the Schedule.*

**B.** *The following is added to the* **Exclusions** *section of:*
*Causes Of Loss - Basic Form*
*Causes Of Loss - Broad Form*
*Causes Of Loss - Special Form*
*Mortgageholders Errors And Omissions Coverage Form*
*Standard Property Policy*

*We will not pay for loss or damage caused by or resulting from fire if, prior to the fire, you:*

**1.** *Knew of any suspension or impairment in any protective safeguard listed in the Schedule above and failed to notify us of that fact; or*
**2.** *Failed to maintain any protective safeguard listed in the Schedule above, and over which you had control in complete working order.*

Our investigation suggests there were no working smoke detectors or fire extinguishers on the premises. Local codes do appear to require the same. The O & C investigator from Rimkus Consulting has researched the local ordinances and code requirements for the loss location. Here is a summary of the requirements:

Page 5
April 28, 2020

Ponca City has adopted the 2015 International Building Code and the 2015 International Residential Code into local ordinance. Both building and residential codes are applicable to this claim. The loss location is classified in the International Building Code as an R-2 use occupancy.

There are multiple requirements for R-2 occupancies, but here are the most applicable:

• Fire Extinguishers placed every 75 feet throughout the building. Fire extinguishers shall be inspected annually by a licensed fire extinguisher inspection company.

• Emergency Lighting for hallways and means of egress.

• Illuminated Exit Signs on egress doors.

• Interconnected Smoke/Carbon Monoxide Detectors shall be installed in the immediate vicinity of bedrooms and in each bedroom. Since each apartment has 2 bedrooms, a minimum of 3 detectors are required in each apartment. Furthermore, code requires smoke detectors to be interconnected when 3 or more detectors are required for the living space. Interconnected detectors are electrically wired into the building with a battery backup. When one detector is activated, all detectors must simultaneously alarm.

A copy of the codes in place at the loss location are enclosed.

As such we have prepared the enclosed Reservation of Rights to be issued to the insured. We would also suggest coverage counsel be retained to determine the applicable coverage of this loss.

**INSURED:**
Contact was made with the insured owner, Joshua Fields, on the date of the assignment March 30, 2020.

Our initial inspection was concluded on April 1, 2020. We met with the owner Joshua Fields to inspect the damages. Photographs of our findings are enclosed for your review

There were no OFAC matches for this insured.

**RISK:**
At risk is an 8-unit apartment building located at 410 W. Cleveland Ave., Ponca City, OK 74601. The damaged building in question is a two-story building with roughly 3,645 square feet of floor space built in 1954. It is constructed with wooden frame walls, brick veneer siding and 3-tab shingle roof on a shallow basement foundation. We found the risk to be in fair condition for its age. We have completed the attached valuation report documenting the RCV of the building at $406,216.87 with and ACV of $241,434.65,

Page 6
April 28, 2020

confirming the risk is adequately insured for ACV coverage with the 80% co-insurance requirement.

**INSURABLE INTEREST:**
The listed mortgagee is Community National & Trust. Mr. Fields confirmed them as the current mortgagee advising he had already made them aware of the loss.

**ORIGIN:**
This loss occurred as a fire broke out at the insured location on the reported date of loss, March 25, 2020. We have requested yet not received the fire report.

With your authorization of March 31, 2020, we have retained Rimkus Consulting to investigate the Origin and Cause of the loss.

Cullen Fowler with Rimkus inspected the loss on, April 3, 2020. When he arrived, he found that someone had dug out the hallway on the first floor of the building. The fire department had been on scene within the couple of days prior to his inspection and had disturbed the scene. The belief is that the origin is this hallway on the first floor. He found remnants of a kerosene heater in this area, however, the cause remains undetermined at this point.

When Mr. Fowler spoke with the fire department, he was advised the state had called in their own fire investigator. David Van Buskirk from a neighboring jurisdiction fire department, responding under mutual aid, has been investigating the loss. Mr. Van Buskirk believes this fire is incendiary in nature, advising they had obtained and sent samples off to determine if there were any accelerates involved. The samples are not back at this point, therefore; he has not ruled this as incendiary.

Mr. Van Buskirk has advised they will be interviewing the insured and one of his employees regarding circumstances surrounding the fire. He references to another fire in this building as well as another building owned by the insured as suspicious also. The interviews have not occurred as of yet due to COVID-19 restrictions in place. Mr. Van Buskirk has indicated that they will be sending us an Arson Immunity Letter. Mr. Fowler does not have the evidence to suggest this is incendiary thus cannot send them a letter. The fire department had disturbed the scene such that Mr. Fowler could not determine where the debris was originally located, nor that this fire is incendiary.

There was power in only one of the apartments, and the property was possibly vacant. The fire department believed one of the insured's employees may have been staying in the building at the time of the fire. They plan on interviewing this person also.

A review of the ISO claim search finds no matches.

**ADJUSTMENT AND GENERAL REMARKS:**
<u>Building:</u>

Page 7
April 28, 2020

Damages to the building are substantial. Our inspection of the property documents damages to the interior and the roof area in and over the building such that it would be considered a structural total loss i.e., the amount of damages sustained at ACV are greater than the policy coverage. We found fire, smoke, and water damage from the likely point of origin in the first-floor hallway up through all apartments and through the roof.

We have concluded the attached damage estimate for your review. Note that we do not suggest this property could be repaired for this estimate of damage. This estimate was concluded for information purposes suggesting the net ACV of the loss will exceed the coverage amount.

Our claim summary for the Building damages is as follows:

$466,664.67  RCV Estimate
$  73,633.66  Less Non-Recoverable Depreciation
$393,031.01  ACV Estimate
$    1,000.00  Less Deductible
$  66,581.01  Less Over Limit(s)
$325,450.00  Net ACV Claim

Debris Removal:

Additional Debris removal expense would be limited by the basic policy at 25% or $25,000 whichever is greater, in this case $25,000.

Business Income with Extra Expense:

The property was vacant under renovations when the fire occurred, thus there would be no lost income due to the fire.

**SUBROGATION:**
Subrogation options are unknown at this time as the cause is not specifically known.

**SALVAGE:**
There is no economic value to the damaged building.

**OTHER INSURANCE:**
The insured advised no other insurance on the building.

**RECOMMENDATIONS:**
We recommend retaining an attorney to review the coverage as previously advised and issuing the enclosed Reservation of Rights as the investigation continues. Also based

Page 8
April 28, 2020

on the information to date you may wish to involve your SIU in this claim, if you have one.

**FUTURE ACTIVITY:**
1. Await response to our recommendations.
2. Obtain the origin and cause report.
3. Recommendation for coverage
4. Follow up Subrogation.
5. Any other activity you may request.
6. Report by May 28, 2020.

Please contact our office if you have any questions. Thank you for using Capstone ISG.

Sincerely,
***Capstone ISG***

Kevin Wilson, CPCU, AIC
Property General Adjuster
(804)744-9600 Office
(804)250-9618 Direct
(757)420-4191 Fax
kwilson@capstoneisg.com

Enclosures:
1. 2015 International Building Code
2. Building Evaluation
3. Damage Estimate
4. Photographs

CC:     bhodkin@mjkelly.com