## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) JOSHUA FIELDS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-cv-00986-G |
| | ) | |
| (1) GREAT LAKES INSURANCE SE, | ) | *Removed from the District Court of* |
| | ) | *Kay County, State of* |
| (2) MJ KELLY COMPANY, and | ) | *Oklahoma, Case No. CJ-2021-00037* |
| | ) | |
| (3) CAPSTONE ISG, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT GREAT LAKES INSURANCE SE'S MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE REGARDING CLAIM FOR PUNITIVE DAMAGES**

COMES NOW Plaintiff, Joshua Fields, and opposes Defendant Great Lakes Insurance SE's Motion in Limine No. 3. Defendant's motion reads to suggest it seeks a limine order precluding introduction of any evidence that could support a jury's finding that punitive damages are warranted in the case. However, the motion also reads to suggest Defendant seeks an order that limits the introduction of 23 O.S. § 9.1(A) evidence establishing the appropriate amount of punitive damages to the second stage of trial once a jury has concluded punitive damages should be assessed in the case. Plaintiff does not oppose this Court following the statutory construction for punitive damages outlined in 23 O.S. § 9.1 and does not intend to introduce evidence in the first stage of trial that is only relevant to establishing the amount of punitive damages that could be considered in the case.

Plaintiff objects to a limine order that essentially prohibits the jury from listening to the evidence of how Defendant dealt with Plaintiff in the handling of his claim and then answering the

question on whether not punitive damages should be assessed against the Defendant based on its conduct.  The evidence that Plaintiff will introduce to prove Defendant breached its contractual obligations and acted in bad faith is the same evidence a jury will rely on in deciding the appropriateness of punitive damages. The limitation requested by Defendant is essentially a limitation on presenting evidence to prove Plaintiff's case against Defendant.

The statutory construction for the submission of punitive damages properly serves as the limitation requested by Defendant.. As noted in Defendant's motion in limine, the trial court will first determine whether there was any competent evidence introduced to submit the question of punitive damages to the jury. *Vance v. Enogex Gas Gathering, L.L.C.*, 2017 OK CIV APP 14, ¶ 13, 393 P.3d 718, 722. If the trial court finds that evidence was introduced to support a finding for punitive damages, then the jury will not hear further evidence establishing the amount of punitive damages that could be awarded until it has found by clear and convincing evidence that the Defendant recklessly disregarded its duty to deal fairly and act in good faith with Plaintiff, or intentionally and with malice breached its duty to deal fairly and act in good faith with its insured. 23 O.S. § 9.1.

For these reasons, Plaintiff respectfully asks this Court to overrule Defendant's Motion in Limine No. 3.

Respectfully submitted,

MARTIN JEAN & JACKSON

By:    s/ Scott R. Jackson
       Scott R. Jackson, OBA#17502
       P.O. Drawer 2403
       Ponca City, Oklahoma  74602
       Attorneys for Plaintiff
       (580) 765-9967 Telephone
       sjackson@mjjlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th   day of November 2022, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants, via email:

Doerner, Saunders, Daniel & Anderson, LLP
Sara E. Potts, OBA #32104
Emily E. Allen, OBA #33456
Michael Linscott, OBA #17266
spotts@dsda.com
eallan@dsda.com
mlinscott@dsda.com
*Attorneys for Defendants*
*Great Lakes Insurance SE*


                                          s/ Scott R. Jackson
                                          Scott R. Jackson