UNITED STATED DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) JOSHUA FIELDS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-21-986-G |
| | ) | |
| (1) GREAT LAKES INSURANCE SE, | ) | *Removed from the District Court of* |
| (2) MJ KELLY COMPANY, and | ) | *Kay County, State of Oklahoma* |
| (3) CAPSTONE ISG, | ) | *Case no. CJ—2021—00037* |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT'S REPLY IN SUPPORT OF MOTION IN LIMINE NO. 2 REGARDING ACTUAL DAMAGES

In support of its Motion in Limine No. 2 (Dkt. # 50) and in response to Plaintiff's Response in Opposition to the same (Dkt. # 64), Defendant Great Lakes Insurance SE ("Defendant," or "Great Lakes") submits as follows:

A. **TO SUPPORT HIS UNDISCLOSED CLAIMS FOR LARGER ACTUAL DAMAGES, PLAINTIFF ADMITS HE SEEKS TO INTRODUCE EVIDENCE IN A MANNER THAT WOULD BE CONFUSING TO THE JURY AND PREJUDICIAL TO GREAT LAKES.**

Although he admits he did not disclose any amount of actual damages beyond his anticipated demolition costs, Dkt. # 64, at 1-2, Plaintiff nevertheless argues that he should be permitted to introduce certain evidence that allegedly demonstrates that "Defendant had already . . . . determined that the loss to Plaintiff for the fire . . . [had] exceeded the insurance policy limits . . . ." *Id.* at 1. In support of this assertion, Plaintiff attaches various documents generated during the claims process, including a "Valuation Report" and "Loss Recap" (Dkt. # 64-1) created on April 2, 2022 (2 days after the claim was first assigned to independent adjusters at Capstone ISG), as well as Capstone ISG's First Report dated April

28, 2022 (Dkt. 64-2).[1] Plaintiff further claims that the amounts stated in these documents somehow demonstrate that Great Lakes had concluded that Plaintiff "was entitled to the full benefits offered under the policy," Dkt. # 64, at 2, ostensibly implying that some kind of "stipulation" was made by Great Lakes during the claims process about the value of this loss. No such stipulation was made, and Plaintiff should not be allowed to use this evidence at trial in a manner that would imply such a stipulation was made by Great Lakes. To do so would be manifestly prejudicial to Great Lakes. *See*, Fed. R. Evid. 403.

> 1. **PLAINTIFF SHOULD NOT BE PERMITTED TO IMPLY THE AMOUNTS REFLECTED IN THE CLAIMS DOCUMENTS CONSTITUTE AN ADMISSION BY GREAT LAKES OF EITHER THE VALUE OF HIS CLAIMED LOSS OR THE VALUE OF HIS ACTUAL DAMAGES.**

Plaintiff argues that the amounts reflected in these documents somehow demonstrate that "Defendant's own investigation . . . determined [that] Plaintiff would be entitled to full policy limits and demolition expenses if coverage had been extended to his fire loss claim." Dkt. # 64, at 2. That simply isn't true. As some of the first documents created during the claims process, these documents do *not* in any way indicate that Great Lakes had made a final determination as to the value of the loss, irrespective of whether coverage existed. In fact, the documents provided by Plaintiff in his Opposition demonstrate that the amounts stated were only preliminary figures and do not amount to any acknowledgement or stipulation as to the value of the loss claim. For example, Exhibit

---

[1] Defendant acknowledges that the claims documents are likely relevant to some issues in this case. However, the Court should prohibit Plaintiff from introducing this evidence to support his calculations/claims for actual damages or in the manner he suggests, which would be manifestly prejudicial to Great Lakes and confusing to the jury. *See infra*.

