## UNITED STATED DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) JOSHUA FIELDS | **)** | |
| | **)** | |
| Plaintiff, | **)** | |
| | **)** | |
| v. | **)** | Case No. CIV-21-986-G |
| | **)** | |
| (1) GREAT LAKES INSURANCE SE, | **)** | *Removed from the District Court of* |
| (2) MJ KELLY COMPANY, and | **)** | *Kay County, State of Oklahoma* |
| (3) CAPSTONE ISG, | **)** | *Case no. CJ—2021—00037* |
| | **)** | |
| Defendants. | **)** | |
| | **)** | |

## DEFENDANT'S REPLY IN SUPPORT OF MOTION IN LIMINE NO. 3 REGARDING PUNITIVE DAMAGES

In support of its Motion in Limine No. 3 (Dkt. # 51) and in response to Plaintiff's Response in Opposition to the same (Dkt. # 65), Defendant Great Lakes Insurance SE ("Defendant," or "Great Lakes") submits as follows:

Plaintiff states in his Opposition that he "does not intend to introduce evidence in the first stage of trial that is only relevant to establishing the amount of punitive damages," Dkt. # 65, at 1, but he nevertheless objects to the exclusion of evidence that would prevent the jury from "answering the question on whether or not punitive damages should be assessed against the Defendant based on its conduct." *Id.* at 1-2. However, as he acknowledges, before a jury can make a determination as to whether punitive damages should be imposed, it is first the <u>Court's</u> duty to "determine whether any competent evidence exists which would warrant submission of the question of punitive damages to the jury." *Buxton v. United of Omaha Life Ins. Co.*, 2022 WL 2959579, at *8 (W.D. Okla. July 26, 2022) (quoting *Estrada v. Port City Properties, Inc.*, 2011 OK 30, ¶ 20, 258 P.3d

495, 504). It is only "[o]nce this determination is made," *Estrada*, 258 P.3d at ¶ 20, that the jury may then go on to consider "what amount of punitive damages, if any, is warranted by the evidence." *Lierly v. Tidewater Petroleum Corp*., 2006 OK 47, ¶ 31, 139 P.3d 897, 906; *see also Willis v. Midland Risk Ins. Co*., 42 F.3d 607, 614–15 (10th Cir. 1994) ("Even where there is evidence to support the recovery of actual damages in a bad faith action against an insurer, submission of the issue of punitive damages to a jury may be improper.").

Plaintiff states that his evidence to prove his claims "will be the same evidence a jury will rely on in deciding the appropriateness of punitive damages." Dkt. # 65. If that is true, then that evidence should not be related to Defendant's financial condition, or any of the other factors outlined in 23 O.S. § 9.1 (A), which are "not relevant to the first phase of the trial." *Hellard v. Mid Century Ins. Co*., 2021 WL 5003445, at *1–2 (N.D. Okla. Feb. 18, 2021). Plaintiff also should be prohibited from "from using language about 'sending a message, making an example of [Defendant], punishing [Defendant], or inviting the jury to award damages based on punishment or deterrence when only compensatory damages are at issue in the first stage of the trial.'" *Smith v. CSAA Fire & Cas. Ins. Co*., 2020 WL 4340546, at *5 (W.D. Okla. July 28, 2020) (quoting *Godfrey v. CSAA Fire & Cas. Ins. Co*., 2020 WL 1056306, at *7 (W.D. Okla. Mar. 4, 2020)). Thus, the Court should rule that "[i]f the issue of punitive damages goes to the jury and the jury makes a finding of the reckless disregard or intent with malice, then *and only then* [is Plaintiff] permitted to put on evidence of punitive damages . . . ." *Godfrey*, 2020 WL 1056306, at * 7 (emphasis added).

As such, the Court should grant Defendant's Motion in Limine No. 3, for the reasons stated herein and in Defendant's Motion (Dkt. # 51).

Respectfully submitted,

/s/  Sara E. Potts, OBA No. 32104

**DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.**
Sara E. Potts, OBA No. 32104
Emily Allan, OBA No. 33456
210 Park Avenue, Suite 1200
Oklahoma City, OK  73102
Telephone 405.319.3507
Facsimile 405.319.3537
spotts@dsda.com
eallan@dsda.com
-and-
Michael Linscott, OBA No. 17266
Two West Second Street, Suite 700
Tulsa, OK 74103
Telephone 918.582.1211
Facsimile 918.591.5361
mlinscott@dsda.com

## CERTIFICATE OF SERVICE

This certifies that on November 17, 2022, a true and correct copy of the foregoing document was served via the Court's electronic notification system to the following counsel of record:

Scott R. Jackson
Martin Jean & Jackson
P.O. Box 2403
Ponca City, Oklahoma 74602
sjackson@mjjlawfirm.com
***Attorney for Plaintiff***

/s/ Sara E. Potts

6226052.1