UNITED STATED DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) JOSHUA FIELDS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-21-986-G |
| | ) | |
| (1) GREAT LAKES INSURANCE SE, | ) | *Removed from the District Court of* |
| (2) MJ KELLY COMPANY, and | ) | *Kay County, State of Oklahoma* |
| (3) CAPSTONE ISG, | ) | *Case no. CJ—2021—00037* |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION IN LIMINE NO. 5
REGARDING THE UNFAIR CLAIMS SETTLEMENT PRACTICES ACT**

In support of its Motion in Limine No. 5 (Dkt. # 53) and in response to Plaintiff's Response in Opposition to the same (Dkt. # 68), Defendant Great Lakes Insurance SE ("Defendant," or "Great Lakes") submits as follows:

Plaintiff should not be permitted to reference the Unfair Settlement Claims Practices Act (the "Act") whatsoever at trial. Plaintiff states that he might "reference or introduce the Act, in whole or in part . . . if evidence is introduced that Defendant had adopted the Act as its own standard for the handling of claims like [Plaintiff's claim]." Dkt. # 68, at 1. First, there is no such evidence that Defendant has done so, nor has Plaintiff made any proffer to the Court indicating that such evidence exists. *See id.* More importantly, by referencing the Act at trial, Plaintiff would be clearly attempting to supplant the recognized standards for bad faith in the minds of the jury for the requirements of the Act itself, which "would be unfairly prejudicial." *Elk City Golf & Country Club, Inc. v. Philadelphia Indem. Ins. Co.*, 2020 WL 53556, at *2 (W.D. Okla. Jan. 3, 2020) (citing Fed. R. Evid. 403).

Oklahoma law recognizes that the Act "'does not establish standards of care or standards of conduct for measuring whether an insurer has violated its duty of good faith and fair dealing,' nor does it provide a private right of action." *Elk City*, 2020 WL 53556, at *2 (quoting *Aduddell Lincoln Plaza Hotel v. Certain Underwriters at Lloyd's of London*, 2015 OK CIV APP 34, ¶ 24, 348 P.3d 216, 223). Instead, the Act "was designed to provide the Insurance Commissioner with power to regulate the insurance industry by issuing 'cease and desist' orders or by revoking or suspending an insurance company's license to do business in Oklahoma." *Aduddell*, 348 P.3d at ¶ 24. The purpose of the Act is therefore "fundamentally irrelevant" to either of Plaintiff's claims, *Stroud v. Liberty Mut. Ins. Co.*, 2016 WL 10038544, at *2 (N.D. Okla. Oct. 11, 2016), and "questions or contentions to the effect that Defendant violated the [Act] would be confusing for the jury and unfairly prejudicial." *Stewart v. Bhd. Mut. Ins. Co.*, 2018 WL 4092018, at *6 (N.D. Okla. July 10, 2018).

Oklahoma courts have further established that the Act is improper to introduce at trial for any purpose. *Aduddell*, 348 P.3d at ¶ 26 ("The Unfair Claims Settlement Practices Act may provide guidance to a trial court in determining whether to grant summary judgment, but it does <u>not</u> function as an appropriate guide for a jury to determine bad faith.")(emphasis added); *accord*, *Shotts v. GEICO Gen. Ins. Co.*, 2018 WL 4832625, at *4 (W.D. Okla. July 12, 2018) ("In light of [the decision rendered in] *Aduddell*, it appears that any evidence that Defendant's conduct allegedly violated the [Act] would be unduly prejudicial.") (citing Fed. R. Evid. 403); *see also Hellard v. Mid Century Ins. Co.*, 2021 WL 429917, at *4 (N.D. Okla. Feb. 8, 2021) ("Since *Aduddell,* federal courts . . . have

generally excluded evidence regarding [the Act].") (citing cases). At bottom, Plaintiff's reasoning for why he should be allowed to introduce or reference the Act in any way is contrary to extant law, and Defendant's Motion in Limine No. 5 (Dkt. # 53) should be granted.

Respectfully submitted,

/s/  Sara E. Potts, OBA No. 32104
**DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.**
Sara E. Potts, OBA No. 32104
Emily Allan, OBA No. 33456
210 Park Avenue, Suite 1200
Oklahoma City, OK  73102
Telephone 405.319.3507
Facsimile 405.319.3537
spotts@dsda.com
eallan@dsda.com
-and-
Michael Linscott, OBA No. 17266
Two West Second Street, Suite 700
Tulsa, OK 74103
Telephone 918.582.1211
Facsimile 918.591.5361
mlinscott@dsda.com

## CERTIFICATE OF SERVICE

This certifies that on November 17, 2022, a true and correct copy of the foregoing document was served via the Court's electronic notification system to the following counsel of record:

Scott R. Jackson
Martin Jean & Jackson
P.O. Box 2403
Ponca City, Oklahoma 74602
sjackson@mjjlawfirm.com
***Attorney for Plaintiff***

*/s/ Sara E. Potts*

6226510.1