2

1 to Plaintiff's Opposition (Dkt. # 64-1) is made of only excerpts of a complete document package created by Capstone ISG upon initial assignment, the full span of which is nearly 200 pages (GL-00161 – 00347). Page 4 of Plaintiff's Exhibit 1 is actually the first page of the Xactimate estimate created on April 2, 2022, which mirrors the amounts stated in "Loss Recap" page of that same Exhibit. *Compare* Ex. 1 hereto (GL-00230), *with* Dkt. # 64-1, at 3. Notably, the Xactimate estimate also expressly states that it is "a repair estimate *only*" and that the "policy may contain provisions that will reduce any payments that might be made." *See* Dkt. # 64-1, at 4 (GL-00165) (emphasis added). The Xactimate estimate further states that "[a] copy of this document does not constitute a settlement of this claim" and that "[t]he figures enclosed herein are subject to the [insurer's] approval." *Id.* Similarly, the "Valuation Report" states that the information "represents only an estimate" and that "[t]he actual reconstruction costs for this building may differ" from the estimated amounts "due to changes in economic conditions, building contractor availability, and specific building contractor attributes." Dkt. # 64-1, at 2 (GL-00163). The documents relied upon by Plaintiff actually demonstrate that Great Lakes had *not* made its final determination as to any valuation of the loss, especially in light of the existing questions on coverage. *See* Dkt. #64-1; *see also* Ex. 1 hereto.

It is clear that Plaintiff intends to use these documents at trial in order to confuse the jury regarding the use and purpose of the preliminary report figures and to imply that the amount of Plaintiff's damages is not in dispute. *See, e.g.,* Dkt. # 64, at 2 (stating that "Plaintiff has never disputed or disagreed with *Defendant's conclusions* that he was entitled to the full benefits offered under the policy.") (emphasis added); *cf. United States v. Willie,*

3

941 F.2d 1384, 1391 (10th Cir. 1991) (in light of minimal offer of proof, documents properly excluded as being "unduly confusing to the jury."). The jury would likely be "overly influenced" by the proposed misuse of these documents by Plaintiff to imply Great Lakes has made any stipulations regarding this claim whatsoever, which is clearly has not. *Tuffa v. Flight Servs. & Sys., Inc.*, 644 F. App'x 853, 855–56 (10th Cir. 2016) (unreported) (citing Fed. R. Evid. 403); *Poore v. Glanz*, 2014 WL 4286481, at *2 (N.D. Okla. Aug. 29, 2014) (evidence that would cause the jury to "likely make improper inferences" should be excluded under Rule 403). Even if relevant, this evidence should not be introduced in the manner proposed by Plaintiff, and a predicate must be laid before first presenting these documents to a jury.

     Plaintiff admits he has never before used these figures as a basis for his calculation of damages and that he has made no prior claim for any other damages other than the demolition costs associated with the building. He provides no actual explanation for his failure to disclose his new damages prior to trial but instead attempts to recast his new amounts as merely adopting "Defendant's conclusions" regarding the "accepted" value of his claim. Dkt. # 64, at 2. Great Lakes made no such conclusions, nor any stipulation or concession as to Plaintiff's actual damages. In light of his misleading proffer, the Court should significantly limit Plaintiff's use of this evidence at trial to matters unrelated to Plaintiff's claim for actual damages and grant Defendant's Motion in Limine No. 2.

                                    Respectfully submitted,

                                    /s/ Sara E. Potts, OBA No. 32104
                                  **DOERNER, SAUNDERS, DANIEL**
                                  **& ANDERSON, L.L.P.**

                                                Sara E. Potts, OBA No. 32104
                                                Emily Allan, OBA No. 33456
                                                210 Park Avenue, Suite 1200
                                                Oklahoma City, OK  73102
                                                Telephone 405.319.3507
                                                Facsimile 405.319.3537
                                                spotts@dsda.com
                                                eallan@dsda.com
                                                -and-
                                                Michael Linscott, OBA No. 17266
                                                Two West Second Street, Suite 700
                                                Tulsa, OK 74103
                                                Telephone 918.582.1211
                                                Facsimile 918.591.5361
                                                mlinscott@dsda.com

<b>CERTIFICATE OF SERVICE</b>

      This certifies that on November 17, 2022, a true and correct copy of the foregoing document was served via the Court's electronic notification system to the following counsel of record:

Scott R. Jackson
Martin Jean & Jackson
P.O. Box 2403
Ponca City, Oklahoma 74602
sjackson@mjjlawfirm.com
***Attorney for Plaintiff***


                                                */s/ Sara E. Potts*

6226506.1